UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UMAR ALLI,                                                    :

                        Plaintiff,                     :

                  -against-                      :        **MEMORANDUM AND ORDER**

CAPTAIN STEWARD-BOWDEN (1225),       :        11 Civ. 4952 (PKC) (KNF)
OFFICER VICTOR (14410), OFFICER ALCEUS
(18380), OFFICER DIXON (17963), OFFICER   :
ARKHURST (18507), HEALTH CARE
PROVIDER, PRISON HEALTH SERVICES,    :
KATHLEEN MUNLEY,

                                   :

                    Defendants.
--------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Umar Alli, acting pro se, served the complaint on the individually named defendants on

February 1, 2012.  On March 6, 2012, a city of New York assistant corporation counsel, assigned

to represent Kathleen Munley, sent a letter to the Court, stating:

> Without appearing on their behalf or making any representations as to the adequacy
> of service of process, this office respectfully requests that Your Honor *sua sponte*
> grant individually named defendants Captain L. Steward-Bowden, Officer Victor,
> Officer Alceus, and Officer Arkhurst an enlargement of time until March 23, 2012,
> to respond to the complaint.

On March 15, 2012, the Court denied the request, stating:

> Inasmuch as [the assistant corporation counsel] does not represent Captain L.
> Steward-Bowden, Officer Victor, Officer Alceus or Officer Arkhurst–and may never
> do so–the instant application is improper.  Should [the assistant corporation counsel]
> determine to represent these individuals he will be free to make any application on
> their behalf he believes is reasonable and appropriate.

On March 21, 2012, "Lisa Steward-Bowden, Lydon Victor, Anderson Alceus, Terrence Dixon,

1

Sandy Arkhurst, and Kathleen Mulvey" served and filed their answer.

On or about April 19, 2012, the plaintiff attempted to file a motion for judgment by default. On April 30, 2012, the Pro Se Office returned the plaintiff's motion to him stating, <u>inter alia</u>:

> The motion papers received by the *Pro Se* Office were forwarded to Judge Fox for consideration pursuant to Rule 5(d)(2)(B), (4) of the Federal Rules of Civil Procedure. Judge Fox has directed this Office to return the motions to you because there is no basis at this time for an entry of default against Defendants. A review of the Court's docket indicates that Defendants filed an Answer to your complaint on March 21, 2012. See docket entry # 21 on the enclosed docket sheet.

On May 17, 2012, the plaintiff filed a "Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Default Judgment." In that motion, the plaintiff asks the Court to "reconsider its decision in the dated April 30th 2012 letter denying Plaintiff's request for default judgment" because the individually named defendants' "untimely answer to [the] complaint did not cure default," and no finding of good cause for setting aside default is warranted.

The April 30, 2012 letter sent to the plaintiff by the Pro Se Office states erroneously that "Judge Fox has directed this Office to return the motions to you because there is no basis at this time for an entry of default against Defendants." Since the defendants were served with the summons and complaint on February 1, 2012, their answer was due to be served on February 22, 2012. <u>See</u> Fed. R. Civ. P. 12(a)(1)(A). The defendants failed to serve their answer within the time prescribed by Rule 12(a)(1)(A), and they did not seek an enlargement of time to answer either prior to or after the expiration of their time to answer, which was February 22, 2012. <u>See</u> Fed. R. Civ. P. 6(a)(1). The defendants were in default when they failed to serve the answer timely, as required by Rule 12(a)(1)(A)(i).

The plaintiff's motion for reconsideration includes, as an exhibit, his motion for

judgment by default, which was returned to him by the Pro Se Office on April 30, 2012, as well

as his arguments concerning: (i) the defendants' failure to answer timely; and (ii) the lack of

good cause to set aside the default, pursuant to Rule 55(c) of the Federal Rules of Civil

Procedure.  Since the Court did not deny the plaintiff's motion for judgment by default, no basis

exists for the plaintiff's reconsideration motion.  The Court interprets the plaintiff's motion for

reconsideration liberally, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), and deems it a

motion to strike the defendants' answer and for judgment by default.  Therefore, (1) on or before

June 25, 2012, the defendants shall serve and file their response to the motion; and (2) on or

before July 9, 2012, the plaintiff may serve and file any reply.

Dated:  New York, New York          SO ORDERED:
        June 11, 2012

Copy mailed to:                      _Kevin Nathaniel Fox_
                                     KEVIN NATHANIEL FOX
Umar Alli                            UNITED STATES MAGISTRATE JUDGE