```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UMAR ALLI,                                                  :

                          Plaintiff,                        :

                -against-                                   : REPORT AND RECOMMENDATION

CAPTAIN STEWARD-BOWDEN (1225),                              :   11 Civ. 4952 (PKC) (KNF)
OFFICER VICTOR (14410), OFFICER ALCEUS
(18380), OFFICER DIXON (17963), OFFICER                     :
ARKHURST (18507), HEALTH CARE
PROVIDER, PRISON HEALTH SERVICES,                           :
KATHLEEN MULVEY,
                                                            :
                          Defendants.
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE

## PROCEDURAL BACKGROUND

Umar Alli ("Alli"), acting pro se, served the summons and complaint on the individually named defendants (collectively "the defendants") as follows: (a) Captain Steward-Bowden ("Steward-Bowden"), Officer Victor, Officer Alceus, Officer Arkhurst and Kathleen Mulvey ("Mulvey"), on February 1, 2012, with the return date for an answer February 22, 2012; and (b) Officer Dixon, on February 2, 2012, with a return date for an answer February 23, 2012. On March 6, 2012, an assistant corporation counsel, contending he represented Mulvey and "[w]ithout appearing" on behalf of Steward-Bowden, Officer Victor, Officer Alceus and Officer Arkhurst, or obtaining the plaintiff's consent, requested that the Court grant, sua sponte, "a thirty-day enlargement of time to respond" as "necessary while this office resolves the representational issues with defendants in accordance with our obligation under" New York

1

General Municipal Law § 50-k, governing civil actions against employees of the City of New York.  The Court denied the request as improper, since counsel did not represent Steward-Bowden, Officer Victor, Officer Alceus and Officer Arkhurst.  The defendants answered, on March 21, 2012.  Before the Court is Alli's motion to strike the defendants' answer, as untimely, and for judgment by default.  The defendants oppose the motion.

## PLAINTIFF'S CONTENTIONS

Alli contends that the defendants failed to respond to his complaint within twenty-one days after being served with the summons and complaint, as required by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  According to Alli, the defendants' counsel "waited until 14 days later on March 6, 2012 and attempted to use a common practice used by subordinate counsel and defendants alleging there were representational issues, for defendants in said action."  Alli contends that despite counsel's allegation, on March 6, 2012, that he represented Mulvey, Mulvey failed to answer or otherwise respond to the complaint.  Moreover, he contends, "[d]espite the defendants' application being denied, defendants still took a thirty-day enlargement responding to the complaint twenty-seven (27) days late."  Alli maintains that the defendants' answer "was late and untimely" and should be stricken because the defendants "willfully, knowingly, and intentionally" violated the Federal Rules of Civil Procedure.  Alli contends that he "filed a default judgment motion on or about March 12, 2012 and mailed said motion directly to chambers of the [Court].  Approx[imately] two weeks later Plaintiff's motion was returned without any indication of why it was returned without being decided, approved or denied."  Alli maintains that, subsequently, he "filed his default judgment motion on April 19 2012," and his "default judgment motion was mailed to both the Pro Se Office and the [Court]."  He contends that the defendants' conduct is inexcusable and their untimely answer did not cure

their default, because the failure to file the answer timely was willful.

