USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-25-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UMAR ALLI,

                        Plaintiff,         11 Civ. 4952 (PKC) (KNF)

-against-

                                          ORDER ADOPTING REPORT
                                          AND RECOMMENDATION

CAPTAIN STEWARD-BOWDEN (1125), et
al.,

                        Defendants.
-----------------------------------------------------------x
CASTEL, District Judge:

        Plaintiff Umar Alli, who is pro se, has moved to strike the defendants' answer as untimely, and moves for entry of judgment by default. (Docket # 26, 32.) Magistrate Judge Kevin Nathaniel Fox, to whom this case is assigned for general pretrial purposes as well as for dispositive motions (Docket # 7, 34), issued a Report and Recommendation (the "R&R") on August 24, 2012, in which he recommended that the default motion be denied. (Docket # 53.) Plaintiff thereafter filed objections with the undersigned. (Docket # 60.)

        This Court has reviewed the R&R de novo. For the foregoing reasons, the Court concludes that the R&R is well reasoned, and well grounded in fact and law. The R&R is adopted in its entirety and the motion is denied.

        It is undisputed that the Answer was not timely filed. Defendants were served with plaintiff's Complaint on February 1, 2012. (Docket # 13-17.) A defendant has 21 days from service to answer a complaint or move to dismiss. Rule 12(a), Fed. R. Civ. P. In a letter to Magistrate Judge Fox dated March 6, 2012, defense counsel requested leave to respond no later than March 23, noting that any response was already past due but citing unspecified "representational issues" within the Law Department as a

basis for the request. (Docket # 19.) Magistrate Judge Fox denied the application. (Docket # 19.) Defendants filed the Answer on March 21. (Docket # 21.) Although plaintiff contends that he previously made an unsuccessful attempt to move for default, the docket reflects that he first submitted a default motion on or around April 19. (Docket # 26.)

The R&R sets forth two principal reasons as to why the motion should be denied. First, plaintiff failed to submit a signed certificate of default from the Clerk of Court, as required by Rule 55(a), Fed. R. Civ. P. (R&R at 4-5.) The R&R correctly notes that without a certificate of default, "no basis exists for granting Alli's motion for judgment by default." (R&R at 5.) In addition, the R&R notes that while the defendants failed to satisfy their obligations to serve an answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(b)(1)(A)(i), they did, in fact, ultimately answer plaintiff's complaint. (R&R at 5-6.) The R&R correctly noted "the public policy favoring the resolution of disputes on the merits," and that judgment by default "is a drastic remedy to be applied only in extreme circumstances." (R&R at 5-6.)

Plaintiff's objections do not set forth a basis to grant the default motion. Plaintiff maintains that he first moved for entry of default judgment on March 21, 2012, which attached a certificate of default, and that he mailed the relevant papers to Magistrate Judge Fox. (Objections at 1-2.) He maintains that his submissions were returned to him in the U.S. mail, unopened and without explanation. (Objections at 2.) Plaintiff maintains that a second, subsequent motion was similarly returned in mid-April. (Objections at 2.) A docket entry of April 20, 2012 indicates that the District's Pro Se Office received a default motion from the plaintiff, which it then forwarded to Magistrate Judge Fox with the recommendation that the motion was deficient because it did not

annex an affidavit of service and because the defendants already had filed their answer. (Docket # 26.) No action was taken on the Pro Se Office memo. (Docket # 26.) The objections recount that in a subsequent conference, Magistrate Judge Fox invited plaintiff to file another motion if he believed that the Pro Se Office was in error. (Objections at 3.) Plaintiff thereafter filed the present motion, which is captioned as a motion for reconsideration. (Docket # 32.)

For the purposes of this motion, I assume the truth of the representations made in plaintiff's objections. It is nevertheless the case that no certificate of default has been filed with this Court. Standing alone, this is an adequate basis to deny the motion.

Separately and independently, assuming arguendo that plaintiff had submitted a certificate of default and that the plaintiff complied with all requirements, it remains the case that the defendants have answered his complaint. Plaintiff has not plausibly set forth any prejudice that he has suffered as a consequence of this one-month delay. He makes the conclusory assertion that the delay has facilitated "opportunities for fraud and collusion" and has prolonged discovery. (Objections at 5.) Such assertions fail to establish prejudice and do not warrant entry of a default judgment. "[D]efault judgment is a drastic remedy, a weapon of last, rather than first, resort." Maggette v. Dalsheim, 709 F.2d 800, 803 (2d Cir. 1983); see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (10-day delay in responding to amended complaint was insufficient basis to enter default judgment).

While defense counsel's delay may have caused frustration, and was properly and expressly admonished by Magistrate Judge Fox in the R&R, it is not a basis to enter judgment by default.

CONCLUSION

For the foregoing reasons, this Court adopts the Report and Recommendation in its entirety. (Docket # 53.)

The Clerk is directed to terminate the motion, which is captioned as a motion for reconsideration. (Docket # 32.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 25, 2012