IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI,

        Plaintiff,

v.                                    11 Civ. 4952 (PKC) (KNF)
                                      ECF Case

CAPTAIN LISA STEWARD-BOWDEN ET AL.

        Defendants.

**<ins>PLAINTIFF UMAR ALLI'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONSOLIDATE CIVIL ACTION
NOS. 11-CIV-4952 AND 11-CIV-7665</ins>**

Bianca M. Forde
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-4733
Facsimile: (212) 294-4700
Email: bforde@winston.com

*Attorney for Plaintiff, Umar Alli*

# **TABLE OF CONTENTS**

Page

Table Of Authorities ................................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ....................................................................................................................... 3

      A.   '4952 ............................................................................................................................. 3

      B.   '7665 ............................................................................................................................. 4

ARGUMENT ............................................................................................................................. 4

I.   CONSOLIDATION IS APPROPRIATE TO CONSERVE THE RESOURCES OF THIS COURT AND THE PARTIES ............................................................................... 4

      A.   Separate Adjudications Will Waste Time, Resources & Risk Inconsistent Judgments On Identical Questions Of Fact And Law ................................................... 6

      B.   The Benefits Of Consolidation Far Outweigh The Minimal, If Any, Risk Of Prejudice Or Confusion ................................................................................................ 8

CONCLUSION .......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Davis v. Buffalo Pyschiatric Ctr.*,
 No. Civ-81-458E, 1988 WL 47355 (W.D.N.Y. May 10, 1988) ................................. 5, 6, 7, 8

*De Figueiredo v. Trans World Airlines, Inc.*,
 55 F.R.D 44 (S.D.N.Y. 1971) ................................................................................................ 8

*Devlin v. Transp. Commc'n Inter'l Union*,
 175 F. 3d 121 (2d Cir. 1999) .............................................................................................. 4, 5

*Hendrix v. Raybesetos-Manhattan, Inc.*,
 776 F.2d 1492 (11th Cir. 1985) ............................................................................................ 9

*Hill v. Potter*,
 No. 06 C 3105, 2012 WL 163814 (N.D. Ill. Jan. 19, 2012) ................................................. 9

*Internet Law Library, Inc. v. Southridge Capital Mgmt.*,
 208 F.R.D. 59 (S.D.N.Y. 2002) ............................................................................................ 5

*Jacobs v. Castillo*,
 612 F. Supp. 2d 369 (S.D.N.Y. 2009) .................................................................................. 5

*Johnson v. Celotex Corp.*,
 899 F. 2d 1281 (2d Cir. 1990) ......................................................................................... 4,5, 8

*Kaplan v. Gelfond*,
 240 F.R.D 88 (S.D.N.Y. 2007) ............................................................................................. 8

*Liegey v. Ellen Figg, Inc.*,
 No. 02 Civ. 1492 (DC), 2003 WL 21688242 (S.D.N.Y. July 18, 2003) .............................. 8

*Lynch v. DeMarco*,
 No. 11-cv-2602 (JS) (GRB), 2013 WL 152649 (E.D.N.Y. Jan. 14, 2013) ........................... 5

*Safran v. Sheriff of Nassau County*,
 Nos. 12-cv-599 JFB, 12-cv-3296 JFB, 2012 WL 3027924 (E.D.N.Y. July 20, 2012) ...... 4, 5

**STATUTES AND RULES**

Fed. R. Civ. P. 42(a) ..................................................................................................................... 5

**PRELIMINARY STATEMENT**

On June 23, 2011, Plaintiff filed Civil Action No. 11-cv-4952 ("'4952" or "Action I"). This action challenges a course of conduct carried out and/or sanctioned by various Department of Corrections ("DOC") officers, supervisors and high-ranking officials. The conduct challenged herein ran afoul of Plaintiff's rights under the First, Eighth and Fourteenth Amendments to the United States Constitution, the laws of the state of New York, and DOC policies and directives. (Action I, DE-2)  The Complaint alleges that on May 5, 2011, Captain Lisa Steward-Bowden and Correctional Officers ("COs") Lydon Victor, Sandy Arkhurst, Anderson Alceus, and Terrence Dixon ("Assaulting Officers") entered Plaintiff's cell without any legitimate penological objective, brutally assaulted and battered Mr. Alli, causing him severe physical and emotional harm that he continues to suffer to this day. The Assaulting Officers thereafter escorted Plaintiff to the jail's mini-clinic where they were able to resume the brutal attack outside the range of the jail's cameras.[1]  Then, to conceal their conduct, Defendants infracted Plaintiff for a number of outrageous disciplinary offenses, for which a hearing was held on May 13, 2011 (the "Hearing").  The action challenges a number of due process violations in connection with the Hearing as well as the conditions of Plaintiff's post-Hearing confinement, including Defendants' deliberate indifference to Plaintiff's medical needs.

On October 27, 2011, Plaintiff filed Civil Action No, 11-cv-7665 ("7665" or "Action II") challenging the same disciplinary Hearing, Plaintiff's resulting confinement and the conditions of this confinement on Eighth and Fourteenth Amendment grounds.  Notably, *all* of the conduct at issue in Action II is also at issue in Action I.  In particular, both Actions allege

---

[1] The May 5, 2011 assault in Plaintiff's cell and the mini-clinic are hereafter referred to as "the Incident."

that Captain Joseph Caputo's administration of the Hearing,[2] specifically Caputo's failure to call witnesses with knowledge of the Incident and refusal to appropriately investigate Plaintiff's excessive force allegations, constituted a denial of due process. (Action I, DE 74 ¶¶ 147-48, Action II, DE 2, generally)  In addition, both Actions challenge the conditions of Plaintiff's disciplinary confinement on First and Eighth Amendment Grounds.  (Action I, DE ¶¶ 106-42, Action II, DE 2 at 15-18)

When read together, it is undeniable that the '7665 allegations are duplicative and an extension of the '4952 Complaint.  The '4952 Complaint begins with the May 5, 2011 assault, encompasses the due process claims arising from the Hearing and the related investigation, and challenges the conditions of Plaintiff's post-Hearing confinement on constitutional grounds.  The '7665 Action similarly challenges Defendants' investigation of the Incident, the due process (or lack thereof) afforded at the Hearing and the conditions of Plaintiff's post-Hearing confinement.  Both Complaints involve a series of events occurring over substantially the same time period, specifically May 2011 throughout Plaintiff's disciplinary confinement.

In light of the overlapping timeframe, parties, and factual and legal questions, it makes little sense to allow these actions to proceed separately. While the claims and parties are not completely identical, it is clear that both Actions will rely largely on the same evidence and involve the same witnesses.  Separate actions will result in duplicative efforts that will squander the time and resources of this Court, the parties, and the many witnesses who will be forced to appear *at least* twice in both Actions *e.g.* deposition and trial.  Although '7665 was filed four months after '4952, the cases have progressed largely in tandem.  The vast majority of discovery taken in both Actions is relevant to the other, and Defendants are represented by the same

---

[2] Joseph Caputo is named as a Defendant in both Actions.

counsel in Actions I and II. On these facts, consolidation will conserve resources, avoid inconsistent judgments on identical legal and factual questions, and otherwise make imminent good sense.

## BACKGROUND

A. '4952

Plaintiff commenced this suit on June 23, 2011. The original complaint names Captain Lisa Steward Bowden, and COs Lydon Victor, Sandy Arkhurst, Anderson Alceus, and Terrence Dixon, as well as Kathleen Mulvey, former Warden of the George R. Vierno Center (GRVC), Rikers Island, and Prisoner Health Care Services/Health Care Provider. Plaintiff amended the original Complaint on October 18, 2012 (Action I, DE 74) ("FAC"). The FAC added facts in further support of Plaintiff's claims as well as additional defendants who participated in or otherwise caused the constitutional violations Plaintiff suffered.[3] Significantly, an entire section of the FAC is devoted to the Hearing and Defendant Caputo's willing and intentional failure to properly investigate the Incident by, amongst other things, failing to interview witnesses with knowledge of the Incident. (Action I, DE 74 ¶ 143-48) While documents have been exchanged, to date there have been no depositions in connection with this action.

---

[3] Named Defendants in this action are Captain Lisa Steward-Bowden (#1225); Security Captain B. Beharri (#1603); Adjudication Captain Joseph Caputo (481); Warden Kathleen Mulvey; Warden Rose Argo; "John Doe" Supervising Warden; "John Doe" Deputy Warden of Security of G.R.V.C.; Commissioner of the New York City Department of Corrections Dora Schriro; "John Doe" Department of Corrections Chief of Department; Department of Corrections Deputy Commissioner "John Doe"; Chair of the Broad of Corrections Hildy J. Simmons; Vice-Chair of the Board of Corrections; Executive Director of the Board of Corrections Richard. T. Wolf; Deputy Executive of the Board of Corrections Cathy Potter; Director of Field Operations of the Board of Corrections; Officer Terrance Dixon (#17963); Officer Lydon Victor (#14410); Officer Anderson Alceus (#18380); Officer Sandy Arkhurst (#18507); Officer Phillips (#18518); Officer Velez (#11352); Officer Rohr (#18104); Captain Dunbar (#717); Officer B. Bunton; Correctional Health Services City of New York.

3

B. '7665

Plaintiff filed the '7665 Action on October 27, 2011. The case has been assigned to Hon. Barbara Jones and Magistrate Judge Michael Dolinger. Attorney Patrick Beath appeared in this action on February 23, 2012 (Action II, DE 18) and, to date, Plaintiff is *pro se*. On May 16, 2012, Plaintiff amended the Complaint to assert essential claims and defendants including CO Johanna Banks (who participated in the investigation of the Incident) and a "John Doe," identified as a Deputy Warden. Plaintiff also sought to substitute Warden Rose Agro for Kathleen Mulvey, and to add parallel claims arising under state law. (Action II, DE 35) On October 12, 2012, the Court granted the motion as to Banks and the state law claims but denied the other requested amendments. (Action II, DE 74)  Accordingly, this case is now pending against the City of New York, Joseph Caputo, both of whom are named-Defendants in '4952, and Johanna Banks.

While Plaintiff has been deposed twice in this action--once solely in relation to the Incident-- no Defendants have been deposed to date. Upon information and belief, two third-parties have been deposed in this case, both of whom are current or former GRVC inmates with knowledge of the Incident. Further, defense counsel has requested that the time for discovery be enlarged or stayed in this action at least twice. (Action II, DE 39 & DE 53).

**ARGUMENT**

**I.    CONSOLIDATION IS APPROPRIATE TO CONSERVE THE RESOURCES OF THIS COURT AND THE PARTIES.**

Federal Rule of Civil Procedure 42(a) permits consolidation of actions that "involve common question[s] of law or fact." *Johnson v. Celotex Corp.*, 899 F. 2d 1281, 1284 (2d Cir. 1990). Consolidation is "a valuable and important tool of judicial administration" that

should be "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'n Inter'l Union*, 175 F. 3d 121, 130 (2d Cir. 1999); *see Safran v. Sheriff of Nassau Cty.*, Nos. 12-cv-599 JFB, 12-cv-3296 JFB, 2012 WL 3027924, at *1 (E.D.N.Y. July 20, 2012) (noting the efficiencies achieved by consolidating cases arising from the same incident); *Davis v. Buffalo Psychiatric Ctr.*, No. Civ-81-458E, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988).

Prior to ordering consolidation, a district court must "balance[] the interest of judicial convenience against any delay [or] prejudice" that might result. *Internet Law Library, Inc. v. Southridge Capital Mgmt.*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *see also Devlin*, 175 F.3d at 121. Relevant factors include the existence of overlapping factual and legal issues, *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009), whether consolidation will avoid duplication of effort and wasted resources, *Safran*, 2012 WL 3027924, at *1, and the risk of inconsistent judgments on identical issues of fact or law. *Johnson*, 899 F.2d at 1284. Courts must then assess whether the efficiencies achieved by consolidation outweigh potential prejudice to the parties or confusion of the issues, *Lynch v. DeMarco*, No. 11-cv-2602 (JS) (GRB), 2013 WL 152649, at *1 (E.D.N.Y. Jan. 14, 2013), recognizing that there are mechanisms for minimizing such risks, such as "cautionary instructions to the jury." *Johnson*, 899 F. 2d 1285.

Here, as demonstrated by *Davis*, these factors favor consolidation. In *Davis*, plaintiff moved to consolidate two lawsuits against different—but related—defendants, alleging discriminatory conduct and due process violations, respectively. The first action alleged race and gender discrimination against plaintiff's employer on grounds that plaintiff was twice denied a promotion for which he qualified. The second action, filed against the entities designated to handle employee grievances, challenged the manner in which plaintiff's grievances against the

5

employer were adjudicated. *Davis*, 1988 WL 47355, at *1. In granting consolidation, the court determined there was "no question . . . that the two actions . . ar[o]se from the same set of operative facts" and that "[c]onsiderable time, effort and expense would be saved by consolida[tion]." *Id.*, at *1, *2. The *Davis* court found consolidation appropriate notwithstanding that the two cases were in "different stages of pretrial discovery" and involved somewhat different claims. *Id.*, at *2. Given the marked similarities between *Davis* and the request for consolidation at issue here, the same analysis ought to apply.

To be sure, Action I challenges the malicious attack Plaintiff experienced on May 5, 2011, the flagrant due process violations leading up to and occurring during the Hearing, and the conditions of Plaintiff's confinement throughout the relevant period. These due process violations and the resulting disciplinary confinement are the gestalt of Action II. The degree to which the Actions are intertwined is best illustrated by defense counsel's scheduling of a *second* deposition in '7665 solely to inquire into the events of May 5, 2011,[4] and the duplicative documents and discovery demands exchanged in both Actions. To give but a few examples, the May 10, 2011 Infraction, the post-Incident DOC Interview of Mr. Alli and the Use of Force Reports exchanged in Action I will no doubt be equally as relevant in Action II. The replication of effort that will result should these actions proceed separately cannot be overstated.

    A. <u>Separate Adjudications Will Waste Time, Resources & Risk Inconsistent Judgments on Identical Questions of Fact and Law</u>

Both Actions involve overlapping questions of law and fact, for instance: (i) did the Assaulting Officers use excessive force against Plaintiff in his cell on May 5, 2011; (ii) did

---

[4] Plaintiff was deposed on September 13, 2012 in Action II. On September 17, 2012, Mr. Beath wrote to this Court requesting leave to depose Plaintiff a second time because Plaintiff had "objected to---and refused to answer---any questions pertaining to the May 5, 2011 incident" (Action II, DE 75 at 1). This Court granted Defendants' request. *Id.*

Defendants use excessive force against Plaintiff in the GRVC mini-clinic on May 5, 2011; (iii) did Defendants have a legitimate penological interest when entering Plaintiff's cell on May 5, 2011; (iv) did Defendant-Caputo conduct an adequate investigation into the circumstances surrounding the Incident; (v) did the living conditions Plaintiff endured after the Hearing violate Plaintiff's constitutional rights; (vi) were the Assaulting Officers motivated by a desire to retaliate against Plaintiff in connection with previous complaints Plaintiff made against DOC officials; (vii) did the conditions of Plaintiff's post-Hearing confinement constitute further acts of retaliation; (viii) how many officers customarily approach an inmate's cell for purposes of serving an infraction; (ix) did Plaintiff grab Steward-Bowden's hand through the cuffing slot; and (x) was the Incident pre-mediated.  These and myriad other factual and legal questions will need to be investigated and resolved in both Actions, posing a substantial risk of inconsistent adjudications on identical legal and factual issues--a risk that consolidation will prevent.

Further, fact-finders in both disputes will be required to assess the credibility of the same witnesses. *See, e.g., Davis*, 1988 WL 473555, at *2 (ordering consolidation, in part, because "the witnesses would be for the main part identical"). For instance, the City of New York and Captain Joseph Caputo have been named in both actions.  While Officer Banks is currently named as a Defendant in '7665 only, she has been identified by Defendants in '4952 as a person having knowledge of the Incident, (*see* Action I, DE 47-2 at 3), and will thus be required to appear at least twice in both Actions.  Further, the testimony of each Assaulting Officer named in '4952 will be relevant in '7665 for purposes of determining the fairness of the Hearing and the impact of Defendant-Caputo's deficient investigation.  What is more, the pleadings, documents attached thereto and discovery exchanged thus far illustrate that the evidence at issue in both Actions will be largely the same.  On these facts, proceeding separately

7

imposes burdens that far outweigh any *purported* prejudice consolidation might hypothetically impose.

### B. The Benefits of Consolidation Far Outweigh the Minimal, If Any, Risk of Prejudice or Confusion.

In any event, it is difficult to imagine any prejudice that could result from consolidating these Actions, given that Defendants are represented by the same counsel in both proceedings, *Liegey*, 2003 WL 21688242 at *1, and no defendants have been deposed in either action. That the two actions might be in different stages of pre-trial discovery does not defeat consolidation. *Id.* (allowing consolidation although discovery was closed in one action and summary judgment motions were being briefed because "[t]he two cases c[ould] be put on the same track with little difficulty"). Indeed, the instant case presents a stronger case for consolidation than *Liegey* as both litigations are presently in the discovery phase. Nor do differences in causes of action or defendants make consolidation inappropriate. *Kaplan v. Gelfond*, 240 F.R.D 88, 91 (S.D.N.Y. 2007); *Davis*, 1988 WL 47355, at *2 ("[t]his Court is aware that Action 2 involves claims under 42 U.S.C. §§ 1981 and 1983 as well as Title VII, whereas Action I involves only a Title VII claim and that there are different standards to be applied. . . .[t]his Court, however believes that this aspect of the two actions can be controlled.").

The "operative facts relating to plaintiff's claim[s]" in both Actions "are so interlaced and inseparable that they present a single ultimate issue"-- did Defendants, by their conduct beginning on May 5, 2011 throughout Plaintiff's post-Hearing confinement violate Plaintiff's First, Eighth and Fourteenth Amendment rights. *See, e.g. De Figueiredo v. Trans World Airlines, Inc.*, 55 F.R.D 44, 46 (S.D.N.Y. 1971). On these facts, any potential prejudicial effect of consolidation is "overborne by the risk of inconsistent adjudications" as well as the "burden on parties, witnesses, and available judicial resources posed by multiple lawsuits[.]"

*Johnson,* 899 F.2d at 1285 (quoting *Hendrix v. Raybesetos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)).

*       *       *

Significantly, it is Plaintiff who would be severely prejudiced should consolidation be denied. To the extent issues in '7665 progress more rapidly than identical issues in '4952, '7665 rulings may have preclusive effect in these proceedings, *see, e.g. Hill v. Potter*, No. 06 C 3105, 2012 WL 163814, at *2 (N.D. Ill. Jan. 19, 2012), an inequitable result given that Plaintiff is not represented in '7665.[5]

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court consolidate '4952 and '7665.

Dated: March 11, 2013  
      New York New York

Respectfully submitted,

/s/ Bianca M. Forde  
Bianca M. Forde  
WINSTON & STRAWN LLP  
200 Park Avenue  
New York, New York 10166-4193  
(212) 294-4733  
bforde@ winston.com

Counsel for Plaintiff  
*Umar Alli*

---

[5] Consolidation of matters initiated by *pro se* plaintiffs are par for the course once counsel appears on plaintiff's behalf. *See id.* n.2 ("The Court notes that while Hill was originally acting *pro se* in both suits, she has [since] appointed counsel . . . who would have been able to . . . move to consolidate the actions . . .[given] both sets of lawyers were aware of the existence of the other suit.").

9