# Exhibit A

415R



### THE CITY OF NEW YORK
### DEPARTMENT OF CORRECTION

# DIRECTIVE

| [ ] NEW | [ ] INTERIM | [X] REVISED | SUBJECT | |
|---|---|---|---|---|
| EFFECTIVE DATE **01/31/08** | | *TERMINATION DATE / / | **USE OF FORCE** | |

| CLASSIFICATION # **5006R-C** | SUPERSEDES **5006R-B** | DATED **06/20/06** | APPROVED FOR WEB POSTING [ ] YES [X] NO | DISTRIBUTION **A** | PAGE 1 OF 18 PAGES |
|---|---|---|---|---|---|

| RECOMMENDED FOR APPROVAL BY REVIEW BOARD MEMBER | AUTHORIZED BY THE COMMISSIONER |
|---|---|
| CAROLYN THOMAS, CHIEF OF DEPARTMENT    SIGNATURE | MARTIN F. HORN    SIGNATURE |

## I.    PURPOSE

This Directive is promulgated to establish Departmental policy concerning the use of force and use of security equipment, and to provide guidelines and procedures for staff when they are confronted with a situation requiring the use of force in order to minimize injuries to both inmates and staff.

## II.    APPLICABILITY

This Directive establishes departmental policy for all facilities, units, and divisions.

## III.    POLICY

The Department recognizes that there are occasions when the use of force is necessary. When force is used, the actions of staff must be consistent with the law and this Directive. It is expressly prohibited to use more force than is necessary to restrain the inmate, control the situation or protect oneself or others. Force may not be used to punish an inmate.

## IV.    GUIDELINES

### A.    FORCE MAY BE USED AGAINST AN INMATE:

1.    To defend oneself or another from a physical attack or from an imminent physical attack;

2.    To prevent the commission of crimes, escapes, throwing or an attempt to throw blood, seminal fluid, urine or feces, or to quell an inmate disturbance;

3.    To effect an arrest when resistance is encountered;

**NYC 1071**

416R



| EFFECTIVE DATE<br>**01/31/08** | SUBJECT | |  |
|---|---|---|---|
| CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** | | |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **2** OF<br>**18** PAGES | |

IV.   **GUIDELINES (cont.)**

    4.    To enforce Department/facility rules and court orders;

    5.    To prevent serious damage to property;

    6.    To prevent an inmate from inflicting self-harm;

    7.    As a last resort, and when there is no practical alternative available to prevent serious physical injury to staff, visitors, inmates, or any other person;

    8.    As a last resort, when an inmate in restraints is still dangerous to himself and others.

B.    **FORCE MAY NOT BE USED AGAINST AN INMATE:**

    1.    To punish, discipline, assault or retaliate against an inmate;

    2.    After an inmate has ceased to offer resistance.

C.    **ANTICIPATED USE OF FORCE**

    1.    Whenever the use of force is anticipated and the inmate does not pose an immediate threat, a supervisor shall be notified. All actions shall be under his/her direction unless circumstances change and the use of force is required before the supervisor arrives. In an emergency or situation where it is not possible or practical to notify a supervisor, staff may use appropriate force consistent with the procedures contained herein.

    2.    It is not always possible to predict when a confrontation with an inmate will require the use of force. To determine whether force is likely and whether delay would be harmful, an officer should consider the circumstances, including the location of the inmate, the layout of a particular facility, the safety and well-being of other inmates and staff, and the location of other inmates and staff. Some examples of anticipated uses of force may include but are not limited to situations in which an inmate:

    a.    Refuses to go to court;

    b.    Refuses to leave a cell when ordered to do so;

    c.    Is not complying with search procedures either in the cell or in the designated search areas.

Anticipated uses of force may occur inside or outside a cell or search area.

**NYC 1072**

416R



| EFFECTIVE DATE **01/31/08** | SUBJECT | |  |
|---|---|---|---|
| CLASSIFICATION # **5006R-C** | **USE OF FORCE** | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **3** OF **18** PAGES | |

IV.   **GUIDELINES (cont.)**

3.   The fact that force is used does not necessarily establish that it should have been anticipated.

4.   In all anticipated use of force situations, except where safety or security concerns require an immediate response that would make waiting for the provision of a camera impractical, staff shall immediately obtain a video camera and begin recording the event as soon as it is feasible.

5.   Commanding Officers shall ensure that a sufficient number of operable cameras are available for use at their command. At the commencement of each tour, the Tour Commander shall ensure that all video cameras are operable, and that all supervisors know where they are located and how to access them when needed.

D.   **COMMUNICATION**

1.   If the opportunity presents itself, the supervisor at the scene of an anticipated or actual use of force should maintain a dialogue with the Tour Commander in order to develop a strategy to address the situation at hand. The objectives of these discussions should include:

a.   Obtaining the inmate's compliance or resolving the conflict with no force or a minimal amount of force;

b.   Relaying medical information (i.e., clearance for the use of chemical agents or Electronic Immobilization Shield);

c.   Ensuring that sufficient staff is available and properly equipped to control the situation;

d.   Ensuring that the Tour Commander is notified if the anticipated or actual use of force is escalating beyond the initial assessed scenario and seeking guidance in such a circumstance; and

e.   Ensuring that any actions that are taken are consistent with Department policies and procedures contained in this Directive.

416R

| | | | |
|---|---|---|---|
| | EFFECTIVE DATE<br>**01/31/08** | SUBJECT | |
| | CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES   ☒ NO | PAGE **4** OF<br>**18** PAGES |

## V.   PROCEDURES

### A.   ALTERNATIVES TO FORCE

**1.   CONFLICT RESOLUTION ALTERNATIVE METHODS**

Absent circumstances requiring immediate physical intervention, alternative methods to resolve a conflict should be exhausted before force is used. For example, when an inmate refuses an order, force should never be the first response. Instead, the following techniques should be employed:

a.   Act and speak in a deliberate manner, in an attempt to verbally persuade the inmate to comply;

b.   Keep a safe distance;

c.   Listen to the inmate and ask for his/her cooperation;

d.   Explain the consequences of the inmate's behavior;

e.   Request the assistance of a supervisor and additional staff.

**2.   MENTAL HEALTH INTERVENTION PRIOR TO CARRYING OUT AN EXTRACTION**

Extractions are generally carried out in a controlled environment where alternatives to conflict have been exhausted and force must be employed to control the inmate's conduct. As a means of furthering the Department's objective of resolving potential physical confrontations between staff and inmates through methods other than the use of force, the following procedures shall be adhered to prior to carrying out an extraction of an inmate.

a.   When it becomes evident that an extraction of the inmate(s) will be necessary to resolve the situation, a Mental Health professional shall be summoned to the scene to attempt to persuade the inmate to cooperate with uniformed personnel. Mental Health staff shall be required only under the following conditions:

i.   If a member of the mental health staff is in the building at the time of the extraction;

ii.   The inmate poses no immediate threat to himself, to others, or to the good order of the facility; and

**NYC 1074**

416R



| EFFECTIVE DATE<br>**01/31/08** | SUBJECT |
|---|---|
| CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **5** OF<br>**18** PAGES |



V.    PROCEDURES (cont.)

    iii.    The intervention does not pose a physical threat to the responding Mental Health professional.

    b.    The facility Tour Commander shall allow the Mental Health provider a reasonable amount of time to gain the inmate's compliance provided that such action does not adversely affect the operation of the facility. In the event that the intervention does not achieve the desired result of gaining the inmate's compliance, the Mental Health professional shall be directed to depart the area. Force may then be utilized in the manner prescribed in Sections IV.C. (ANTICIPATED USE OF FORCE) and V.B. (USE OF FORCE TECHNIQUES) of this Directive.

B.    USE OF FORCE TECHNIQUES

    1.    Force may be used in accordance with section IV. A. 1 - 8 of this Directive and only as a last alternative after all other reasonable efforts to resolve a situation have failed. When force is necessary, the amount of force used at any time should always be proportional to the threat posed by the inmate at that time.

    2.    Not all options will be available in all circumstances; however, staff must start with the minimum amount of force needed and escalate the amount of force used only if the situation requires escalation. The actions described below are listed in order of least to greatest degree of force, and should be used in proportion to the situation, in order to minimize injuries to staff and inmates, increasing as the situation becomes more dangerous or threatening, and decreasing as the situation comes under control. For example, blows should not be struck if control holds, grasping, or pushing would be adequate to restrain the inmate.

        a.    Staff should first try to defuse the situation by talking to the inmate.

        b.    When appropriate, staff should seek intervention by mental health staff.

        c.    Use non-contact control techniques such as hand-held chemical agents or the Electronic Immobilization Shield.

        d.    Applying a combination of control holds or a take-down technique, including soft-hand techniques such as grasping or pushing the inmate to gain compliance by and control over the inmate.

**NYC 1075**

416R



| EFFECTIVE DATE **01/31/08** | SUBJECT | **USE OF FORCE** |  |
|---|---|---|---|
| CLASSIFICATION # **5006R-C** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **6** OF **18** PAGES | |

## V.   PROCEDURES (cont.)

e.   When necessary, apply a combination of blocks and/or strike the inmate with one or more blows to the body until the inmate discontinues the attack and is under control. Unless unavoidable, blows should be directed away from the head.

f.   Employ an authorized weapon such as a baton in an authorized manner, consistent with Department training.  Every reasonable effort should be made to avoid the head when using a baton. Using a baton as a club is prohibited except as a last resort where there is no practical alternative available to prevent serious physical injury.

g.   Kicking an inmate or striking an inmate with institutional equipment is permitted only as a last resort, when there is no practical alternative available to prevent serious physical injury to any person, or to prevent or terminate an escape from a correctional facility or from custody while in transit outside the facility, or to prevent other similarly serious breaches of security, serious physical injury or property damage that would immediately endanger the safety of staff, inmates or others. Institutional equipment includes, but is not limited to, keys, flashlights and handcuffs.

Note:  Multiple punches, kicks and strikes should not be employed if a single blow is sufficient to stop the inmate's attack.

h.   Employing a choke hold, or intentionally striking an inmate's head against the wall, floor or other object, is permitted only pursuant to Section V. C. (DEADLY PHYSICAL FORCE) of this Directive.

3.   Mechanical restraints may not be used:

a.   To punish an inmate by using restraints for an excessive period of time or in an unauthorized manner such as hog-tying;

b.   About the head or neck of an inmate;

c.   To restrict the blood circulation or breathing of an inmate.

4.   A gurney or other authorized carrying device <u>must</u> be used when:

a.   The application of mechanical restraints alone will not sufficiently prevent injury to staff or an inmate physically resisting a transfer from one location to another.

**NYC 1076**

416R



| EFFECTIVE DATE<br>**01/31/08** | SUBJECT | | | |
| CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** | | |  |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES   ☒ NO | PAGE **7** OF<br>**18** PAGES | | |

**V.   PROCEDURES (cont.)**

  b.   When the subject inmate has removed his or her clothing and refuses to reclothe him or herself, in which case the inmate will be covered after being secured on the gurney or other authorized carrying device.

 5.   A gurney or other authorized carrying device <u>may</u> be used when necessary to transfer a physically resisting inmate from one location to another.

**C.   DEADLY PHYSICAL FORCE**

"Deadly Physical Force" means force which, under the circumstances in which it is used, is readily capable of causing death or serious physical injury.

"Serious Physical Injury" means physical injury which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

 1.   Deadly Physical Force as a Last Resort

  Deadly physical force may be used against an inmate only as a last resort. If there are any reasonable alternatives that can be employed short of using deadly physical force, those alternatives must be exhausted before deadly physical force is used.

 2.   When Deadly Physical Force May be Used

  A member of the uniformed force may use deadly physical force against an inmate:

  a.   To defend him/herself or another person from what he/she reasonably believes to be the use or imminent use of Deadly Physical Force by the inmate; or

  b.   When there is no other reasonable alternative to prevent or terminate an escape of an inmate from a correctional facility or from custody while in transit to or from such facility.

416R

| | EFFECTIVE DATE<br>**01/31/08** | SUBJECT | |
|---|---|---|---|
| | CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** |  |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **8** OF<br>**18** PAGES | |

V.   **PROCEDURES (cont.)**

D.   MEDICAL ATTENTION

Whenever a chemical agent or force that must be reported under section V.F. of this Directive is used against an inmate, the Tour Commander or supervisor assigned by the Tour Commander shall, as soon as possible, ensure that the inmate and injured staff are examined by medical staff to determine the extent of any injuries and provide proper medical attention.   When managing incidents involving multiple inmates and/or injured staff, the Tour Commander or supervisor assigned by the Tour Commander shall ensure that all parties are presented to medical staff as soon as possible and if separation of inmates is required, that medical staff are brought to a separate location where any injured persons can be evaluated in a timely fashion.

E.   PHOTOGRAPHING OF INMATE INJURIES RESULTING FROM A USE OF FORCE OR AN ALLEGATION OF A USE OF FORCE

1.   After a use of force incident or an allegation of a use of force, a Captain shall ensure that four (4) color digital photographs are taken of each inmate involved in the incident from no more than four (4) feet away.   The photographs shall capture the inmate from the waist up, showing left, right, front and back views. The inmates' face shall be included in all such photographs.   A color printer shall be installed in each facility Tour Commanders' office for the sole purpose of printing each photograph taken resulting from a use of force incident or an allegation of a use of force.

If, and only if, the four (4) photographs do not capture the visible injuries on the inmate's body, the investigating Captain shall ensure that additional photographs are taken which may be necessary to show all visible injuries. Provided however, that such photographs shall not be required to be taken whenever:

a.   In the judgment of the investigating Captain, the taking of photographs would endanger the safety of staff and inmates, or the security of the institution;

b.   The inmate is in need of immediate medical attention; or

c.   The inmate refuses to be photographed.

2.   The health and well being of both inmates and officers is the highest priority. Unless inconsistent with the need for medical treatment and the circumstances existing at the time, photographs shall be taken before bandages are applied to an inmate injury.

**NYC 1078**

416R



| EFFECTIVE DATE<br>**01/31/08** | SUBJECT | | |
| CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** | |  |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **9** OF<br>**18** PAGES | |

## V.   PROCEDURES (cont.)

3.   Such photographs shall be taken after an inmate receives medical treatment and before an inmate is discharged from the medical clinic. Captains shall ensure that the best possible efforts are attempted to take clear photographs.

4.   In cases where photographs were not taken, the investigating Captain must note the reason in the investigative report with any substantiating documents, statements, and/or copies of attempted photographs showing the uncooperative inmate.

5.   The photographs shall be submitted with the use of force investigation and written reports.

6.   The photographs shall be processed in the following manner:

a.   The Tour Commander shall ensure a capable staff member is assigned to print "two sets" of every photograph taken (in color) as a result to an allegation of a use of force or use of force incident. The photographs shall be printed on special photo quality paper.

b.   Each photograph shall be labeled in accordance with existing procedures with the following information:

Inmate's Name:
Inmate's B/C#:
NYSID #:
C.O. Name
C.O. Shield#:
Facility:
UOF/COD#:
Incident Date:
Date Photo Taken:
Investigator:

c.   Set #1 of the color photographs shall be maintained on file at the facility with the original use of force investigation package; and

d.   Set #2 of the color photographs shall be forwarded through the Commanding Officer of the concerned facility to the respective Assistant Chief of Division I or II, attached to one of the three (3) copies of the corresponding Use of Force package that are required pursuant to Directive #5006R-C.

**NYC 1079**

416R

| | EFFECTIVE DATE **01/31/08** | SUBJECT **USE OF FORCE** | |  |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-C** | | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **10** OF **18** PAGES | |

**V.    PROCEDURES (cont.)**

      e.    The respective Assistant Chief of Division I or II will forward the Use of Force package with the color photographs to the Legal Division.

      f.    The Deputy Warden for Security shall ensure adequate supplies (color ink, paper, etc.) are maintained and available to achieve this task.

**F.    USE OF FORCE REPORTS**

    1.    Physical contact between an inmate and employee used in a non-confrontational manner to apply mechanical restraints or to guide the inmate shall not be reported as a use of force.

    2.    Staff reports:

      a.    Staff who employ or witness force or receive use of force allegations shall immediately report the incident to their immediate supervisor (or to any supervisor if their immediate supervisor is unavailable). All staff required to prepare reports shall do so prior to leaving the facility unless medically unable to do so.  Necessary medical attention shall not be delayed in order to obtain an immediate report.

      b.    When a use of force is alleged to have occurred at another command, the facility where the incident is alleged to have occurred is responsible for the investigation and processing of the allegation of the use of force.

          i.    The Tour Commander of the command receiving the initial report of an allegation shall:

            •    Report the allegations and medical findings to Central Operations Desk (COD), informing COD that the incident is alleged to have occurred at a command other than the reporting facility; and

            •    Notify the command where the incident is alleged to have occurred and forward all available documentation (including medical findings), and record all information relative to the allegation, including the use of force number issued the incident, in the Non-Reportable Incident Logbook.

**NYC 1080**

416R

| | EFFECTIVE DATE<br>01/31/08 | SUBJECT | **USE OF FORCE** |  |
|---|---|---|---|---|
| | CLASSIFICATION #<br>5006R-C | | | |
| | DISTRIBUTION<br>A | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **11** OF<br>**18** PAGES | |

## V.   PROCEDURES (cont.)

    ii.   The Tour Commander of the facility where the incident is alleged to have taken place shall ensure that the incident is reported in the Use of Force Logbook at the facility conducting the investigation. Upon conclusion of the investigation, a copy of the completed package must be forwarded to the facility that initially reported the allegation to COD for their files.

3.   Staff who employ or witness force or have been alleged to employ or witness force or are so directed by the Tour Commander, Investigation Division, or Inspector General, shall prepare a written report concerning the incident based on their own observations and written independently from other staff that were involved or were alleged to have been involved in the incident.  The report shall include:

    a.   A complete account of the events leading to the use of force and whether the use of force was anticipated and a supervisor notified prior to the use of force;

    b.   A precise description of the incident based on the writer's own observations; the specific reasons, if known to the writer, why force was necessary, and the type of force the writer employed or observed being employed, e.g. control holds, blows, etc.;

    c.   A description of any weapon the writer used or observed being used and the manner in which it was used;

    d.   A description of any injuries sustained by inmates or staff that they observed, and any medical treatment that they received; and

    e.   A list of all participants, witnesses and persons the writer observed present at the incident and their actions.  A participant shall complete Part A of the Use of Force Report.  A witness shall complete Part A-1 of the Use of Force Report – WITNESS REPORT.  Staff who were made the subject of a Use of Force Allegation or who were present at the scene and/or assigned to an area where force was alleged to have occurred shall complete Part A-2 of the Use of Force Report - USE OF FORCE ALLEGATION REPORT.

416R

| | EFFECTIVE DATE<br>**01/31/08** | SUBJECT<br>**USE OF FORCE** | |  |
|---|---|---|---|---|
| | CLASSIFICATION #<br>**5006R-C** | | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **12** OF<br>**18** PAGES | |

**V.   PROCEDURES (cont.)**

    4.   Inmate Statements -- Statements should be obtained from inmate participants and witnesses by a supervisor designated by the Tour Commander, not involved in, or witness to, or present at the incident, as soon as possible after the incident. If no supervisor is available, an officer who did not participate in, or witness the use of force may obtain statements from inmates. Inmates involved in actual or alleged use of force incidents must be immediately separated from witnesses and each other and should not be returned to the same housing area or location of the incident until a canvass for witnesses is conducted and completed.

**G.   REPORTING THE USE OF FORCE**

    1.   Any employee who uses force, witnesses the Use of Force, or receives an allegation of Use of Force shall immediately notify a supervisory officer.

    2.   Upon receiving notice of a Use of Force or an allegation of a Use of Force, the supervisory officer shall notify the Tour Commander and report all facts concerning the incident, which are known at that time.

    3.   The Tour Commander shall report the pertinent information regarding all Uses of Force and allegations of Uses of Force to the Central Operations Desk (COD) within one (1) hour of the occurrence.

    4.   When notifying COD, the Tour Commander shall make an initial determination as to whether the Use of Force was a Class "A" or Class "B" based on the following criteria:

    Note: A determination as to whether a use of force incident is going to be categorized as a class "A" or a class "B" incident will be made solely on the basis of medically detectable injuries to the inmate and/or staff member. Injuries caused by the use of chemical agents and/or weapons, equipment, objects shall be considered in categorizing a use of force.

    a.   CLASS "A" USE OF FORCE

      i.   A Use of Force or allegation of a Use of Force shall be considered a Class "A" Use of Force if it requires medical treatment beyond the prescription of over-the-counter analgesics or the administration of minor first aid, including those Uses of Force resulting in one (1) or more of the following treatments/injuries:

        ▪   Multiple abrasions and/or contusions;

**NYC 1082**

416R

| | EFFECTIVE DATE **01/31/08** | SUBJECT | |
|---|---|---|---|
|  | CLASSIFICATION # **5006R-C** | **USE OF FORCE** |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **13** OF **18** PAGES |

V.   **PROCEDURES** (cont.)

• Chipped or cracked tooth;

• Loss of tooth;

• Laceration;

• Puncture;

• Fracture;

• Loss of consciousness, including a concussion;

• Suture;

• Internal injuries, e.g., ruptured spleen, perforated eardrum, etc.; and

• Admission to a hospital.

b.   CLASS "B" USE OF FORCE

i.   A Use of Force or an allegation of a Use of Force which does not require hospitalization or medical treatment beyond the prescription of over-the-counter analgesics or the administration of minor first aid (A Use of Force which results in a superficial bruise, scrape, scratch, or minor swelling is generally a Class "B" Use of Force).

ii.   The forcible use of mechanical restraints in a confrontational situation that results in no or minor injury is a Class "B" Use of Force.

5.   COD PROCEDURES

a.   COD shall operate a Use of Force Desk on all tours, which shall accept and log all Use of Force reports described herein.

b.   Each Use of Force and allegation thereof shall be given a Use of Force log number.

416R

| | EFFECTIVE DATE<br>**01/31/08** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION #<br>**5006R-C** | **USE OF FORCE** | |  |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES   ☒ NO | PAGE **14** OF<br>**18** PAGES | |

## V.   PROCEDURES (cont.)

    c.    While the reporting Tour Commander shall initially determine whether to report the incident or alleged incident as a Class "A" or Class "B" Use of Force, the ultimate decision concerning the reporting category rests with the official at the Central Operations Desk receiving the report.

        i.    The facility's and COD's initial determination shall be amended as additional information becomes available and the first report is supplemented.

    d.    Upon notification, COD shall give all Use of Force incidents a Use of Force number.

    e.    Only if the incident is categorized as a Class "A" Use of Force or a Class "A" Use of Force allegation, will the details of the incident be recorded in the Central Operations Desk logbook.  To maintain continuity, all Use of Force reports and Injury To Inmate Reports (Form #167R-A) shall be inscribed with the Use of Force number.

    f.    COD shall notify the Investigation Division of all Uses of Force and allegations of the Use of Force within sixty (60) minutes of the time they are reported to the Central Operations Desk.

    g.    COD shall notify the Investigation Division of any supplemental information, which might change the initial categorization of the incident as such information is received from the facility or source outside the facility.

    h.    COD shall continue to make all other notifications as outlined in Directive #5000R-A.

## 6.   WRITTEN REPORTS

    a.    Use of Force reports are to be completed on forms 5006 A-D only (Note: C.P.S.U. has a special set of Use of Force Reports [See Memo CDO #65/98, dated 07/21/98 (as amended)]. No Unusual Incident package is needed unless the Use of Force is part of an Unusual Incident.

    b.    If an Unusual Incident Report is necessary as per Directive 5000R-A then the Use of Force reports should accompany these documents (Rainbow Package).

416R

| | | | |
|---|---|---|---|
|  | EFFECTIVE DATE **01/31/08** | SUBJECT |  |
| | CLASSIFICATION # **5006R-C** | **USE OF FORCE** | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **15** OF **18** PAGES |

**V.   PROCEDURES (cont.)**

H.   The facility is responsible in the first instance for investigating all uses of force. Except at C.P.S.U. (see Operations Order #9/98), the Tour Commander shall assign a supervisor to investigate the incident after evaluating the seriousness of the incident and the extent of any injuries sustained by inmates or staff.

1.   A non-exceptional incident may be investigated by a housing area Captain. If the assigned housing area Captain was involved in the incident or witnessed the incident another Captain should be assigned to conduct the investigation. The Captain shall complete Part B of the Use of Force Report - INVESTIGATING SUPERVISOR'S REPORT. The report shall contain a statement as to whether the incident was videotaped, if the incident was anticipated.

2.   The Security/Administrative Captain shall investigate exceptional incidents. The Captain shall complete Part B of the Use of Force Report – INVESTIGATING SUPERVISOR'S REPORT. The report shall contain a statement as to whether the incident was videotaped, if the incident was anticipated.

   a.   If the incident takes place on a tour when there is no Security/Administrative Captain on duty, the Tour Commander shall ensure that participants and witnesses complete Parts A and A-1 of the Use of Force Report before leaving the facility, unless doing so would impact the operation of the facility or the safety of staff. The Tour Commander shall also ensure that any physical evidence is preserved in accordance with Operations Order #05/07 (Crime Scene Incident Management). The Security/Administrative Captain assigned to investigate the incident shall review all reports and begin the process of interviewing inmate and staff witnesses and participants on his/her next scheduled tour.

3.   At the conclusion of the investigation, the assigned supervisor shall prepare and submit the "Use of Force Package Accountability Sheet" (Form # 5006-E) along with the use of force investigative package to the Tour Commander overseeing the investigation of the incident. The Tour Commander shall review and endorse the "Use of Force Package Accountability Sheet" to ensure that the use of force investigative package is complete. In addition, the Tour Commander shall record their conclusions and recommendation on Part "C" of the Use of Force Report – Tour Commander's Report.

**NYC 1085**

416R

| | EFFECTIVE DATE **01/31/08** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-C** | **USE OF FORCE** | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **16** OF **18** PAGES | |

## V.  PROCEDURES (cont.)

I.   INCIDENT RECORDING

Immediately after a use of force/anticipated use of force incident is recorded, the Tour Commander shall take possession of the recording medium, mark it with the date, time, Use of Force (UOF) number (if any) and then deliver it immediately to the Security Office, except at the Central Punitive Segregation Unit (CPSU), (see CPSU Command Level Order #61/96). The Tour Commander or supervisor designated by the Commanding Officer must review all such recording medium as soon as practicable, in accordance with Operations Order #05/07 (Crime Scene Incident Management). During non-business hours, the recording medium will be secured in the evidence safe. Recordings of use of force incidents shall be filed for no less than four (4) years in the Office of the Deputy Warden of Security in chronological order. Recordings of incidents in which no force was used may be recycled after ninety (90) days from the date of recording.

J.   Except at C.P.S.U. (see Operations Order #9/98), the facility use of force investigative packages shall be completed within fifteen (15) business days of the incident. Requests for brief extensions may be made to the appropriate Assistant Chief of Division I or II, who shall promptly grant or deny such requests in writing. Reports shall be reviewed and signed off by the below members in the order provided:

a.  Tour Commander;

b.  Deputy Warden for Security; and

c.  Commanding Officer.

K.   1.   The Commanding Officer shall review all use of force incidents and record their conclusions and recommendations on Part D of the Use of Force Report - FACILITY COMMANDER'S REPORT. If the Commanding Officer determines that there is a violation of policy or procedure, they shall promptly notify the Investigation Division and the appropriate Assistant Chief of Division I or II.

2.   If the Inspector General and/or the Investigation Division notifies a command that they will be assuming responsibility for an incident investigation, the command will generate Part D and state thereon that one of the above units directed the facility to terminate their investigation. The facility shall forward a copy of Part D to the office of the appropriate Assistant Chief of Division I or II.

416R

| | EFFECTIVE DATE **01/31/08** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-C** | **USE OF FORCE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE 17 OF 18 PAGES | |

## V.   PROCEDURES (cont.)

No findings or conclusions will be submitted as the result of the discontinued investigation. Any charges emanating from an investigation by the Inspector General and/or the Investigation Division will be prepared by the investigating unit, not the command of occurrence.

3.   Three (3) copies of the completed Use of Force investigation and all related documents must be forwarded to the office of the appropriate Assistant Chief of Division I or II and the Investigations Division within fifteen (15) business days of the incident.

Note: C.P.S.U. has a special set of Use of Force Reports (See Memo CDO #65/98, dated 07/21/98 [as amended]).

## VI.   REFERENCES

A.   Operations Order #14/97, SECURITY RESTRAINTS FOR VIOLENT INMATES, dated 10/22/97 (as amended).

B.   Directive #4202R, PLACEMENT OF MECHANICAL SECURITY RESTRAINTS ON OUTPOSTED INMATE PATIENTS, dated 11/30/99.

C.   Directive #4510R-D, CHEMICAL AGENTS, dated 07/27/07.

D.   Directive #4600, ELECTRONIC IMMOBILIZATION SHIELD, dated 07/9/98 (as amended).

E.   Operations Order #9/98, FACILITY REVIEW OF USES OF FORCE IN THE C.P.S.U., dated 07/20/98.

F.   C.P.S.U. Command Level Order #03/01, HANDHELD VIDEO CAMERA, dated 01/02/01 (as amended).

G.   Directive #4518R-A, RED ID STATUS AND ENHANCED RESTRAINT STATUS DUE PROCESS, 06/30/04 (as amended).

H.   Operations Order #50/88, USE OF FORCE-DELIVERY OF PRISONERS TO COURT, dated 07/15/88.

I.   Operations Order #05/07, CRIME SCENE INCIDENT MANAGEMENT, dated 05/08/07.

416R



| EFFECTIVE DATE **01/31/08** | SUBJECT |  |
|---|---|---|
| CLASSIFICATION # **5006R-C** | **USE OF FORCE** | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **18** OF **18** PAGES |

## VI. REFERENCES (cont.)

J. Operations Order #16/99, DEPLOYING ESCORT AND EXTRACTION TEAMS, dated 10/26/99.

K. Memo CDO #65/98, USE OF FORCE REPORTS - CPSU, dated 07/21/98.

L. Directive #5000R-A, REPORTING UNUSUAL INCIDENTS, dated 11/19/04 (as amended).

## VII. ATTACHMENTS

A. Form #5006-A, PART A, USE OF FORCE REPORT, effective 01/31/08.

B. Form #5006-A-1, PART A-1, USE OF FORCE WITNESS REPORT, effective 01/31/08.

C. Form #5006-A-2, PART A-2, USE OF FORCE ALLEGATION REPORT, effective 01/31/08.

D. Form #5006-B, PART B, INVESTIGATING SUPERVISOR'S REPORT, effective 01/31/08.

E. Form #5006 C&D, PART C and PART D, TOUR COMMANDER'S REPORT and FACILITY COMMANDER'S REPORT, effective 01/31/08.

F. Form #5006-E, UOF PACKAGE ACCOUNTABILITY SHEET, effective 01/31/08.

## VIII. SUPERSEDES

A. Directive #5006R-B, USE OF FORCE, dated 06/20/06 (as amended).

B. Any other Directive, Operations Order, Teletype, Memorandum, etc. that may be in conflict.

## IX. SPECIAL INSTRUCTIONS

Commanding Officers of all facilities and prison wards shall promulgate Command Level Orders based on the policy, guidelines and procedures contained herein.

**NYC 1088**

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM #5006-A | Eff. : 01/31/2008 |
|---|---|---|
| **USE OF FORCE REPORT** | | PART A |

**INSTRUCTIONS:**   PRINT ALL INFORMATION
To be completed by any member involved in a use of force incident.
Use attachments if additional space is needed and indicate Part and
Information Section # on each attached page.

**DID YOU USE FORCE AGAINST AN INMATE OR WERE YOU A WITNESS/PRESENT AT THE SCENE?**
☐ USED FORCE   ☐ WITNESS/PRESENT AT THE SCENE
If WITNESS or only PRESENT, then complete PART A-1. NOT this report.

| Facility: | Report Date: | Incident Date: | Incident Time: | Facility Incident #: | COD Use of Force # | COD Unusual # if any: |
|---|---|---|---|---|---|---|

| Location Where Incident Occurred: | Post Assigned at Time of Incident: | Tour: |
|---|---|---|

**1** Was Supervisor notified before force was used?  ☐ YES  ☐ NO   If YES, write in full NAME, RANK and SHIELD #:

**2** Which Supervisor was notified after the incident?  Write in full NAME, RANK and SHIELD #:   |  Time Notified:

**3** State name(s) of inmate(s) against whom force was used:

| | Last Name | First Name | B&C or Sent. Number | Infraction Written? |
|---|---|---|---|---|
| 1 | | | | ☐ YES  ☐ NO |
| 2 | | | | ☐ YES  ☐ NO |

**4** Explain in detail the sequence of events leading up to the incident, based on your own observations:

**5** Were alternatives, such as verbal commands, attempted before force was used?  ☐ YES  ☐ NO   If YES, describe:

**6** Describe the incident and the specific force used:

Continued on Reverse Side

**NYC 1089**

**6** (Continued)

**7** Explain in detail why force was necessary to control the situation:

**8** Identify the part(s) of the inmate's body(ies) to which force was applied:

**9** Were any other staff involved in or present at the time of the incident?  ☐ YES ☐ NO
If YES, complete the identification information and give an account of each person's actions immediately before and during the incident:

| Name | Rank | Shield Number | Account of Actions |
|------|------|---------------|--------------------|
| 1 | | | |

| Name | Rank | Shield Number | Account of Actions |
|------|------|---------------|--------------------|
| 2 | | | |

| Name | Rank | Shield Number | Account of Actions |
|------|------|---------------|--------------------|
| 3 | | | |

**10** Did any other inmates witness the incident?  ☐ YES ☐ NO   If YES, specify:

| Last Name | First Name | Book and Case or Sentence Number |
|-----------|------------|----------------------------------|
| | | |

**11** Did you claim any injuries as a result of the incident?  ☐ YES ☐ NO   If YES, describe your injuries and how each was sustained:

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)                Signature:

**NYC 1090**

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM #5006-A-1 | Eff. : 01/31/2008 |
|---|---|---|
| **USE OF FORCE WITNESS REPORT** | | **PART A-1** |

**INSTRUCTIONS:**   PRINT ALL INFORMATION
To be completed by any member witnessing a use of force incident or present at the scene of a use of force.  Use attachments if additional space is needed and indicate Part and information Section # on each attached page.

**DID YOU USE FORCE AGAINST AN INMATE OR WERE YOU A WITNESS/PRESENT AT THE SCENE?**
☐ USED FORCE     ☐ WITNESS/PRESENT AT THE SCENE
If you used force, complete PART A, NOT this report.

| Facility: | Report Date: | Incident Date: | Incident Time: | Facility Incident #: | COD Use of Force #: | COD Unusual # if any: |
|---|---|---|---|---|---|---|

| Location Where Incident Occurred: | Post Assigned at Time of Incident: | Tour: |
|---|---|---|

**1** Did any other inmates witness the incident?   ☐ YES  ☐ NO     If YES, list #:

| | Last Name | First Name | Book and Case or Sentence Number |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |

**2** Did you see force used against an inmate(s)?   ☐ YES  ☐ NO     If YES, state name(s) of inmate(s) against whom force was used:

| | Last Name | First Name | Book and Case or Sentence Number |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |

**3** State the name(s) of any other staff involved in or present at the time of the incident:

| | Last Name | First Name | Rank | Shield Number | |
|---|---|---|---|---|---|
| 1 | | | | | ☐ Used Force  ☐ Was a Witness / Present |
| 2 | | | | | ☐ Used Force  ☐ Was a Witness / Present |
| 3 | | | | | ☐ Used Force  ☐ Was a Witness / Present |

**4** If you were present before the incident began, explain in detail the sequence of events leading up to the incident:

_____
_____
_____
_____
_____

**5** Did you hear or see alternatives, such as verbal commands, attempted before force was used?   ☐ YES  ☐ NO     If YES, describe:

_____
_____
_____
_____
_____
_____
_____
_____

**6** Describe the incident and the specific force used (including the actions of any staff involved in or present during the incident, including yourself):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Continued on Reverse Side

**NYC 1091**

**6** (Continued)

**7** Identify the part(s) of the inmate's body/bodies to which force was applied:

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)     Signature:

NYC 1092

| | CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM: #5006-A-2 | Eff. : 01/31/2008 |
|---|---|---|---|
| | **USE OF FORCE ALLEGATION REPORT** | | **PART A-2** |

**INSTRUCTIONS:**                    ALL SECTIONS MUST BE ANSWERED                    PRINT ALL INFORMATION
To be completed by any member who was:

1. Made the subject of a use of force allegation; or

2. Present at the scene and/or assigned to an area where force was alleged to have occurred.

**1** | Submitted By (Last Name, First Name): | Rank: | Shield #: | Command:

**2** | Facility: | Report Date: | Date of Alleged Incident: (If Known) | Time of Alleged Incident: (If Known)   hrs | Use of Force #:

**3** | Date you were notified of the allegation: | Time you were notified of the allegation:   hrs | By Whom? (Last Name, First Name): | Rank/Title: | Shield/ID #:

**4** | Location where incident allegedly occurred: | Post assigned at time of alleged incident: | Tour assigned at time of alleged incident:

**5** | Name(s) of inmate(s) alleging force:

| Last Name | First Name | Book & Case Number | NYSID # |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**6** | Were there any staff present or near you at the time of the alleged incident? ☐ YES ☐ NO   If YES, identify below:

| Last Name | First Name | Rank | Shield Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**7** | On the date of the alleged incident, did you have any interaction with the inmate(s) who made the allegation?
☐ YES ☐ NO   If YES, identify below:

**8** | Describe your interaction with the inmate on the date of the alleged incident. If you had no interaction with the inmate, describe your activity at the time of the alleged incident:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Continued on Reverse Side

**NYC 1093**

8 | (Continued)

9 | Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #) | Signature:

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM: #5006-B | Eff. : 01/31/2008 |
|---|---|---|
| **INVESTIGATING SUPERVISOR'S REPORT** | | **PART B** |

**INSTRUCTIONS:** To be completed by the supervisor investigating the incident. Use attachments if additional space is needed and indicate Part and Information Section number on each additional page.  <u>PRINT ALL INFORMATION</u>

| Facility: | Report Date: | Incident Date: | Facility Incident #: | COD Use of Force #: | COD Unusual # If Any: |
|---|---|---|---|---|---|

**1** List the inmates you interviewed and summarize their statements:

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area | Summary |
|---|---|---|---|---|---|
| | | | | | |

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area | Summary |
|---|---|---|---|---|---|
| | | | | | |

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area | Summary |
|---|---|---|---|---|---|
| | | | | | |

**2** Were there any other inmate witnesses who were NOT interviewed :  ☐ YES  ☐ NO   If YES, explain:

**3** List staff and other witnesses/participants other than the inmates who you interviewed and summarize their statements:

| Last Name | First Name | RANK | SHIELD # | Summary |
|---|---|---|---|---|
| | | | | |

| Last Name | First Name | RANK | SHIELD # | Summary |
|---|---|---|---|---|
| | | | | |

| Last Name | First Name | RANK | SHIELD # | Summary |
|---|---|---|---|---|
| | | | | |

**4** FINDINGS OF INVESTIGATION. State your conclusion as to the facts of the incident.  State your conclusion as to the force used, including your review of medical data. State any alternatives which were used prior to the use of force. State your conclusion as to alternatives which should have been used, if any.  State your findings as to the reason force was used. State and resolve, if possible, factual disputes between different versions of the incident given by different witnesses or participants:

Continued on Reverse Side

**NYC 1095**

**4** (Continued)

_____

[many blank ruled lines]

**5** Do you find that the force used was necessary? ☐ YES ☐ NO   If YES, Force was:   ☐ Appropriate   ☐ Excessive
Explain your findings

**6** Do you find that the force was avoidable?   ☐ YES ☐ NO   Explain your reason:

**7** If applicable, recommendations: (Check One or More)                    Explain:
☐ Commendation
☐ Discipline (i.e., M.O.C.)

**8** Based on this incident, do you recommend any changes in Departmental policy and/or procedures?   ☐ YES ☐ NO   If Yes, explain:

**9** Are Injury to Inmate reports attached? ☐ YES ☐ NO   If No, state the reason:

**10** If staff/visitor claim injury, are medical reports attached?   ☐ YES ☐ NO

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)                    Signature:

**NYC 1096**

| CITY OF NEW YORK - CORRECTION DEPARTMENT | | FORM #5006-C&D | Eff. : 01/31/2008 |
|---|---|---|---|
| **TOUR COMMANDER'S REPORT** | | **PART C** | |

| Facility: | Date of this Report: | Incident Date: | Facility Incident #: | COD Use of Force #: | COD Unusual # if any: |
|---|---|---|---|---|---|

**INSTRUCTIONS:** This review shall be based on a full review of all underlying documentation in addition to the investigator's report.
PRINT ALL INFORMATION

**1**   Was force necessary?: ☐ YES ☐ NO   If YES, force was: ☐ APPROPRIATE ☐ EXCESSIVE

**2**   Conclusion based on review:

**3**   Recommendation, if any:

| Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #) | Signature: |
|---|---|

| **FACILITY COMMANDER'S REPORT** | **PART D** |
|---|---|

**INSTRUCTIONS:** This review shall be based on a full review of all underlying documentation in addition to the investigator's report.

Conclusion and recommendation:

| Signature of Commanding Officer: | Date: |
|---|---|

**NYC 1097**

## UOF PACKAGE ACCOUNTABILITY SHEET

| Effective: 01/31/08 |
| Form: #5006-E |

To be completed by the Captain assigned to collect pertinent documentation for the facilities UOF incidents.

The following items are <u>mandatory</u> in all UOF incidents: (Check Yes or No)

| ITEM | INCLUDED | |
|------|-----|-----|
| | YES | NO |
| Warden's Cover Letter | | |
| Tour Commander's Report | | |
| Inmate Infraction History | | |
| Preliminary Report | | |
| Voluntary Inmate Statements | | |
| Copy of Investigated Infractions | | |
| Copy of Served Infractions | | |
| Four (4) Labeled Color Digital Photos (minimum four (4) photos per inmate) | | |
| Copy of Investigated Injury to Inmate Report(s), including completed homunculus | | |
| Copy of Accompany Cards | | |
| Copy of Pedigree (Form #239) | | |
| Place UOF # on Every Single Page in Package (upper right corner of each page) | | |

The following <u>may</u> be applicable:

| ITEM | INCLUDED | | |
|------|-----|-----|-----|
| | YES | NO | N/A |
| Random Search Reports | | | |
| Mental Health Referrals | | | |
| Photos of Injured Staff (Labeled) | | | |
| Probe Team Reports | | | |
| Copy of Log Books | | | |
| Statement of Decontamination for Chemical Agent Use | | | |
| Copy of Significant Event | | | |
| Due Process | | | |
| Miranda Warning | | | |
| Compensation Papers | | | |
| Separation Orders | | | |
| Misc | | | |
| Misc | | | |
| Misc | | | |

List Each Staff Member Submitting a UOF, Witness UOF, Verbal UOF Statement, or Incident Report:

| Staff Full Name | Shield | Type of Report | Staff Full Name | Shield | Type of Report |
|------|------|------|------|------|------|
| 1. | | | 1. | | |
| 2. | | | 2. | | |
| 3. | | | 3. | | |
| 4. | | | 4. | | |
| 5. | | | 5. | | |
| 6. | | | 6. | | |
| 7. | | | 7. | | |
| 8. | | | 8. | | |
| 9. | | | 9. | | |
| 10. | | | 10. | | |

_____
**Tour Commander's Signature**

**NYC 1098**