# Exhibit D

415R



**THE CITY OF NEW YORK**
**DEPARTMENT OF CORRECTION**

# DIRECTIVE



| [ ] NEW | [ ] INTERIM | [X] REVISED | SUBJECT | | | |
|---|---|---|---|---|---|---|
| EFFECTIVE DATE **03/29/06** | | *TERMINATION DATE / / | **INMATE DISCIPLINARY DUE PROCESS** | | | |
| CLASSIFICATION # **6500R-B** | SUPERSEDES **6500R-A** | DATED **10/14/05** | APPROVED FOR WEB POSTING [X] YES [ ] NO | DISTRIBUTION **A** | PAGE 1 OF 21 PAGES | |
| RECOMMENDED FOR APPROVAL BY REVIEW BOARD MEMBER | | | AUTHORIZED BY THE COMMISSIONER | | | |
| CAROLYN THOMAS, CHIEF OF DEPARTMENT          SIGNATURE | | | MARTIN F. HORN                          SIGNATURE | | | |

## I.    PURPOSE

To establish the procedure for processing pre-hearing detention and inmate disciplinary infractions.

## II.    POLICY

In order to maintain good order, discipline and security in Department facilities, inmate violations of Departmental rules and regulations must be prosecuted fairly and in accordance with due process requirements.

## III.    PROCEDURES

### A.    INFRACTION PREPARATION

1.    When an employee reasonably believes an inmate has violated an institutional or Departmental rule, and such violation is not informally resolved, that employee must prepare a Report and Notice of Infraction concerning that incident and notify a supervising officer who will conduct an investigation. The Report and Notice of Infraction shall be legible, detailed, and specific regarding the time and place of the rule violation(s) and shall include the description of the inmate's actions and behavior. (See Attachment A; Report and Notice of Infraction, Form #6500A.)

2.    The supervisor conducting the investigation must be of the rank of Captain or above and must not have reported, participated in, or witnessed the incident.

416R

| | EFFECTIVE DATE<br>03/29/06 | SUBJECT<br>INMATE DISCIPLINARY DUE PROCESS | | |
|---|---|---|---|---|
|  | CLASSIFICATION #<br>6500R-B | | |  |
| | DISTRIBUTION<br>A | APPROVED FOR WEB POSTING<br>[X] YES   [ ] NO | PAGE 2 OF<br>21 PAGES | |

## III.   PROCEDURES (cont.)

3.   The investigation shall commence within twenty-four (24) hours of the incident. At the conclusion of the investigation, the supervisor investigating the incident shall document their official report on Form #6500B "Investigation Report" (Attachment B) and notice of any resulting infraction shall be served upon the inmate as soon as practicable but no later than three (3) business days after the incident, unless extenuating factors exist which would require an extension of such time limit. For infractions comprised solely of Grade II and Grade III violations, that extension shall not exceed ten (10) days after the incident. For infractions that include Grade I rule violations, the time limit may be extended beyond ten (10) days to thirty (30) days under the following circumstances:

a.   The underlying event is a major disturbance in which multiple inmates are alleged to have committed multiple rule violations;

b.   As a result of the inmate's alleged misconduct, staff or inmate witnesses necessary to the investigation cannot be questioned (e.g., hospitalized or otherwise unavailable) by supervisory staff conducting the investigation;

c.   Sufficient evidence to warrant the initiation of disciplinary proceedings only becomes known to the Department after the ten (10) day period has elapsed.

NOTE:   In the case of an escapee or absconder the time will be held in abeyance until such time as the escapee or absconder is returned to custody.

In any case in which an inmate is served with an infraction more than three (3) business days after the incident, the supervisor conducting the investigation must explain in writing, with specificity, the reasons why the infraction could not be completed sooner and steps that were taken to complete it.

416R

| | EFFECTIVE DATE<br>**03/29/06** | SUBJECT<br>**INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|---|
| | CLASSIFICATION #<br>**6500R-B** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>[X] YES    [ ] NO | PAGE **3** OF<br>**21** PAGES |

## III.   PROCEDURES (cont.)

4.   The supervisor conducting the investigation will interview the inmate(s) involved. In cases where the rule violation in question could lead to a subsequent criminal prosecution, the supervisor will inform the inmate that while the investigation is not pursuant to a criminal proceeding, statements made by the inmate may be used against him/her in a subsequent criminal trial. The inmate must also be informed that he/she may remain silent, and that his/her silence will not be used against him/her. The supervisor will also interview the employee filing the report and all witnesses to the incident to ascertain the facts. The supervisor will examine and secure any physical evidence or contraband. The supervisor will then decide if there is reasonable cause to proceed with disciplinary action.

5.   If the supervisor determines that the Report and Notice of Infraction is inadequate, he/she shall ensure that the report is revised. If the supervisor determines that no disciplinary action is warranted, he/she should check the "No" box on the Investigation Report (Form # 6500B) next to question "Hearing Recommended?"

6.   If, after concluding the investigation, the supervisor decides that there is reasonable cause to proceed with a hearing, he/she should check the "Yes" box on the Investigation Report (Form # 6500B) next to question "Hearing Recommended?" The inmate should then be served with a Report and Notice of Infraction specifying the charges against him/her. This Notice must be specific and must include, at a minimum, details as to the time and place of the rule violation(s), and a description of the inmate's behavior. The Notice must be served at least 24 hours before the commencement of the hearing to give the inmate an opportunity to prepare his/her defense.

Where two (2) or more incidents are involved, all may be incorporated in a single report, but each incident must be separately described. Separate charges may be included for each offense.

The inmate will be asked to sign the Report and Notice of Infraction as proof of receipt. If the inmate does not sign the Notice, a staff member other than the person serving the Notice must note the inmate's refusal on the Notice and include his/her name and shield number legibly. Any member of the staff, except those who participated in the incident, may serve the inmate with the Report and Notice of Infraction.

When necessary to protect personal safety or institutional security, a supervisor may refer to, but omit confidential information from, the Report and Notice of Infraction.

416R

| | EFFECTIVE DATE **03/29/06** | SUBJECT **INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|---|
|  | CLASSIFICATION # **6500R-B** | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING [X] YES [ ] NO | PAGE 4 OF **21** PAGES |

## III.   PROCEDURES (cont.)

7.   Prior to the submission of the infraction and related documentation to the Security Office, the Tour Commander shall review and initial all infractions. Any deficiencies shall be corrected by the Investigating Supervisor.

8.   The Report and Notice of Infraction may be rewritten after the inmate is served and before the hearing begins. In such cases, the rewritten Report and Notice of Infraction should be marked "Amended" directly after the infraction #. If that happens, the inmate charged will be served with a copy of an amended Report and Notice of Infraction and will be given at least twenty-four (24) hours from the time he/she receives the amended Report and Notice of Infraction to prepare his/her defense.

9.   Once a copy of the Report and Notice of Infraction is served upon the inmate, copies of the Report and Notice of Infraction, along with copies of any relevant reports relied upon in the decision to proceed with the hearing, and physical evidence or a facsimile of such shall be forwarded to the Correction Officer assigned by the facility's Deputy Warden for Security to assist the Adjudication Captain.

10.   If the inmate is transferred to another facility pending the hearing, the Report and Notice of Infraction, and all underlying documentation and physical evidence shall be forwarded to the Correction Officer assigned by the receiving facility's Deputy Warden of Security to assist the Adjudication Captain. It shall be the responsibility of the Security Captain or Tour Commander, as designated by the Commanding Officer at the receiving facility to ensure that the inmate receives a copy of the Report and Notice of Infraction, and that all underlying documentation is available for the inmate's review. (See Section III.A.6.)

B.   PRE-HEARING DETENTION (PHD)

1.   Eligibility Criteria

a.   Inmates who may be placed in PHD status shall include those who are under investigation for or charged with a disciplinary infraction and:

i.   Are reasonably believed by the Tour Commander to have committed one or more of the following offenses:

·   Stabbing or slashing;

·   Assault resulting in death or serious injury;

·   Sexual assault; and

416R

| | EFFECTIVE DATE<br>**03/29/06** | SUBJECT<br>**INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|---|
|  | CLASSIFICATION #<br>**6500R-B** | |  |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>[X] YES   [ ] NO | PAGE **5** OF<br>**21** PAGES |

III.   **PROCEDURES (cont.)**

- Escape/attempted escape;

     Or:

ii.   Whose removal from general population is necessary to:

- Protect any person, including but not limited to staff or inmates prior to a disciplinary hearing;

- Prevent an inmate from intimidating or coercing other inmates to give false testimony or to refuse to testify at a hearing; and

- Protect other significant safety and security interests of the Department.

2.   Pre-Hearing Detention (PHD)

a.   An inmate in Pre-Hearing Detention (PHD) shall be afforded one hour of individual recreation per day; and shall be entitled to services in accordance with Directive 4501R-A. An inmate may be placed in Pre-Hearing Detention prior to being served with a "Report and Notice of Infraction."

b.   The infraction hearing of an inmate in PHD shall be completed within three (3) business days of the inmate's transfer to PHD housing whenever possible. After the completion of the infraction hearing pursuant to Section III.C of this Directive, if the inmate is found guilty of any infractions of Department rules, he/she shall receive credit for the time spent in PHD towards his/her punitive segregation time.

c.   If the infraction hearing cannot be completed within three (3) business days, an Adjudication Captain shall assess whether it is likely that the hearing will be completed within another three (3) business days. If so, the Captain may extend the PHD placement once only for a maximum of another three (3) business days. If the hearing clearly will not be completed within the maximum extension time, or the infraction hearing is in fact not completed after this extension of PHD, the Chief of Facility Operations or his/her designee shall determine whether the inmate needs to be placed in Close Custody, in which case an Adjudication Captain will hold a hearing pursuant to the Close Custody Directive to determine whether the inmate should remain in Close Custody in accordance with the Close Custody Directive.

416R

| | EFFECTIVE DATE **03/29/06** | SUBJECT **INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|---|
|  | CLASSIFICATION # **6500R-B** | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☒YES ☐NO | PAGE **6** OF **21** PAGES |

III.    PROCEDURES (cont.)

    d.    An inmate in PHD may be released from PHD at any time if the Chief of Facility Operations or his/her designee determines that retention of that inmate in PHD is not necessary for the safety or security of that inmate or others in the Department.

    3.    Placement in PHD:

        a.    Prior to placement in PHD, an inmate must be cleared by Mental Health pursuant to Directive #4501R-A (Section IV.A.) If the inmate is cleared, the Tour Commander may authorize the immediate placement of an inmate into PHD status. The Tour Commander must ensure that the inmate is provided with a "Notice of Pre-Hearing Detention," Form #6500C at the time of his placement.

        b.    Once the Tour Commander has placed an inmate in PHD, he/she must immediately notify C.O.D. to inform the Officer of the Day (O.D.) (during non-business hours) and the Chief of Facility Operations of that placement (during business hours). Additionally, the Commanding Officer shall review the placement within one (1) business day of the inmate's transfer to PHD.

        c.    It shall be the responsibility of the Commanding Officer of the facility initiating the PHD placement to ensure that a complete and accurate infraction package is completed in a timely fashion and, if the inmate is transferred to another facility for confinement in PHD status, that the infraction is forwarded to that facility.

C.    INFRACTION HEARING PROCEDURES

    1.    Hearings will be conducted by a Captain from the Adjudication Unit, which is a unit of the Legal Division. The Adjudication Unit is composed of Captains and an Assistant Deputy Warden who reports to the General Counsel and supervises the Captains assigned to the Adjudication Unit. The Captains' sole function is to conduct disciplinary and due process hearings and other business for the Legal Division. The Captains in the Unit rotate among the facilities every four (4) weeks, but they do not report to the Commanding Officer of the facility to which they are assigned.

    2.    The Adjudication Captain for a particular infraction hearing will not be the reporting employee, the supervisor who conducted the investigation, or a witness to the incident. Hearings must take place within three (3) business days of service of the Report and Notice of Infraction on the inmate, excluding:

416R



| EFFECTIVE DATE<br>03/29/06 | SUBJECT |
|---|---|
| CLASSIFICATION #<br>6500R-B | **INMATE DISCIPLINARY DUE PROCESS** |

| DISTRIBUTION<br>A | APPROVED FOR WEB POSTING<br>[X] YES   [ ] NO | PAGE **7** OF<br>**21** PAGES |



III.   **PROCEDURES (cont.)**

    a.   The day the inmate is served;

    b.   When the inmate has a court appearance, whether in person or via a video-teleconference, and is therefore unavailable for the hearing;

    c.   When the inmate is hospitalized and unable to attend a disciplinary hearing, or is transferred out of the facility for a hospital or clinic appointment;

    d.   When the inmate leaves the facility for an attorney interview and is therefore unavailable for the hearing;

    e.   When the inmate is unavailable because he/she is transferred to another facility; and

    f.   When the inmate is unavailable due to his/her absence from the facility for any purpose, including significant family events or emergency situations.

Upon receiving notification by the facility, the Assistant Deputy Warden assigned to the Legal Division shall make arrangements to provide hearings for infracted intermittent inmates.

3.   The Correction Officer assigned by the facility to assist the Adjudication Captain shall be responsible for recording all infractions processed by the Adjudication Captain in a logbook established exclusively for such purpose. The information to be maintained shall include the following:

    a.   Infraction number;
    b.   Inmate's name;
    c.   N.Y.S.I.D. #;
    d.   Inmate's commitment number;
    e.   Date of incident;
    f.   Time of incident;
    g.   Location of incident;
    h.   Inmate's housing area;
    i.   Name of individual who wrote the infraction;
    j.   Investigating Captain;
    k.   Rule violation;
    l.   Inmate's statement;
    m.   Hearing date;
    n.   Adjudication Captain's name;
    o.   Inmate's plea to charge(s);

416R

| | EFFECTIVE DATE 03/29/06 | SUBJECT INMATE DISCIPLINARY DUE PROCESS | | |
|---|---|---|---|---|
|  | CLASSIFICATION # 6500R-B | | |  |
| | DISTRIBUTION A | APPROVED FOR WEB POSTING [X] YES  [ ] NO | PAGE 8 OF 21  PAGES | |

III.   PROCEDURES (cont.)

    p.    Tape number; and

    q.    Disposition.

4.    Prior to calling the infracted inmate for his/her hearing, the Adjudication Captain shall review the Report and Notice of Infraction to determine whether there are due process violations within the Report and Notice of Infraction that may require the dismissal of the infraction. Due process violations include the following:

    a.    There is no proof of service on the Report and Notice of Infraction – the infracted inmate did not sign the Report and Notice of Infraction acknowledging receipt of the charges nor was any notation made by staff that the inmate was served with the charges but refused to sign the Report and Notice of Infraction.

    b.    There is contradictory information and/or inconsistent allegations or facts recited in the Report and Notice of Infraction that relate to the alleged misbehavior and are material to the charge(s).

    c.    The "Details of Incident" section on the Report and Notice of Infraction is so vague as to fail to give the infracted inmate adequate notice of the charge(s) against him/her.

    d.    There is incorrect material information within the body of the charge(s). If the error is purely technical, e.g., an incorrect charge number is given on the Notice of Infraction, but the actual misconduct is adequately recited in the form, then a correction may be made by the Adjudication Captain, so long as a record of such correction is made. If the error is substantive, the Adjudication Captain should not correct the error on the Notice of Infraction, but may dismiss the charge.

    e.    The Investigating Captain was a witness to and/or a participant in the incident, which formed the basis of the charge(s).

    f.    Investigation of the infraction was not commenced within twenty-four (24) hours of the incident.

5.    Dismissals based solely on due process violations do not constitute "not guilty" findings. They are not considered dismissals on the merits of the case(s). The dismissal of such infraction(s) does not preclude the institution from redrawing the charges and serving the inmate with the amended infraction(s), except if the due process violation falls within Section III.C.4.e. of this Directive.

416R



| EFFECTIVE DATE 03/29/06 | SUBJECT **INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|
| CLASSIFICATION # **6500R-B** | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING  [X] YES  [ ] NO | PAGE **9** OF **21** PAGES |



## III.    PROCEDURES (cont.)

a.    If the institution elects to redraw the charges and serve the inmate with an amended Report and Notice of Infraction, on rehearing the infraction the Adjudication Captain must determine whether the delay in processing the infraction was prejudicial to the inmate and so state in detail in the Hearing Report and Notice of Disciplinary Disposition. (See Attachment D; Hearing Report and Notice of Disciplinary Disposition, Form #6500D.) Factors to be considered include whether the inmate would be unable to call and/or locate necessary witnesses or obtain needed documentation. If no prejudice to the inmate's ability to prepare and present a defense was caused by the delay, the Adjudication Captain should proceed with the disciplinary hearing.

b.    If an inmate is served more than three (3) business days after the incident, the Adjudication Captain must determine whether the inmate has been prejudiced by the extension of time. The Adjudication Captain must set forth in detail in the Hearings Report and Notice of Disciplinary Disposition his/her basis for the resulting determination.

6.    At the commencement of the infraction hearing, the Adjudication Captain must begin audiotaping the hearing, in accordance with the procedures set forth in Attachment K, Audio-taping Procedures. The Adjudication Captain must ascertain the name and book and case number of the inmate before him/her to ensure that he/she is the inmate charged. The inmate should be asked to present his/her Identification Card and the information contained thereupon should be checked against the infraction. The Adjudication Captain shall, upon such verification, identify him/herself to the inmate.

7.    The Adjudication Captain shall check that the Report and Notice of Infraction was served on the inmate at least twenty-four (24) hours before the commencement of the hearing. The inmate may waive the 24 Hour notice period in writing. If the inmate waives the notice period, the Adjudication Captain shall so note on the taped record.

a.    If there is no proof of service, i.e., no inmate signature or signature of a staff witness to the service, the Adjudication Captain will personally serve the inmate with a copy of the Report and Notice of Infraction when he/she appears for the hearing and then adjourn the hearing until the twenty-four (24) hour notice period has elapsed, unless the inmate waives the 24-hour notice period in writing on the Hearing Report and Notice of Disciplinary Disposition.





416R

| EFFECTIVE DATE 03/29/06 | SUBJECT |  |
|---|---|---|
| CLASSIFICATION # 6500R-B | INMATE DISCIPLINARY DUE PROCESS |  |
| DISTRIBUTION A | APPROVED FOR WEB POSTING [X] YES [ ] NO | PAGE 10 OF 21 PAGES |

## III.    PROCEDURES (cont.)

8.    The hearing is an administrative process for the prompt resolution of disciplinary charges within a correctional facility. Court rules of evidence do not apply. If security concerns preclude a hearing in the usual hearing location, the hearing may take place in another area of the facility or in another facility.

9.    Inmates Rights - The Adjudication Captain will advise the infracted inmate that he/she has the following rights at the hearing:

    a.    The Right to Appear - An inmate has the right to appear personally unless he/she waives his/her appearance in writing or refuses to attend the hearing.

    b.    The Right To Make Statements - An inmate has the right to make statements. In cases where the infraction in question could lead to a subsequent criminal prosecution, the Adjudication Captain must inform the inmate that while the proceeding is not a criminal one, the statements made by the inmate may be used against him/her in a subsequent criminal trial. The inmate must also be informed that he/she may remain silent, and that his/her silence will not be used against him/her.

       If the inmate has been given Miranda warnings as a result of the incident, the Adjudication Captain shall inquire if the inmate wishes to make any statements in light of these warnings.

    c.    The Right to Present Material Evidence - An inmate has the right to present material, relevant and non-duplicative evidence. Any material introduced at a hearing or relied on by the facility in support of the infraction must be presented, subject to applicable redactions of confidential informant and/or security related information must be shown to the accused inmate. The Department is not required to disclose to an inmate the identity of persons supplying confidential information to the Department or other law enforcement agencies. If after being shown such evidence at the hearing the inmate requires and requests additional time an adjournment may be granted.

    d.    The Right to Present Witnesses - An inmate has the right to have witnesses, both inmate and staff, testify at the hearing in the presence of the infracted inmate; provided they are reasonably available and attending the infraction hearing will not be unduly hazardous to institutional safety or correctional goals.

416R



| EFFECTIVE DATE **03/29/06** | SUBJECT | |
|---|---|---|
| CLASSIFICATION # **6500R-B** | **INMATE DISCIPLINARY DUE PROCESS** |  |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING  [X] YES   [ ] NO | PAGE **11** OF **21** PAGES |

## III.   PROCEDURES (cont.)

    e.    The Right to Assistance of Hearing Facilitator

        i.    A Hearing Facilitator is a civilian employee of the Department, usually a Legal Coordinator from the Law Library, or a Counselor; he/she is not an attorney. He/she shall assist the inmate by clarifying the charges and explaining the disciplinary process; by gathering information, either testimonial or documentary; and by explaining the appeal process to the infracted inmate. The Hearing Facilitator will not advocate for or defend the inmate against the charges. The Adjudication Captain may adjourn the hearing for the inmate to receive this assistance. If the inmate requests the assistance of a Hearing Facilitator and that request is denied by the Adjudication Captain, he/she shall state the reasons for denying the request in the hearing record.

        ii.    An inmate may ask for a Hearing Facilitator in the following circumstances:

            1.    The inmate is illiterate; or

            2.    The case is very complicated; or

            3.    There is some other reason, which has prevented the inmate from obtaining witnesses or material evidence.

        iii.    An inmate has the right to assistance of a Hearing Facilitator if the Adjudication Captain cannot obtain material evidence or witnesses requested by the inmate or the Adjudication Captain deems that a Hearing Facilitator is necessary.

    f.    The Right to an Interpreter - An inmate has the right to an interpreter in his/her native language if he/she does not understand or is not able to communicate in English well enough to conduct the hearing in English. The Adjudication Captain shall take reasonable steps to obtain an interpreter for the inmate. If an interpreter is utilized, the interpreter shall sign the Hearing Report and Notice of Disciplinary Disposition in the interpreter section indicating his/her presence at the hearing.

    g.    The Right to Appeal - An inmate who is found guilty at a disciplinary hearing has the right to appeal an adverse decision within two business days of receipt of the Notice of Disciplinary Disposition. (See Section III.E. – Appeals.)

416R



| EFFECTIVE DATE<br>03/29/06 | SUBJECT<br>**INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|
| CLASSIFICATION #<br>6500R-B | | |
| DISTRIBUTION<br>A | APPROVED FOR WEB POSTING<br>[X] YES   [ ] NO | PAGE **12** OF<br>**21**  PAGES |



### III.    PROCEDURES (cont.)

10.    The Adjudication Captain will ensure that the inmate has received copies of the charges. The Adjudication Captain will read the charges to the inmate and ask whether he/she understands them.

11.    Hearings may be held in absentia (without the inmate present) only under the following circumstances:

a.    The inmate is notified of the hearing and refuses to appear; or

b.    The inmate appears and is extremely disruptive, causing a situation, which is unduly hazardous to institutional safety, and necessitating his/her removal from the hearing room, thus constituting a constructive refusal to appear.

When either of these situations arises, the justification for holding the hearing in absentia must be clearly documented in the Adjudication Captain's decision.

12.    Once the Adjudication Captain has made certain that the infracted inmate understands the charges, in cases where the Report and Notice of Infraction reflects that the inmate was given Miranda warnings in connection with this infraction, the inmate must be informed that while the proceeding is not a criminal proceeding, the statements made by the inmate may be used against him/her in a subsequent criminal trial. The inmate must also be informed that he/she may remain silent, and that his/her silence will not be used against him/her.

13.    The Adjudication Captain shall inquire specifically if the inmate wishes to make any statements in light of these warnings. Then the  Adjudication Captain shall ask the inmate for his/her plea to the charges: guilty, not guilty or guilty with an explanation.

14.    Once apprised of the charges against him/her and advised of his/her rights and the possible penalties if found guilty, the infracted inmate shall be interviewed by the Adjudication Captain outside the presence of any and all witnesses, including those the inmate wishes to call on his/her own behalf.

15.    The testimony of the infracted inmate shall be documented on the Hearing Report and Notice of Disciplinary Disposition. Additionally, the entire hearing shall be recorded on tape in accordance with the procedures set forth in Attachment K.

416R

| | EFFECTIVE DATE<br>**03/29/06** | SUBJECT<br><br>**INMATE DISCIPLINARY DUE PROCESS** | |  |
|---|---|---|---|---|
| | CLASSIFICATION #<br>**6500R-B** | | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>**X** YES ☐ NO | PAGE **13** OF<br>**21** PAGES | |

### III.   PROCEDURES (cont.)

16.   For infractions involving Use of Force/Injury: If the infracted inmate makes any allegation that staff used unnecessary or excessive force in connection with the incident giving rise to the charges levied against him/her, the Adjudication Captain shall report such allegation per existing Departmental procedures. Unless the Adjudication Captain believes that additional investigation is necessary, the Adjudication Captain should conduct the disciplinary proceeding and determine whether the inmate is guilty of the infraction with which he/she has been charged.

a.   The Adjudication Captain should review all of the relevant evidence, including injury reports and physical evidence. The Adjudication Captain should make a rational determination of how, why and where injuries were inflicted on the inmate and/or the staff person involved.

17.   If the infracted inmate makes any allegation of abuse of authority, malfeasance or corruption on the part of Department of Correction personnel, that allegation shall be reported in writing directly to the Inspector General's Office.

18.   If during the hearing the infracted inmate exhibits any unusual behavior that may indicate a need for a mental health evaluation, appears unable to understand the nature of the proceedings due to mental or emotional disturbance, express a desire to harm and/or kill him/herself, or a witness relates that the infracted inmate has shown evidence of being a suicide risk, the hearing shall be adjourned and the Adjudication Captain shall refer the infracted inmate to Mental Health for evaluation. If Mental Health determines that the infracted inmate is competent to proceed and that continuing the hearing does not present a risk, the hearing shall be reconvened. If Mental Health determines that an inmate is not competent to proceed at that time, the hearing shall be adjourned pending a further evaluation by Mental Health.

19.   Witnesses at the Hearing: The Adjudication Captain shall ask the inmate if he/she wishes to call any witnesses. This shall be done whether or not there is an indication on the Report and Notice of Infraction that the inmate requested witnesses at the hearing.

a.   If the inmate waives his/her right to have witnesses appear on his/her behalf, the inmate shall so indicate on the Hearing Report and Notice of Disciplinary Disposition Form and sign same.

416R

| | EFFECTIVE DATE<br>03/29/06 | SUBJECT | | |
|---|---|---|---|---|
|  | CLASSIFICATION #<br>6500R-B | INMATE DISCIPLINARY DUE PROCESS | |  |
| | DISTRIBUTION<br>A | APPROVED FOR WEB POSTING<br>[X] YES   [ ] NO | PAGE 14 OF<br>21 PAGES | |

### III.   PROCEDURES (cont.)

     b.    If the inmate wishes to call inmate or staff witnesses, the witnesses should be called in accordance with the procedures set forth in Section III.C.9.d. of this Directive.

     c.    If an inmate witness requested by the infracted inmate is no longer in the Department's custody, or cannot be called within a reasonable time, that fact should be noted on the Hearing Report and Notice of Disciplinary Disposition.

20.    If the witness is not reasonably available, the Adjudication Captain may obtain the witness' written statement and substitute the statement for the witness' testimony. Statements taken from a witness who is not present at the hearing shall be made known to the inmate, and the inmate afforded an opportunity to respond on the record.

21.    For safety and security purposes, the Adjudication Captain may question a witness outside of the presence of the inmate. In these instances the Adjudication Captain will ask the inmate what questions he/she would like to ask the witness and will pose these to the witness. This would also apply to any witness who is not reasonably available.

22.    When an inmate witness testifies at an infraction hearing, the Adjudication Captain must ascertain the name and book and case number of the inmate witness. The Adjudication Captain shall verify the identity of the inmate witness present and put the information on the record.

23.    There is no minimum or maximum number of witnesses who may be called. All witnesses must give factual testimony as to some element of the charge against the infracted inmate; however, the Adjudication Captain may impose reasonable limits on the number of witnesses an inmate may call.

24.    The Adjudication Captain will determine whether a witness may testify and the conditions under which that testimony will be given. Witnesses must provide material testimony that is not repetitive of other testimony already in the record, although a witness will not be excluded solely because his/her testimony addresses the same subject as that of another witness. When a question arises whether an inmate should be allowed to call a staff or inmate witness, the Adjudication Captain will ask the inmate to state what the witness is expected to say.

416R



| EFFECTIVE DATE 03/29/06 | SUBJECT | |
|---|---|---|
| CLASSIFICATION # 6500R-B | INMATE DISCIPLINARY DUE PROCESS | |
| DISTRIBUTION A | APPROVED FOR WEB POSTING [X] YES [ ] NO | PAGE 15 OF 21 PAGES |



III.   PROCEDURES (cont.)

25.   The Adjudication Captain will show the inmate the testimony of any witness who testifies outside the inmate's presence, except where confidential information is provided and safety or security would be jeopardized if that information was revealed. When an inmate is not afforded an opportunity to review the testimony of a witness not present at the hearing, the substance of the testimony should be provided to the inmate, and he/she afforded the opportunity to respond on the record.

26.   When witnesses are questioned outside the presence of the inmate, their statements should be recorded on the Inmate Witness Statement (See Attachment E; Form #6500E) or Staff Witness Statement (See Attachment G; Form #6500G) forms, and the witness shall be asked to sign such form. Adjudication Captain shall make a part of the record why this was done. If an inmate is excluded during the testimony of a witness, the Adjudication Captain will play the taped testimony of that witness's testimony to the inmate so that he/she may respond, except where confidential information is provided and/or someone's personal safety would be jeopardized if that information was revealed. The Adjudication Captain must make an independent assessment of the credibility of any confidential informant and document the assessment in detail in the Hearing Report and Notice of Disciplinary Disposition without revealing any confidential information. When for security reasons an inmate is not afforded an opportunity to listen to the taped testimony of a witness not present at the hearing, the substance of the testimony should be provided to the inmate, and he/she afforded the opportunity to respond on the record.

27.   The Adjudication Captain shall summarize the testimony of each witness on the Hearing Report and Notice of Disciplinary Disposition and the witness shall sign this form indicating his/her presence at and participation in the hearing.

28.   Inmate witnesses who refuse to testify shall be asked to state their reasons for such refusal and to sign the Refusal to Testify Form. (See Attachment F; Inmate Refusal to Testify as a Witness, Form #6500F.) If either the Witness Statement Form or the Refusal to Testify Form is utilized, it shall be made part of the record in the case.

416R

| | EFFECTIVE DATE **03/29/06** | SUBJECT **INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|---|
|  | CLASSIFICATION # **6500R-B** | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING [X] YES [ ] NO | PAGE **16** OF **21** PAGES |

## III.   PROCEDURES (cont.)

29.   Once the hearing has begun, the Adjudication Captain will make a reasonable effort to conclude the hearing in one session. Adjournments may be granted if an inmate requests additional time to locate witnesses or prepare his/her defense. Adjudication Captains may also adjourn a hearing in order to question additional witnesses not available at the time of the hearing, gather further information, refer a case to Mental Health, or if issues are raised that require further investigation or clarification in order to reach a decision.

30.   When a case is adjourned, the adjournment and the underlying reason(s) for it must be stated on the record and noted on the Hearing Report and Notice of Disciplinary Disposition. Adjournments should be as brief as possible.

31.   The Adjudication Captain may question any party or witness about any relevant matter to help in reaching a fair decision based on the facts. The hearing shall be recorded on tape, in accordance with the procedures set forth in Attachment K. The Hearing Report and Notice of Disciplinary Disposition shall be a summary of the testimony and evidence presented.

32.   The record of the hearing shall include a description of each document provided by the facility to the Adjudication Captain, a description of each document provided by the Adjudication Captain to the infracted inmate, together with a list of documents, or portions of documents, withheld from the inmate, a list of witnesses requested by the inmate, a list of witnesses who testified, an indication whether the inmate was present when each witness testified, and an indication whether a Hearing Facilitator was requested and if so, was present during the hearing.

33.   After the hearing concludes, the Adjudication Captain will weigh the evidence presented at the hearing and reach a decision as to the inmate's guilt or innocence and the appropriate disposition or penalty, if any, to be imposed.

34.   The Department has the burden of proof in all inmate disciplinary proceedings. The Adjudication Captain must be persuaded by a preponderance of the credible evidence (greater than 50%) that an inmate committed the alleged violation or some lesser included violation, as described in Attachment I of this Directive, in order to find him/her guilty (See Attachment I; Description of Lesser Included Offenses).

416R



| EFFECTIVE DATE<br>03/29/06 | SUBJECT<br>**INMATE DISCIPLINARY DUE PROCESS** | |
| CLASSIFICATION #<br>**6500R-B** | | |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☒ YES   ☐ NO | PAGE **17** OF<br>**21** PAGES |



### III.   PROCEDURES (cont.)

35.   Infractions may be dismissed for lack of evidence if no physical evidence or facsimile thereof is provided in a case in which the charges hinge on the existence of such object, or if testimonial, documentary or physical evidence is insufficient to substantiate the charges as presented.

36.   A disposition shall be reached within five (5) business days after the conclusion of the hearing. The Adjudication Captain must complete the Hearing Report and Notice of Disciplinary Disposition. The inmate will receive a Notice of Disciplinary Disposition within one business day after the Adjudication Captain makes a decision.

37.   Inmates in Pre-Hearing Detention status must receive a Notice of Disciplinary Disposition within one business day of the conclusion of the hearing. If the inmate has been transferred to another facility in the interim, he/she will be served with the Disposition as soon as it is reasonably possible to do so.

38.   The disposition shall be supported by substantial evidence and shall be in writing and shall contain the following:

    a.   A finding of guilt or innocence on each charge in the infraction;

    b.   The evidence relied upon by the Adjudication Captain in reaching such finding;

    c.   The sanctions imposed, if any;

    d.   The testimony of each witness should be summarized and either credited or rejected, with a statement of the reasons therefore.

### D.   PENALTIES THAT CAN BE ADMINISTERED

1.   The authorized dispositions that the Adjudication Captain may impose include:

    a.   Reprimand;

    b.   Loss of one or more privileges, temporarily or permanently, but no inmate shall be deprived of the following rights:

        i.   Receiving visitors, although contact visits may be replaced with non-contact visits if the penalty is pursuant to a visit related infraction including receiving contraband;

416R



| | | |
|---|---|---|
| EFFECTIVE DATE<br>**03/29/06** | SUBJECT | |
| CLASSIFICATION #<br>**6500R-B** | **INMATE DISCIPLINARY DUE PROCESS** | |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>[X] YES  [ ] NO | PAGE **18** OF<br>**21** PAGES |



III.   **PROCEDURES (cont.)**

   ii.   Sending or receiving mail;

   iii.   Contacting legal counsel;

   iv.   Recreation (unless an inmate is found guilty of an infraction that occurred in a recreation area).

c.   Loss of part or all good time, if sentenced;

d.   Punitive Segregation for a period not to exceed ninety (90) days for each disciplinary charge. The Adjudication Captain will make the final determination whether multiple charges shall be served consecutively or concurrently; moreover, if a PHD inmate is found guilty and the penalty administered is a period of Punitive Segregation, the time the inmate served in PHD shall be credited towards the penalty imposed;

e.   Restitution for costs incurred by the City as permitted by law, including restitution for costs of restoration or replacement of property intentionally damaged or destroyed;

f.   Any combination of the above;

g.   Penalties detailed in Attachment J (See Attachment J; List of Penalties That Can Be Administered);

h.   The third time an inmate is found guilty of committing a rule violation for the same offense, including any subdivision of the rule violation specified in that offense, within his/her current term of incarceration, the Adjudication Captain may sentence that inmate to a penalty within the normative range prescribed for the next higher grade of offenses. For example, the third time an inmate is found guilty of violating any of the Grade III rules for an identification procedures offense, Rules 115.10, 115.11 or 115.12, that inmate may be given a Grade II sentence. No inmate found guilty of a Grade II offense, even one who has been found guilty three (3) previous times during the current period of incarceration of the same offense, shall be sentenced to more than forty (40) days in Punitive Segregation;

i.   A $5.00 (five dollar) disciplinary surcharge shall be imposed on all inmates found guilty of Grade I or Grade II offenses.

416R

| | EFFECTIVE DATE<br>**03/29/06** | SUBJECT<br>**INMATE DISCIPLINARY DUE PROCESS** |  |
|---|---|---|---|
| | CLASSIFICATION #<br>**6500R-B** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>[X] YES  [ ] NO | PAGE **19** OF<br>**21** PAGES |

## III.   PROCEDURES (cont.)

2.   If an inmate has been found guilty of multiple charges the Adjudication Captain must decide whether the penalties should be served concurrently or consecutively. An inmate may be found guilty of and sentenced for multiple charges only if the violations are specifically charged individually and each separate violation is proven by a preponderance of the evidence.

3.   If an inmate believes that the decision was in error or that a penalty should be reduced, he/she has a right to appeal, in accordance with the procedures set forth in Section III.E. of this Directive, entitled, "Appeals." The Adjudication Captain must inform an inmate of his/her right to appeal and to whom an appeal must be forwarded.

4.   If an inmate is released on bail or on his/her own recognizance, is discharged, or is transferred to the custody of another jurisdiction or agency before he/she commences the infraction hearing, the Adjudication Captain may suspend the hearing pending the inmate's possible return to DOC custody. If the inmate returns and the infraction hearing is recommenced, the Adjudication Captain then presiding shall determine whether the passage of time since the suspension of the hearing has prejudiced the inmate.

5.   If an inmate is released on bail or on his/her own recognizance, is discharged, or is transferred to the custody of another jurisdiction or agency before he/she finishes serving his/her Punitive Segregation sentence, and/or before he/she makes restitution in accordance with a penalty imposed as a result of a disciplinary hearing, the transfer will interrupt the sentence being served and the interruption will continue until the inmate returns to the jurisdiction of the Department, at which time he/she may be required to serve the balance owed and/or finish making restitution.

### E.   APPEALS

1.   An inmate who is found guilty at a disciplinary hearing has the right to appeal an adverse decision. The appeal shall be submitted on Form 6500H, Notice of Appeal of Disciplinary Disposition, within two (2) business days of the inmate's receipt of the disposition, specifying the grounds for the appeal. (See Attachment H.)

2.   The appeal must be in writing, must be based on facts already in the record and must clearly set forth the basis for the appeal except that an inmate may raise any newly discovered evidence at his/her appeal. He/she may appeal based on the belief that there was a due process violation, that there was insufficient evidence to support a guilty finding, or because the Adjudication Captain was biased.

416R



| EFFECTIVE DATE 03/29/06 | SUBJECT | |
|---|---|---|
| CLASSIFICATION # 6500R-B | INMATE DISCIPLINARY DUE PROCESS |  |
| DISTRIBUTION A | APPROVED FOR WEB POSTING  [X] YES  [ ] NO | PAGE 20 OF 21 PAGES |

III.   **PROCEDURES (cont.)**

3.   An inmate must file a Department appeal before bringing a writ to challenge the Department's decision. Such appeal must be filed within two (2) days of service of the Notice of Disciplinary Disposition on the inmate.

    a.   If he/she is found guilty of a Grade III offense, or a Grade II offense with a penalty of less than thirty (30) days time in Punitive Segregation, the inmate may appeal to the Commanding Officer of the institution in which the infraction occurred. A decision on the appeal shall be rendered and delivered by the Department to the inmate within five (5) business days after receipt of the appeal by the Warden.

    b.   If, as a result of a disposition, the inmate receives a penalty of thirty (30) days or more in Punitive Segregation, he/she may appeal to the General Counsel. A decision on the appeal shall be rendered and delivered by the Department to the inmate within five (5) business days after receipt of the appeal by the General Counsel.

4.   In the event that the Commanding Officer or the General Counsel determines that additional documentation or information is needed to adequately respond to the inmate's appeal, the time limit shall be extended and the reason for the delay noted on the inmate's appeal.

5.   A penalty may remain the same or be lowered as a result of an appeal, but it cannot be increased.

6.   If, as a result of an appeal, an inmate's conviction is reversed or an inmate's penalty is decreased, the inmate's record (I.I.S. and legal folder) as well as infraction logbook shall be corrected to reflect that action.

7.   After an inmate has exhausted his/her Departmental appeal, the inmate may file a petition for a writ under Article 78 CPLR in the appropriate court. If an inmate's Departmental appeal is not decided within ten (10) business days after the appeal is submitted, the inmate may file an Article 78 proceeding and the Department may not raise the defense of exhaustion (that the inmate failed to exhaust his/her administrative remedies) at the Article 78 proceeding.

8.   If the inmate receives a favorable decision, the Department records shall be corrected to reflect the Court's decision and filed in the inmate's legal folder.

416R

| | EFFECTIVE DATE<br>**03/29/06** | SUBJECT<br>**INMATE DISCIPLINARY DUE PROCESS** | |
|---|---|---|---|
| | CLASSIFICATION #<br>**6500R-B** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>[X] YES  [ ] NO | PAGE **21** OF<br>**21** PAGES |

## IV. REFERENCES

A.   Directive #4016R, entitled "Mental Health Referral of Inmates Awaiting Disciplinary Action," dated 08/02/99.

B.   Directive #6006, entitled "Close Custody," dated 10/14/05.

## V. ATTACHMENTS

Attachment A:  Report and Notice of Infraction, Form #6500A, dated 11/16/05.

Attachment B:  Investigation Report, Form #6500B dated, 11/16/05.

Attachment C:  Notice of Pre-Hearing Detention, Form #6500C, dated 10/14/05.

Attachment D:  Hearing Report and Notice of Disciplinary Disposition, Form #6500D, dated 11/16/05.

Attachment E:  Inmate Witness Statement, Form #6500E, dated 10/14/05.

Attachment F:  Inmate Refusal to Testify as a Witness, Form # 6500F, dated 10/14/05.

Attachment G:  Staff Witness Statement, Form #6500G, dated 10/14/05.

Attachment H:  Notice of Appeal of a Disciplinary Disposition, Form #6500H, dated 10/14/05.

Attachment I:   Description of Lesser Included Offenses, dated 10/14/05.

Attachment J:  Penalties that can be Administered, dated 10/14/05.

Attachment K:  Audio - Taping Procedure, dated 10/14/05.

## VI. SUPERSEDES

A.   Directive #6500R-A, entitled "Inmate Disciplinary Due Process," dated 10/14/05 (as amended).

B.   Any Directives or Operation Orders that conflict with this Directive.

| CORRECTION DEPARTMENT<br>CITY OF NEW YORK | ATTACHMENT<br>A |
|---|---|
| REPORT AND NOTICE OF INFRACTION | Form: 6500A<br>Rev.: 02/09/07<br>Ref.: Dir. #6500R-B |



| Infraction #: | Institution: | | Date of<br>Incident: | Date of<br>Report: |
|---|---|---|---|---|
| Inmate Name (Last, First): | | | B&C/<br>Sentence #: | NYSID #: |
| Location of Incident (Be Specific): | | | Housing Area<br>Location: | Approximate Time of<br>Incident:            Hrs. |

| Charge # | Offense | Charge # | Offense |
|---|---|---|---|
| | | | |

| Reporting Official (Print Name, Rank and Shield #): | Reporting Official (Signature): |
|---|---|

**Details of Incident (Include details as to How, When and Where Infraction was Committed):**

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator if Adjudication Captain deems one is necessary.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to ninety (90) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A twenty five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense.
You have the right to appeal an adverse decision rendered by the Adjudication Captain.

| Interpreter Requested: | ☐ Yes  (If yes, include what language) | | ☐ No | |
|---|---|---|---|---|
| Hearing Facilitator Requested: | ☐ Yes  ☐ No | | | |
| Witness(es) Requested: | ☐ Yes  (If yes, include witness(es) Name, Book and Case Number (if inmate)<br>or Shield/ID (if staff) and Location (if inmate) or Post (if staff). | | ☐ No | |

| Witness (Print Name): | B&C Number: | Location: |
|---|---|---|
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | Shield/ID Number: | Post: |

| I certify that I received<br>a copy of this notice: | Signature of Inmate: | Date: | Time: |
|---|---|---|---|
| Served by (Print Name, Rank and Shield #): | | Signature of Server: | |

**INMATE COPY**

| | CORRECTION DEPARTMENT<br>CITY OF NEW YORK | ATTACHMENT<br>A |  |
|---|---|---|---|
| | REPORT AND NOTICE OF INFRACTION | Form: 6500A<br>Rev. : 02/09/07<br>Ref. : Dir. #6500R-B | |

| Infraction #: | Institution: | Date of Incident: | Date of Report: |
|---|---|---|---|

| Inmate Name (Last, First): | | B&C/ Sentence #: | NYSID #: |
|---|---|---|---|

| Location of Incident (Be Specific): | Housing Area Location: | Approximate Time of Incident:          Hrs. |
|---|---|---|

| Charge # | Offense | Charge # | Offense |
|---|---|---|---|
| | | | |

| Reporting Official (Print Name, Rank and Shield #): | Reporting Official (Signature): |
|---|---|

Details of Incident (Include details as to How, When and Where Infraction was Committed):

You are entitled to a hearing for this infraction no sooner than twenty-four (24) hours after you are served with this notice. If you are a sentenced inmate and you commit an infraction within twenty-four (24) hours prior to your discharge, and have not reached your maximum sentence expiration date, you may be served with charges and held for a hearing. The Department will make every effort to hold this hearing within three (3) business days of the service of this notice. This three (3) business day period excludes the day you are served, weekends, holidays, days you go to court (whether in person or via teleconference), days you are hospitalized or at a hospital attending a clinic, days you leave the facility for an attorney interview, days you are unavailable because you are transferred to another facility and days you are unavailable due to your absence from the facility for any purpose. The three (3) business day period is automatically extended by one (1) business day if you are transferred to another facility prior to your hearing (unless you are a Pre-Hearing Detention Inmate). Commencement of a hearing after three (3) business days is at the discretion of the Adjudication Captain and is not barred by Department rules.

At your hearing you have the following rights:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.
2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.
3. Right to present material evidence.
4. Right to present witnesses.
5. Right to the assistance of a Hearing Facilitator if Adjudication Captain deems one is necessary.
6. Right to an interpreter if you cannot communicate well enough in English.
7. Right to appeal.

Within twenty-four hours of the Adjudication Captain reaching a decision of guilty, you will receive a copy of the "NOTICE OF DISCIPLINARY HEARING DISPOSITION" form informing you of the violation(s) you are found guilty of, the basis for that finding, the evidence relied upon and the penalty to be imposed. The following penalties are the maximum which may be imposed individually or in any combination:

1. Reprimand.
2. Loss of privileges.
3. Loss of good time if you are a sentenced inmate.
4. Punitive segregation for up to ninety (90) days per each applicable individual charge.
5. Restitution for intentionally damaging or destroying City property.

A twenty five ($25) dollar disciplinary surcharge will be imposed on all inmates found guilty of a Grade I or Grade II offense.
You have the right to appeal an adverse decision rendered by the Adjudication Captain.

| Interpreter Requested: | ☐ Yes  (if yes, include what language) _____ | ☐ No |
|---|---|---|

| Hearing Facilitator Requested: | ☐ Yes | ☐ No |
|---|---|---|

| Witness(es) Requested: | ☐ Yes  (if yes, include witness(es) Name, Book and Case Number (if inmate) or Shield/ID (if staff) and Location (if inmate) or Post (if staff). | ☐ No |
|---|---|---|

| Witness (Print Name): | B&C Number: | Location: |
|---|---|---|
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | B&C Number: | Location: |
| Witness (Print Name): | Shield/ID Number: | Post: |

| I certify that I received a copy of this notice: | Signature of Inmate: | Date: | Time: |
|---|---|---|---|

| Served by (Print Name, Rank and Shield #): | Signature of Server: |
|---|---|

FACILITY COPY

| | CORRECTION DEPARTMENT<br>CITY OF NEW YORK | ATTACHMENT<br>B | |
|---|---|---|---|
| | **INVESTIGATION REPORT** | Form: 6500B<br>Rev. : 11/16/05<br>Ref. : Dir. #6500R-A | |

**Please indicate which of the following items are part of the investigation:**

- [ ] Injury to Inmate
- [ ] UOF Reports
- [ ] Red ID/Enhanced Restraint Placement
- [ ] PHD (Specify where below)
- [ ] Property Damage Report

- [ ] Photos
- [ ] Drug Test Results
- [ ] NIK Reports (IU)
- [ ] Witness Statements
- [ ] Confidential Informant

- [ ] Mental Health Clearances
- [ ] Other _____

| Date Investigation Started: | Date Investigation Concluded: | Infraction #: |
|---|---|---|
| | | |

**INVESTIGATING OFFICIAL'S REPORT**

Investigating official's report shall include observations and conclusions of the physical and documentary evidence.  Identify each item and/or document evaluated.  If inmate was served more than three (3) business days after incident, state why. Attach 600AR if necessary.  If results of investigation indicate that no disciplinary action is warranted, specify the reason(s) for not pursuing disciplinary action.

Statement of Inmate Charged:

**Statement of Witness(es) - (If more witnesses, attach additional sheets)**

| Witness Name (Last, First): | Rank/Title, Shield/ID (if staff)<br>B&C#/Sentence# (if inmate): |
|---|---|
| Statement (If none, state such): | |

| Witness Name (Last, First): | Rank/Title, Shield/ID (if staff)<br>B&C#/Sentence# (if inmate): |
|---|---|
| Statement (If none, state such): | |

| Was Inmate Mirandized in connection with this infraction? | [ ] Yes [ ] No | Hearing Recommended? | [ ] Yes [ ] No |
|---|---|---|---|
| Inmate transferred pending hearing? [ ] Yes [ ] No | If Yes, Where? | If PHD, check [ ] Date: | Time: |
| Investigating Official's Signature: | Investigating Official (Print Name, Rank and Shield #): | | |



**CORRECTION DEPARTMENT**
**CITY OF NEW YORK**

ATTACHMENT
C

NOTICE OF PRE-HEARING DETENTION

Form : 6500C
Eff. : 10/14/95
Ref. : Dir. 66500R-A

### SECTION I - INMATE INFORMATION

| Last Name: | First Name: | Infraction #: |
|---|---|---|

| Book &Case#: | NYSID #: | |
|---|---|---|

Reason for placement:

Prepared by:

| Print Name, Rank and Shield # | Signature | Date |
|---|---|---|

Tour Commander:

| Print Name, Rank and Shield # | Signature | Facility | Date |
|---|---|---|---|

### SECTION II - SERVICE OF NOTICE

You are being placed in Pre-Hearing Detention housing, based on the belief that you have committed a serious violation of an institutional or Departmental rule(s). In the event that an infraction hearing cannot be completed within three (3) business days, you will receive a hearing to determine housing that is suitable for your placement. The three (3) business days may be extended an additional three (3) business days at the discretion of the Adjudication Captain.

If, at the conclusion of any inmate disciplinary due process hearing you are found guilty of violating one or more of the Departmental rules outlined in the inmate rule book and the penalty imposed is or includes a definite period of punitive segregation time, all time spent in the Pre-Hearing Detention housing will be credited to the punitive segregation time imposed. You may respond to this notice by writing directly to the Warden of the facility in which you are housed.

You have the following rights at the hearing:

1. Right to appear personally, unless you waive your right to appear, refuse to attend the hearing or appear at the hearing and become disruptive.

2. Right to make statements. If you choose to remain silent, your silence cannot be used against you. If you make a statement, such statement cannot be used in a subsequent criminal trial unless you have been given a Miranda Warning and then voluntarily testify.

3. Right to present material evidence.

4. Right to present witnesses.

5. Right to the assistance of a Hearing Facilitator if Adjudication Captain deems one is necessary.

6. Right to an interpreter if you cannot communicate well enough in English.

7. Right to appeal.

Inmate Statement:

| I certify that I received a copy of this notice. | Signature of Inmate: | Date: | Time: |
|---|---|---|---|

| Served by (Print Name, Rank and Shield #): | Signature of Server: | |
|---|---|---|

Distribution:  Original - Adjudication Captain
          Copy   - Deputy Warden for Security
                - Facility Operations
                - Operations Security Intelligence Unit - OSIU
                - Inmate Legal Folder
                - Inmate




| | CORRECTION DEPARTMENT<br>CITY OF NEW YORK | ATTACHMENT<br>D |
|---|---|---|

| HEARING REPORT AND NOTICE OF<br>DISCIPLINARY DISPOSITION | Page 1<br>of<br>2 Pages | Form: 8500D<br>Rev.: 02/09/07<br>Ref.: Dir. #8500R-B |
|---|---|---|

| Infraction #: | Institution: | |
|---|---|---|
| Inmate Name (Last, First): | B&C/ ;<br>Sentence #: | NYSID #: |
| Location: | Disposition<br>Date: | Disposition<br>Time:            Hrs. |

| Adjudication Captain (Print Name, Rank & Shield #): |
|---|

| Tape Data (Tape #): | Counter # at Start: | Counter # at End: |
|---|---|---|

Inmate's Accompanying card indicates Inmate Received Rule Book: ☐ Yes  ☐ No

Inmate requested Witness(es): ☐ Yes  ☐ No  ☐ Waived  ☐ Request Granted  ☐ Denied    (If waived, Inmate must sign. If denied, state reason.)

Reason: _____

Inmate requested Hearing Facilitator: ☐ Yes  ☐ No  ☐ Waived  ☐ Request Granted  ☐ Denied    (If yes, Hearing Facilitator must sign. If waived, Inmate must sign. If denied, state reason.)

Reason: _____

Inmate Requested Interpreter: ☐ Yes  ☐ No  ☐ Waived  ☐ Request Granted  ☐ Denied    (If yes, Interpreter must sign. If waived, Inmate must sign. If denied, state reason.)

Reason: _____

If Inmate advised of right to remain silent was Inmate advised that statements could be used against him/her.    ☐ Yes  ☐ No  ☐ Not Applicable

**Special Situations**

Hearing in Absentia: ☐ Inmate Refused to Appear    ☐ Removed from Hearing Due to _____

Adjournment: ☐ By Adjudication Captain    Date Reconvened ____ / ____ / ____    Specify Reason'

☐ By Inmate    Waived Time Limits to Facilitate Adjournment (Inmate Signature) _____

Referral: ☐ Security    ☐ Mental Health    ☐ Inspector General

Inmate Pled: ☐ Guilty    ☐ Not Guilty    ☐ Guilty with an Explanation

Summary of Inmate's Testimony:

_____
_____
_____
_____
_____
_____
_____
_____

| The following witness(es) testified at your hearing. (If additional witnesses testified, attach additional sheets.) |
|---|

| Witness Name (Last Name, First Name): | Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if Inmate): |
|---|---|

Witness Signature (Present at Hearing):

Witness testified in the presence of the charged Inmate:    ☐ Yes  ☐ No   If no, state reason:

Summary of Testimony: _____

Testimony was: ☐ Credited    ☐ Rejected    Reason: _____

| Witness Name (Last Name, First Name): | Rank/Title, Shield/ID # (if staff), B&C/Sentence # (if Inmate): |
|---|---|

Witness Signature (Present at Hearing):

Witness testified in the presence of the charged Inmate:    ☐ Yes  ☐ No   If no, state reason:

Summary of Testimony: _____

Testimony was: ☐ Credited    ☐ Rejected    Reason: _____

| | CORRECTION DEPARTMENT CITY OF NEW YORK | ATTACHMENT D |
|---|---|---|
| | HEARING REPORT AND NOTICE OF DISCIPLINARY DISPOSITION | Page 2 of 2 Pages | Form: 6500D Rev.: 02/09/07 Ref.: Dir. #6500R-B |

**DOCUMENTARY EVIDENCE (Where applicable)**

| | | | |
|---|---|---|---|
| Photograph of Injury: | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |
| Photocopy of Weapon: | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |
| Reports - Specify Types: | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |
| Logbooks - Specify Types: | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |
| Infraction Investigation: | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |
| Physical Evidence (List): | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |
| Witness Statements (List Witnesses): | ☐ Yes ☐ No | Shown to Inmate: | ☐ Yes ☐ No |

On this date and time following disposition was reached after a hearing on the charges listed below:

| Charge # | Dismissed | Guilty | Penalty | Basis for Findings & Evidence Relied On |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Twenty Five Dollar ($25) Disciplinary Surcharge Grade I or Grade II offenses only: ☐ Yes   ☐ No

If you have been found guilty of multiple rule violations, these penalties will be served: ☐ Consecutively   ☐ Concurrently

Infraction Dismissed: ☐ Yes   ☐ No

Reason: _____

_____

_____

Pre-Hearing Detention Time Credit:_____ Days.

| Adjudication Captain (Print Name, Rank, Shield #): | Signature of Adjudication Captain: |
|---|---|
| | |

You have the right to appeal an adverse decision rendered by the Adjudication Captain within two (2) days of service of this decision. If you have been sentenced to a total of thirty (30) days or more of punitive segregation or loss of all your good time on any one (1) Notice of Disciplinary Disposition (6500D), your appeal shall be forwarded to the General Counsel in the Legal Division. Within five (5) business days of the receipt of your appeal, you will receive a written decision from the General Counsel regarding such appeal unless further documentation/information is required by the General Counsel to decide your appeal. In those cases, the five (5) business day time limit shall be extended and the reasons for the extension will be noted on the General Counsel's decision to you. If you receive an unfavorable decision from the General Counsel or you do not receive a decision from the General Counsel within ten (10) business days of receipt of your appeal, you may file a petition for a writ under Article 78 of the CPLR. If you are sentenced to less that thirty (30) days punitive segregation or loss of less than all your good time, you may appeal that decision to the Warden of the facility where the infraction occurred.

| I certify that I received a copy of this notice. | Signature of Inmate: | | B&C/Sentence #: | Date: | Time: |
|---|---|---|---|---|---|
| Served by (Print Name, Rank and Shield #): | | | Signature of Server: | | |
| Refused to Sign for Notice: | ☐ Yes ☐ No | | Witnessed By: | | |



## CORRECTION DEPARTMENT
## CITY OF NEW YORK

### ATTACHMENT
### E

### INMATE WITNESS STATEMENT

Form: 6500E
Rev. : 10/14/05
Ref. : Dir. #6500R-A



**INFRACTION INFORMATION**

Infracted Inmate's Name:                                    Infraction #:

Book & Case #:                        NYSID #:                        Institution:

The following is the statement of inmate witness _____   B&C/NYSID #:_____

                                    Last Name, First Name

regarding the incident described in Infraction # _____ was made to me outside the presence of above referenced inmate.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate Witness' Signature: _____

Facility Hearing Officer's Signature: _____

Facility Hearing Officer's Name, Title & Shield # (print): _____

Date:_____



## CORRECTION DEPARTMENT
## CITY OF NEW YORK

**ATTACHMENT**
**F**

### INMATE REFUSAL TO TESTIFY

Form: 6500F
Rev. : 10/14/05
Ref. : Dir. #6500R-A

---

**INFRACTION INFORMATION**

Infracted Inmate's Name: | Infraction #:

Book & Case #: | NYSID #: | Institution:

I _____ B&C/NYSID #: _____

                Last Name, First Name

do not wish to testify at the disciplinary hearing regarding the Infraction(s) specified above.

Reason(s) for refusal to testify:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate's Signature: _____

Facility Hearing Officer's Signature: _____

Facility Hearing Officer's Name, Title & Shield # (print): _____

Date: _____



| | |
|---|---|
| **CORRECTION DEPARTMENT** **CITY OF NEW YORK** | **ATTACHMENT** **G** |
| **STAFF WITNESS STATEMENT** | Form: 6500G<br>Rev. : 10/14/05<br>Ref. : Dir. #6500R-A |

**INFRACTION INFORMATION**

Infracted Inmate's Name: _____ | Infraction #: _____

Book & Case #: _____ | NYSID #: _____ | Institution: _____

The following is the testimony of _____   Shield/ID #: _____
                                    Last Name, First Name and Title/Rank
regarding the incident described in Infraction # _____   was made to me outside the presence of above referenced inmate.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Staff Witness' Signature: _____

Facility Hearing Officer's Signature: _____

Facility Hearing Officer's Name, Title & Shield # (print): _____

Date: _____



## CORRECTION DEPARTMENT
## CITY OF NEW YORK

**ATTACHMENT**
**H**

### NOTICE OF APPEAL OF
### DISCIPLINARY DISPOSITION

Form: 6500H
Rev. : 10/14/05
Ref. : Dir. #6500R-A

| Inmate's name (Last, First): | B&C #: | NYSID #: | Infraction #: |
|---|---|---|---|

| Date of incident: | Approximate time of incident: Hrs. | Facility: | Location of incident (Be specific): |
|---|---|---|---|

Number of Punitive Segregation days sentenced to: _____  Number of good days removed:_____

You are appealing: (Choose only one)   ☐ The finding of guilt   ☐ The penalty imposed

Is there <u>new evidence</u> you wish to present:   ☐ Yes   ☐ No

**Basis for the appeal:**  (Must clearly set forth the basis for the appeal.)

**NOTE:** All supporting documents must be attached to this Appeal.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Signature: | Date: |
|---|---|

ATTACHMENT I                                Rev.: 10/14/05
                                            Ref.: Dir. #6500R-A

**LESSER INCLUDED OFFENSES**

| | Category | Rule # | Text of Rule | Grade | Penalty |
|---|---|---|---|---|---|
| Greater Offense | Arson | 100.10 | Inmates may not start any fires or cause any explosions that may harm any person, damage any property, or threaten the security of the institution. Attempted arson is also a Grade I offense. | I | 90 days PS loss of all GT |
| Lesser Included | Creating a Fire, Health or Safety Hazard | 105.10 | Inmates must not create a fire, health or safety hazard by tampering with or trying to fix lights, wires, outlets, etc. or any sinks, toilets, pipes, valves, etc. | II | 20 days PS loss of 2/3 GT |
| | | 105.15 | Inmates must not create a fire, health or safety hazard inside his cell or outside his cell or housing area. This means: Don't smoke in a prohibited area. | III | 10 days PS loss of 1/3 GT |
| | | 105.16 | Inmates must not create a fire, health or safety hazard inside his cell or outside his cell or housing area. This means: You must follow any local facility rule dealing with fire, health or safety. | III | 10 days PS loss of 1/3 GT |
| | | 10520 | Inmates must not create a fire, health or safety hazard inside his cell or outside his cell or housing area. This means: You must not cook in any living area including your cell. | III | 10 days PS loss of 1/3 GT |
| | | 105.21 | Inmates must not create a fire, health or safety hazard inside his cell or outside his cell or housing area. This means: You must not smoke in bed | III | 10 days PS loss of 1/3 GT |
| | | 105.23 | Inmates must not create a fire, health or safety hazard inside his cell or outside his cell or housing area. This means: You must not store things in a way that they may catch fire. | | |
| Greater Offense | Assault and Fighting | 101.12 | assault that results in injury. | I | 90 days PS loss of all GT |
| Lesser Included | Assault and Fighting | 101.16 | Assault without a weapon that does not result in injury. | II | 20 days PS loss of 2/3 GT |
| | | 101.17 | Fighting without a weapon that does not result in injury | II | 20 days PS loss of 2/3 GT |
| | | 101.18 | Horseplay | III | 10 days PS loss of 1/3 GT |

## LESSER INCLUDED OFFENSES

| | Category | Rule # | Text of Rule | Grade | Penalty |
|---|---|---|---|---|---|
| Greater Offense | Assault and Fighting | 101.13 | Assault that involves a weapon | I | 90 days PS loss of all GT |
| Lesser Included | Assault and Fighting | 101.16 | Assault without a weapon that does not result in injury. | II | 20 days PS loss of 2/3 GT |
| | | 101.17 | Fighting without a weapon that does not result in injury | II | 20 days PS loss of 2/3 GT |
| | | 101.18 | Horseplay | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Assault and Fighting | 101.14 | Fighting that results in injury | I | 90 days PS loss of all GT |
| Lesser Included | Assault and Fighting | 101.16 | Assault without a weapon that does not result in injury. | II | 20 days PS loss of 2/3 GT |
| | | 101.17 | Fighting without a weapon that does not result in injury | II | 20 days PS loss of 2/3 GT |
| | | 101.18 | Horseplay | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Assault and Fighting | 101.15 | Fighting that involves a weapon | I | 90 days PS loss of all GT |
| Lesser Included | Assault and Fighting | 101.16 | Assault without a weapon that does not result in injury. | II | 20 days PS loss of 2/3 GT |
| | | 101.17 | Fighting without a weapon that does not result in injury | II | 20 days PS loss of 2/3 GT |
| | | 101.18 | Horseplay | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Assault and Fighting | 101.16 | Assault without a weapon that does not result in injury | II | 20 days PS loss of 2/3 GT |
| Lesser Included | Assault and Fighting | 101.18 | Horseplay | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Assault and Fighting | 101.17 | Fighting without a weapon that does not result in injury | II | 20 days PS loss of 2/3 GT |
| Lesser Included | Assault and Fighting | 101.18 | Horseplay | III | 10 days PS loss of 1/3 GT |

### LESSER INCLUDED OFFENSES

| | Category | Rule # | Text of Rule | Grade | Penalty |
|---|---|---|---|---|---|
| Greater Offense | Contraband | 103.10 | Contraband Weapons: Inmates must not make, posses, sell or exchange any type of contraband weapon. Where there is a reasonable likelihood that an object can be used as a weapon it may be classified as a weapon. | | |
| Lesser Included | Contraband | 103.13.5 | Inmates may posses no more than one (1) authorized razor. Inmates are not permitted to receive razors through incoming packages or visits. Inmates may only posses razors provided by the Commissary/Facility. | II | 20 days PS loss of 2/3 GT |
| | | 103.16 | Unauthorized hobby materials or art supplies | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Contraband | 103.10.5 | Possession of razor outside the housing area or transporting a razor outside the confines of the facility. | I | 90 days PS loss of all GT |
| Lesser Included | Contraband | 103.13.5 | Inmates may posses no more than one (1) authorized razor. Inmates are not permitted to receive razors through incoming packages or visits. Inmates may only posses razors provided by the Commissary/Facility. | II | 20 days PS loss of 2/3 GT |
| Greater Offense | Contraband | 103.11 | Contraband Narcotics: Inmates must not make, posses, sell or exchange any amount of heroin, cocaine, LCD, marijuana, pills or any controlled substance. Drug paraphernalia is also prohibited | I | 90 days PS loss of all GT |
| Lesser Included | Contraband | 103.13 | Possession, sale or exchange of unauthorized prescription drugs. | II | 20 days PS loss of 2/3 GT |
| | | 103.15 | Unauthorized non-prescription drugs. | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Contraband | 103.13 | Possession, sale or exchange of unauthorized prescription drugs. | II | 20 days PS loss of 2/3 GT |
| Lesser Included | Contraband | 103.15 | Unauthorized non-prescription drugs. | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Contraband | 103.12 | Contraband Escape Tools and Items: Inmates must not make. Posses, sell or exchange any type of escape paraphernalia. When there is reasonable likelihood that an item can be used to aid an escape it may be classified as escape paraphernalia. Keys, identification belonging to another person, employee clothing, or any other articles which suggest that an escape is being planned are contraband. | I | 90 days PS loss of all GT |
| Lesser Included | Contraband | 103.14 | Unauthorized amounts of jewelry, clothing, tobacco or personal property. | III | 10 days PS loss of 1/3 GT |
| | | 103.16 | Unauthorized hobby materials or art supplies | III | 10 days PS loss of 1/3 GT |
| | | 103.17 | Money, checks or credit cards | III | 10 days PS loss of 1/3 GT |
| | | 103.18 | Extra amounts of city-issued property | III | 10 days PS loss of 1/3 GT |

## LESSER INCLUDED OFFENSES

| | Category | Rule # | Text of Rule | Grade | Penalty |
|---|---|---|---|---|---|
| Greater Offense | Demonstrations | 106.10 | Leading demonstrations: Inmates must not lead or encourage others to participate in boycotts, work stoppage or other demonstrations that interrupt the routine of the institution | I | 30 days PS loss of all GT |
| Lesser Included | Demonstrations | 106.11 | Participation in demonstrations: Inmates must not participate in demonstration or boycotts. | II | 20 days PS loss of all GT |
| Greater Offense | destruction of property | 107.10 | Inmates must not misuse, deface or destroy city property | II | 20 days PS loss of 2/3 GT |
| Lesser Included | destruction of property | 107.11 | Inmates must not misuse, deface or destroy city property with a value of less than $10.00 | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Disrespect for staff | 109.11 | Verbal abuse of staff members: Inmates must not verbally abuse, annoy or harass any staff member, or make obscene gestures towards any staff member. | II | 20 days PS loss of 2/3 GT |
| Lesser Included | Disorderly conduct | 108.11 | Noisy behavior: Inmates must not behave is a load and noisy manner anywhere in the facility. | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Sex offenses | 122.10 | Non-consensual sexual activity: Inmates must not force or in any way coerce another person to engage in sexual activities. An attempt to force or otherwise coerce another person to engage in sexual activity is a Grade I offense | I | 90 days PS loss of all GT |
| Lesser Included | Sex offenses | 122.11 | Consensual sexual activity: Inmates must not voluntarily engage in sexual activity with others | II | 20 days PS loss of 2/3 GT |
| | | 122.12 | Soliciting sexual activity: Inmates must not request, solicit or otherwise encourage others to engage is sexual activity | III | 10 days PS loss of 1/3 GT |
| | | 122.13 | Indecent exposure: Inmates must not expose the private parts of their bodies in a lewd manner | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Sex offenses | 122.11 | Consensual sexual activity: Inmates must not voluntarily engage in sexual activity with others | II | 20 days PS loss of 2/3 GT |
| Lesser Included | Sex offenses | 122.12 | Soliciting sexual activity: Inmates must not request, solicit or otherwise encourage others to engage is sexual activity | III | 10 days PS loss of 1/3 GT |
| | | 122.13 | Indecent exposure: Inmates must not expose the private parts of their bodies in a lewd manner | III | 10 days PS. loss of 1/3 GT |

<u>LESSER INCLUDED OFFENSES</u>

| | Category | Rule # | Text of Rule | Grade | Penalty |
|---|---|---|---|---|---|
| Greater Offense | Smuggling | 123.10 | Inmates by their own actions or acting in concert with other must not smuggle contraband into or out of the facility. The penalties for smuggling each type of contraband are listed below: Weapons, Drugs, Alcohol or Escape Paraphernalia: An attempt to smuggle any of these types of contraband is a Grade I offense | I | 90 days PS loss of all GT |
| Lesser Included | | 123.11 | Inmates by their own actions or acting in concert with other must not smuggle contraband into or out of the facility. The penalties for smuggling each type of contraband are listed below: all other types of contraband. | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Stealing | 124.10 | Stealing property with a value over $75.00 | I | 30 days PS loss of all GT |
| Lesser Included | Stealing | 124.11 | Stealing property with a value between $25.00 and $75.00 | II | 20 days PS loss of 2/3 GT |
| | | 124.12 | Stealing property with a value under $25.00 | III | 10 days PS loss of 1/3 GT |
| Greater Offense | Stealing | 124.11 | Stealing property with a value between $25.00 and $75.00 | II | 20 days PS loss of 2/3 GT |
| Lesser Included | Stealing | 124.12 | Stealing property with a value under $25.00 | III | 10 days PS loss of 1/3 GT |

ATTACHMENT J

Rev.: 02/09/07
Ref.: Dir. #6500R-B

# PENALTIES THAT CAN BE ADMINISTERED

## DETENTION INMATE

**GRADE I**

Reprimand
Loss of privileges
A maximum of 90 days
punitive segregation
(minimum of 21 days)

**GRADE II**

Reprimand
Loss of Privileges
Restitution
A maximum of 20 days
punitive segregation
(minimum of 11 days)

**GRADE III**

Reprimand
Loss of Privileges
Restitution
A maximum of 10 days
punitive segregation

## SENTENCE INMATE

**GRADE I**

Reprimand
Loss of privileges
Restitution
A maximum of 90 days
punitive segregation
(minimum of 21 days)
A maximum loss of all
good time

**GRADE II**

Reprimand
Loss of privileges
Restitution
A maximum of 20 days
punitive segregation
(minimum of 11 days)
A maximum loss of
two-thirds good time

**GRADE III**

Reprimand
Loss of privileges
Restitution
A maximum of 10 days
punitive segregation
A maximum loss of
one-third good time

A $25.00 disciplinary surcharge will be imposed on all inmates found guilty of a
Grade I or Grade II offense.

ATTACHMENT K

Rev.: 10/14/05
Ref.: Dir. #6500R-A

## AUDIO-TAPING PROCEDURE

1. On the cassette case label, note the date at the start of the day. For each individual hearing conducted that day, note the inmate's name, book and case number and the counter numbers at the beginning and end of the hearing.

2. Place a heading on the tape - state the date, time, your name, shield number, the facility in which the hearing is being conducted, and the name of the inmate before you.

   Example: "Today is the 1st of January, 1993, it is 0900 hours. I am Captain Blank, Shield #3987. I am conducting a disciplinary hearing at JATC. Before me is Ty Cobb."

3. Have the inmate identify him/herself by giving his/her name and number.

   Example: "Please state your name and Book and Case Number for the record".

4. Read (do not summarize) the charges to the inmate.

5. Ask the inmate how he/she pleads - guilty, not guilty, or guilty with an explanation.

6. State on the record if the inmate requested, or did not request, as per the 6500A Form, any witness(es), a Hearing Facilitator, or an interpreter, if applicable. If no witnesses were requested on the 6500A Form, but the inmate wishes to call witnesses at the time of the hearing, make the arrangements for the production of the witnesses.

7. Read the Investigating Captain's report to the inmate.

8. If an inmate has been given Miranda warnings prior to the hearing, state the following:

   "While this proceeding is not a criminal proceeding, any statements made by you may be used against you in a subsequent criminal trial. You may remain silent. If you choose to remain silent, your silence will not be used against you."

9. Ask the inmate to relate his/her version of the incident.

```
FROM: CHIEF'S ORDER          MSG#: 2007-001331
TO  :                        SENT: 02/09/07    1823  HRS
SUBJ:
```
--------------------------------------------------------------------------

TELETYPE ORDER NO.    HQ -00386-0

DATE      FEBRUARY 09, 2007

TO        COMMANDING OFFICERS, FACILITIES AND DIVISIONS

FROM      MARTIN F. HORN, COMMISSIONER

SUBJECT   DIRECTIVE #6500R-B INMATE DISCIPLINARY DUE PROCESS
          (REVISION NOTICE)

            ***** I M M E D I A T E    A T T E N T I O N *****


     1.   PENDING THE REVISION OF DIRECTIVE #6500R-B, ENTITLED "INMATE
DISCIPLINARY DUE PROCESS" DATED 03/29/06, THE FOLLOWING REVISION IS
EFFECTIVE SATURDAY, FEBRUARY 10, 2007:

          A. PAGE 18 OF 21, SECTION III PROCEDURES, D, 1.I, WHICH REFERS TO
     "PENALTIES THAT CAN BE ADMINISTERED", IS REVISED TO READ AS FOLLOWS:

               i.    A $25.00 DISCIPLINARY SURCHARGE SHALL BE IMPOSED ON ALL
                     INMATES FOUND GUILTY OF GRADE I OR GRADE II OFFENSES.

          B. PAGE 21 OF 21, SECTION V. ATTACHMENTS A, D, AND J ARE REVISED
     AS NOTED BELOW AND THEIR EFFECTIVE DATES ARE UPDATED TO 2/09/07.

          C. ATTACHMENT A: REPORT AND NOTICE OF INFRACTION, FORM #6500A: THE
     REFERENCE TO A FIVE (5) DOLLAR DISCIPLINARY SURCHARGE IN THE NOTICE TO THE
     INMATE OF PENALTIES THAT MAY BE IMPOSED IF FOUND GUILTY IS CHANGED TO
     REFLECT: A TWENTY-FIVE ($25) DOLLAR DISCIPLINARY SURCHARGE WILL BE IMPOSED.

          D. ATTACHMENT D "HEARING REPORT AND NOTICE OF DISCIPLINARY
     DISPOSITION": REMOVE THE REFERENCE ON PAGE 2 (OF 2 PAGES) TO THE FIVE-DOLLAR
     ($5) DISCIPLINARY SURCHARGE GRADE I OR II OFFENSES ONLY: AND REPLACE WITH
     TWENTY-FIVE ($25) DISCIPLINARY SURCHARGE GRADE I OR II OFFENSES ONLY:

          E. ATTACHMENT J: PENALTIES THAT CAN BE ADMINISTERED: THE SENTENCE
     "A $5.00 DISCIPLINARY SURCHARGE WILL BE IMPOSED ON ALL INMATES FOUND GUILTY
     OF A GRADE I OR GRADE II OFFENSE." IS CHANGED TO READ: "A $25.00
     DISCIPLINARY SURCHARGE WILL BE IMPOSED ON ALL INMATES FOUND GUILTY OF A
     GRADE I OR GRADE II OFFENSE."

     2.   COMMANDING OFFICERS OF FACILITIES AND DIVISIONS ARE DIRECTED TO
ENSURE THAT THE APPROPRIATE PERSONNEL ARE APPRISED OF THE CONTENTS OF THIS
TELETYPE ORDER AND INSTRUCTED ACCORDINGLY. COMMANDING OFFICERS ARE ALSO TO
ENSURE THAT THIS TELETYPE ORDER IS POSTED IN APPROPRIATE AREAS.

3.   COMMANDING OFFICERS OF FACILITIES AND DIVISIONS SHALL ALSO ENSURE COMPLIANCE WITH THE FOREGOING, AND THAT COMMAND-LEVEL ORDERS ARE REVIEWED AND REVISED TO INCLUDE THE ABOVE PROVISIONS.

AUTHORITY:
OFFICE OF THE COMMISSIONER
RMG/FB

```
FROM: CHIEF'S ORDER              MSG#: 2007-001641
TO  :                            SENT: 02/21/07      1747  HRS
SUBJ:
```
------------------------------------------------------------------------

TELETYPE ORDER NO.    HQ -00483-0

DATE       FEBRUARY 21, 2007

TO         COMMANDING OFFICERS, FACILITIES AND DIVISIONS

FROM       CAROLYN THOMAS, CHIEF OF DEPARTMENT

SUBJECT    DISCIPLINARY SURCHARGE – REVISION NOTICE/CLARIFICATION RE:
           OPERATIONS ORDER #4/99 & DIRECTIVE #6500R-B

    1. PENDING THE REVISION OF OPERATIONS ORDER #4/99, ENTITLED
"DISCIPLINARY SURCHARGE" DATED 2/17/99 THE FOLLOWING AMENDMENT WAS PLACED
INTO EFFECT ON SATURDAY, FEBRUARY 10, 2007:

    A.    SECTION III.C.I. IS REVISED TO READ:

        UPON RECEIPT OF A COPY OF THE NOTICE OF DISCIPLINARY
        HEARING DISPOSITION, THE RIKERS ISLAND CENTRAL CASHIER (RICC)
        SUPERVISOR OR BOROUGH FACILITY HEAD CASHIER SHALL DEDUCT
        TWENTY-FIVE DOLLARS ($25.00) FROM THE INMATE'S COMMISSARY
        ACCOUNTING VIA THE IFCOM SYSTEM IN THE FORM OF A "WITHDRAWAL
        CHECK" PAYABLE TO THE NEW YORK CITY DEPARTMENT OF FINANCE FOR
        A PERIOD OF SIXTY (60) DAYS.

    B.    SECTION III.D. IS REVISED TO READ:

        IF THE INMATE SUCCESSFULLY APPEALS THE INFRACTION WITHIN SIXTY
        (60) DAYS, THE RIKERS ISLAND JUDICIAL CENTER SHALL SO ADVISE
        THE DEPUTY WARDEN OF SECURITY WHERE THE INMATE IS HOUSED.

    C.    SECTION III.G.I. REVISED TO READ:

        UPON NOTIFICATION OF A SUCCESSFUL APPEAL BY THE INMATE WITHIN
        SIXTY (60) DAYS, THE RIKERS ISLAND CENTRAL CASHIER (RICC)
        SUPERVISOR OR BOROUGH FACILITY HEAD CASHIER WILL CANCEL THE
        "WITHDRAWAL CHECK" GENERATED FOR THE INMATE VIA THE IFCOM
        SYSTEM BY PERFORMING A "WITHDRAWAL CORRECTION", WHICH WILL
        RETURN THE TWENTY-FIVE DOLLARS ($25.00) TO THE INMATE'S
        ACCOUNT.

    D.    SECTION III.H. IS REVISED TO READ:

        IF THE RIKERS ISLAND CENTRAL CASHIER (RICC) SUPERVISOR OR
        BOROUGH FACILITY HEAD CASHIER IS NOT NOTIFIED OF A SUCCESSFUL
        APPEAL OF THE INFRACTION WITHIN SIXTY (60) DAYS, THE RIKERS
        ISLAND CENTRAL CASHIER OR BOROUGH FACILITY HEAD CASHIER SHALL
        FORWARD THE TWENTY-FIVE DOLLARS IN THE FORM OF A "WITHDRAWAL

CHECK" WITH ALL SUPPORTING DOCUMENTATION TO THE BUDGET UNIT OF THE OFFICE OF THE ASSISTANT COMMISSIONER OF FINANCIAL MANAGEMENT AND BUDGET ADMINISTRATION.

E.   SECTION III.I. IS REVISED TO READ:

ALL TWENTY-FIVE   ($25.00) DOLLAR CHECKS FOR THE PAYMENT OF DISCIPLIANRY SURCHARGES, AS WELL AS THE CORRESPONDING LOGBOOK, WILL BE SAFEGUARDED IN AN AREA DETERMINED BY THE FACILITY COMMANDING OFFICER FOR SIXTY (60) DAYS PENDING INMATE APPEALS.

NEW MATERIAL UNDERLINED

2.   ALL OTHER PROVISIONS OF OPERATIONS ORDER #4/99 REMAIN IN FULL FORCE AND EFFECT.

3.   MEMBERS OF THE DEPARTMENT ARE REMINDED THAT EFFECTIVE 2/17/99 THE DISCIPLINARY SURCHARGE WENT INTO EFFECT AND THE FOLLOWING ORDERS ARE TO BE STRICTLY ADHERED TO:

A.   OPERATIONS ORDER #4/99, "DISCIPLINARY SURCHARGE" AS AMENDED, AND
B.   DIRECTIVE #6500R-B, "INMATE DISCIPLINARY DUE PROCESS AS AMENDED."

4.   THE ONLY INFRACTION FORMS AUTHORIZED FOR THE USE ARE 6500A REV. 2/09/07, 6500B REV.11/16/05, 6500C REV. 10/14/05, AND 6500D REV 2/09/07. (SEE DIRECTIVE #6500R-B, REVISION NOTICE, DATED 3/29/06).

5.   TELETYPE ORDER NO. HQ – 00387-0, DATED FEBRUARY 9, 2007 IS HEREBY RESCINDED IN ITS ENTIRETY.

6.   COMMANDING OFFICERS OF FACILITIES AND DIVISIONS ARE TO ENSURE STRICT COMPLIANCE WITH THE PROVISIONS OF THIS TELETYPE ORDER.

AUTHORITY:
OFFICE OF THE CHIEF OF DEPARTMENT
RMG/FB