## DEFENDANTS' CONTENTIONS

The defendants contend that Alli "failed to obtain an entry of default from the Clerk of Court" and cannot do so after the defendants filed their answer. According to the defendants, "even if *pro se* plaintiff's original April 19, 2012 motion for default judgment is construed to be an application to the Clerk for entry of default, still this application was filed over three weeks *after* defendants had answered the complaint, and, therefore, entry of default is inappropriate since, at the time of filing, defendants had not 'failed to plead or otherwise defend this action.'" Furthermore, the defendants maintain, no basis exists to strike their answer because the answer "denies plaintiff's allegations and sets forth a variety of meritorious affirmative defenses." The defendants argue that their delay in answering was: (1) "not 'egregious or willful'"; (2) "necessitated by the representational investigation required of this office by New York State law[; and (3)] prefaced by a request that the Court *sua sponte* enlarge defendants time to answer during the pendency of this investigation." Insofar as Mulvey was represented on March 6, 2012, "the failure to request an enlargement of time for her to answer, and the subsequent delay in her filing of an answer, was . . . an oversight by this office" and it "does not constitute the willful conduct required to justify entry of a default." Additionally, the plaintiff has not been substantially prejudiced by the delay in the defendants' response to the complaint, because he does not "claim to have been prejudiced by the delay . . . nor does he allege a loss of evidence, difficulties with discovery, or greater opportunities for fraud or collusion." According to the defendants, notwithstanding the timing of their answer, the "plaintiff received relevant discovery materials as early as February 21, 2012, well before filing of his motion for a default judgment."

**LEGAL STANDARD**

"Strong public policy favors resolving disputes on the merits." American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). "[T]he entry of a judgment by default [is a] drastic remed[y], and should be applied only in extreme circumstances." Independent Prods. Corp. v. Loew's Inc., 283 F.2d 730, 733 (2d Cir. 1960). "Rule 55 [of the Federal Rules of Civil Procedure] provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011)(citing New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A party applying for a certificate of default by the Clerk pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." Local Civil Rule 55.1. Where the clerk has entered a party's default, and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation, . . . the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "[A] district court's discretion in proceeding under Rule 55 [is] 'circumscribed.'" Mickalis Pawn Shop, LLC, 645 F.3d at 129.

**APPLICATION OF LEGAL STANDARD**

Here, Alli failed to complete the first step in the process, which is to obtain the entry of a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because the docket sheet, maintained by the Clerk of Court for this action, does not reflect that a default was entered, and

4

no signed certificate of default by the Clerk of Court was submitted by Alli on his motion, as contemplated by Local Civil Rule 55.1. Absent evidence that the defendants' default has been entered, Alli cannot obtain a judgment by default. See Mickalis Pawn Shop, LLC, 645 F.3d at 128.

Although Alli contends that he filed his default judgment motion on or about March 12, 2012, as well as mailed it directly to the Court's chambers, and that "[a]pproximately two weeks later plaintiff's motion was returned by [the Court] . . . without any indication of why it was returned," he provides no corroborating evidence to support these contentions. The docket sheet for this action does not reflect that any motion was received or filed by Alli in March 2012. Alli's motion for judgment by default, received by the Court on April 19, 2012, was returned to him by the Pro Se Office of this court on April 30, 2012, and he was permitted to file it subsequently. See Docket Entry No. 36. Given that Alli did not obtain the Clerk of Court's certificate noting a default and no default was entered by the Clerk of Court prior to the filing of this motion, as required by Rule 55(a) of the Federal Rules of Civil procedure, no basis exists for granting Alli's motion for judgment by default.

Notwithstanding that some courts in this circuit consider "[t]he filing of a late answer . . . analogous to a motion to vacate a default," John v. Sotheby's, Inc. 141 F.R.D. 29, 35 (S.D.N.Y. 1992), that practice is not appropriate in the circumstance of this action because no default was entered and the answer was filed prior to the instant motion. The Court, however, does not condone the defendants' filing their answer late. The obligation of counsel to the defendants, under New York, as it relates to civil actions against employees of the city of New York, does not excuse the defendants' failure to discharge their respective obligations to serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P.

12(b)(1)(A)(i). However, given the public policy favoring the resolution of disputes on the merits, and that judgment by default is a drastic remedy to be applied only in extreme circumstances, granting Alli's motion to strike the defendants' answer and for judgment by default is not warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that the plaintiff's motion to strike the defendants' answer, as untimely, and for a judgment by default, Docket Entry No. 32, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Castel. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       August 24, 2012

Copy mailed to:

Umar Alli

Respectfully submitted,

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE