UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

UMAR ALLI,

                                        Plaintiff,

                        -against-

CAPTAIN LISA STEWARD-BOWDEN (#1225);
CAPTAIN JOHANNA BANKS (#819); CAPTAIN
JOSEPH CAPUTO, CAPTAIN B. BEHARRI (#1603);
OFFICER LYDON VICTOR (#14410); OFFICER
SANDY ARKHURST (#18507); OFFICER BUNTON;
OFFICER TERRANCE DIXON (#17963); OFFICER
ANDERSON ALCEUS (#18380); OFFICER VELEZ
(#11352); OFFICER PHILLIPS; OFFICER ROHR
(#18104); MARK A. SCOTT; SHARMA DUNBAR
(#717); WARDENS ROSE AGRO AND KATHLEEN
MULVEY; CITY OF NEW YORK; DORA SCHRIRO;
LEWIS FINKELMAN; CHARLTON LEMON; HILDY J.
SIMMONS; MICHAEL J. REGAN; FLORENCE
FINKLE; MICHAEL HOURIHANE; LARRY DAVIS,
SR.; RICHARD T. WOLF; CATHY POTLER; KENNITH
T. ARMSTEAD; CORRECTIONAL HEALTH
SERVICES/PRISON HEALTH SERVICES and JOHN
DOES 1 THROUGH 6.

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE THIRD
AMENDED COMPLAINT**

11 Civ. 4952, 11 Civ. 7665
(PKC)(KNF)

Jury Trial Demanded

       Defendants City of New York ("City"), Lisa Steward-Bowden, Johanna Banks,

Joseph Caputo, Budnarie Beharri, Lydon Victor, Sandy Arkhurst; Terrance Dixon, Anderson

Alceus, Rufino Velez, Mark Scott, Rose Agro, Kathleen Mulvey, Dora Schriro, Lewis

Finkelman, Charlton Lemon, Hildy J. Simmons, Michael J. Regan, Florence Finkle, Michael

Hourihane, Larry Davis, Richard Wolf, Cathy Potler, and Kennith Armstead, by their attorney,

Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the third

amended complaint, respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the third amended complaint, except admit that plaintiff purports to proceed as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the third amended complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the third amended complaint.

4.      Deny the allegations set forth in paragraph "4" of the third amended complaint.

5.      Deny the allegations set forth in paragraph "5" of the third amended complaint, except admit that plaintiff attended a hearing on May 13, 2011.

6.      Deny the allegations set forth in paragraph "6" of the third amended complaint.

7.      Deny the allegations set forth in paragraph "7" of the third amended complaint.

8.      Deny the allegations set forth in paragraph "8" of the third amended complaint, except admit that plaintiff purports to seek relief as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the third amended complaint, except admit that plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

10.      Deny the allegations set forth in paragraph "10" of the third amended complaint, except admit that plaintiff purports to base venue as stated therein.

11.      The allegations set forth in paragraph "11" of the third amended complaint do not require a response.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the third amended complaint.

13.     Admit only that defendants Steward-Bowden, Alceus, Arkhurst, Dixon, and Victor were employed by the City of New York as Correction Officers, and state that the remainder of paragraph "13" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

14.     Admit only that defendants Beharri, Bunton, Dunbar, Phillips, Rohr, and Velez were employed by the City of New York as Correction Officers, and state that the remainder of paragraph "14" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

15.     Admit only that defendant Schriro was Commissioner of the New York City Department of Correction ("DOC") and defendant Finkelman was the First Deputy Commissioner of the DOC, and state that the remainder of paragraph "15" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

16.     Admit only that Rose Agro and Kathleen Mulvey have both held the position of Warden of the George R. Vierno Center ("GRVC"), and state that the remainder of paragraph "16" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

17.     Deny the allegations set forth in paragraph "17" of the third amended complaint.

18.     Admit only that Florence Finkle was Deputy Commissioner of Integrity and Policy for the DOC, and state that the remainder of paragraph "18" of the third amended

complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

19.     Admit only that Charlton Lemon was a GRVC Deputy Warden, and state that the remainder of paragraph "19" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

20.     Admit only that Larry Davis, Sr. was DOC Chief of Department, and state that the remainder of paragraph "20" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

21.     Admit only that Michael Hourihane was DOC Chief of Department, and state that the remainder of paragraph "21" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

22.     Admit only that Hildy J. Simmons was Chair of the New York City Board of Correction ("BOC"), and that Michael J. Regan was Vice-Chair of the BOC, and state that the remainder of paragraph "22" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

23.     Admit only that Cathy Potter was Executive Director, and Richard T. Wolf was Deputy Executive Director, of the BOC, and state that the remainder of paragraph "23" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

24.     Admit only that Kennith T. Armstead was Director of Field Operations of the BOC, and state that the remainder of paragraph "24" of the third amended complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

25.     Deny the allegations set forth in paragraph "25" of the third amended complaint, except admit that plaintiff purports to proceed as stated therein.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the third amended complaint.

27.     Deny the allegations set forth in paragraph "27" of the third amended complaint, except admit that the City of New York is a municipal organization and that it maintains a Department of Correction.  Defendants respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the DOC.

28.     Deny the allegations set forth in paragraph "28" of the third amended complaint.

29.     Deny the allegations set forth in paragraph "29" of the third amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the third amended complaint.

31.     Deny the allegations set forth in paragraph "31" of the third amended complaint, except admit that, on May 5, 2011, plaintiff was incarcerated in the GRVC Mental Health Assessment Unit for Infracted Inmates ("MHAUII").

32.     Deny the allegations set forth in paragraph "32" of the third amended complaint, except admit that, on May 5, 2011, plaintiff was served with a notice of infraction regarding an incident that had occurred on May 2, 2011.

33.     Deny the allegations set forth in paragraph "33" of the third amended complaint, except admit that Officer Dixon reported to plaintiff's cell on May 5, 2011.

34.     Deny the allegations set forth in paragraph "34" of the third amended complaint, except admit that Captain Steward-Bowden served plaintiff with the notice of infraction through the plaintiff's jail cell handcuffing port on May 5, 2011.

35.     Deny the allegations set forth in paragraph "35" of the third amended complaint.

36.     Deny the allegations set forth in paragraph "36" of the third amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the third amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the third amended complaint.

39.     Deny the allegations set forth in paragraph "39" of the third amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the third amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the third amended complaint.

42.     Deny the allegations set forth in paragraph "42" of the third amended complaint, except admit that plaintiff's cell door was ordered to be opened on May 5, 2011.

43.     Deny the allegations set forth in paragraph "43" of the third amended complaint.

44.     Deny the allegations set forth in paragraph "44" of the third amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the third amended complaint.

46.     Deny the allegations set forth in paragraph "46" of the third amended complaint.

47.     Deny the allegations set forth in paragraph "47" of the third amended complaint, except admit that officers entered plaintiff's cell on May 5, 2011.

48.     Deny the allegations set forth in paragraph "48" of the third amended complaint.

49.     Deny the allegations set forth in paragraph "49" of the third amended complaint, except admit that Officers Alceus and Victor responded to plaintiff's cell on May 5, 2011.

50.     Deny the allegations set forth in paragraph "50" of the third amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the third amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the third amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the third amended complaint.

54.     Deny the allegations set forth in paragraph "54" of the third amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the third amended complaint.

56.     Deny the allegations set forth in paragraph "56" of the third amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the third amended complaint, except admit that plaintiff was handcuffed and escorted from his cell to the mini-clinic on May 5, 2011.

58.     Deny the allegations set forth in paragraph "58" of the third amended complaint, except admit that there is both a mini-clinic and main clinic at GRVC.

59.     Deny the allegations set forth in paragraph "59" of the third amended complaint, except admit that there are no video cameras within the GRVC MHAUII mini-clinic.

60.     Deny the allegations set forth in paragraph "60" of the third amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the third amended complaint.

62.     Deny the allegations set forth in paragraph "62" of the third amended complaint.

63.     Deny the allegations set forth in paragraph "63" of the third amended complaint.

64.     Deny the allegations set forth in paragraph "64" of the third amended complaint.

65.     Deny the allegations set forth in paragraph "65" of the third amended complaint, except admit that plaintiff was in handcuffs and was not wearing a shirt when escorted from his cell on May 5, 2011.

66.     Deny the allegations set forth in paragraph "66" of the third amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the third amended complaint.

68.     Deny the allegations set forth in paragraph "68" of the third amended complaint.

69.     Deny the allegations set forth in paragraph "69" of the third amended complaint.

70.     Admit the allegations set forth in paragraph "70" of the third amended complaint.

71.     Admit the allegations set forth in paragraph "71" of the third amended complaint.[1]

72.     Deny the allegations set forth in paragraph "72" of the third amended complaint.

73.     Deny the allegations set forth in paragraph "73" of the third amended complaint.

74.     Deny the allegations set forth in paragraph "74" of the third amended complaint.

75.     Deny the allegations set forth in paragraph "75" of the third amended complaint.

76.     Deny the allegations set forth in paragraph "76" of the third amended complaint.

---

[1] Although the third amended complaint refers to Exhibit A § 3-01(a) in support of the allegations set forth in paragraph "67," it apparently should refer to § 3-01(a) of Exhibit B.

77.     Deny the allegations set forth in paragraph "77" of the third amended complaint.

78.     Deny the allegations set forth in paragraph "78" of the third amended complaint, except admit that plaintiff was infracted due to his conduct on May 5, 2011.

79.     Deny the allegations set forth in paragraph "79" of the third amended complaint.

80.     Deny the allegations set forth in paragraph "80" of the third amended complaint, except admit that an investigation was conducted into plaintiff's actions on May 5, 2011.

81.     Deny the allegations set forth in paragraph "81" of the third amended complaint.

82.     Deny the allegations set forth in paragraph "82" of the third amended complaint.

83.     Deny the allegations set forth in paragraph "83" of the third amended complaint.

84.     Deny the allegations set forth in paragraph "84" of the third amended complaint.

85.     Deny the allegations set forth in paragraph "85" of the third amended complaint.

86.     Deny the allegations set forth in paragraph "86" of the third amended complaint.

87.     Deny the allegations set forth in paragraph "87" of the third amended complaint.

88.     Deny the allegations set forth in paragraph "88" of the third amended complaint.

89.     Deny the allegations set forth in paragraph "89" of the third amended complaint.

90.     Deny the allegations set forth in paragraph "90" of the third amended complaint.

91.     Deny the allegations set forth in paragraph "91" of the third amended complaint.

92.     Deny the allegations set forth in paragraph "92" of the third amended complaint.

93.     Deny the allegations set forth in paragraph "93" of the third amended complaint.

94.     Deny the allegations set forth in paragraph "94" of the third amended complaint.

95.     Deny the allegations set forth in paragraph "95" of the third amended complaint.

96.     Deny the allegations set forth in paragraph "96" of the third amended complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the third amended complaint.

98.     Deny the allegations set forth in paragraph "98" of the third amended complaint.

99.    Deny the allegations set forth in paragraph "99" of the third amended complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the third amended complaint, except admit that plaintiff purports to have sent a letter dated May 18, 2011 to defendants Schriro, Mulvey, Agro, and/or Simmons.

101.    Deny the allegations set forth in paragraph "101" of the third amended complaint, except admit that a letter dated May 23, 2011 was sent from Maggie Peck, Director of Constituent Services, to plaintiff in response to a letter purportedly sent by plaintiff dated May 9, 2011.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the third amended complaint, except admit that plaintiff purports to have sent a letter dated June 1, 2011, to the Central Office Review Committee.

103.    Deny the allegations set forth in paragraph "103" of the third amended complaint, except admit that on June 2, 2011, an email was sent by Dale A. Wilker, a staff attorney for the Legal Aid Society, setting forth complaints made by plaintiff.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the third amended complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the third amended complaint.

106.    Deny the allegations set forth in paragraph "106" of the third amended complaint, except admit that an Inmate Grievance and Request Program ("IGRP") Investigator sent correspondence dated June 21, 2011 to plaintiff.

107.    Deny the allegations set forth in paragraph "107" of the third amended complaint, except admit that the June 21, 2011 correspondence instructed plaintiff to forward his grievance to the GRVC IGRP unit.

108.    Deny the allegations set forth in paragraph "108" of the third amended complaint.

109.    Deny the allegations set forth in paragraph "109" of the third amended complaint.

110.    Deny the allegations set forth in paragraph "110" of the third amended complaint.

111.    Deny the allegations set forth in paragraph "111" of the third amended complaint.

112.    Deny the allegations set forth in paragraph "112" of the third amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff is awaiting surgery for his eye.

113.    Deny the allegations set forth in a paragraph "113" of the third amended complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the third amended complaint.

115.    Deny the allegations set forth in paragraph "115" of the third amended complaint.

116.    Deny the allegations set forth in paragraph "116" of the third amended complaint.

117.    Deny the allegations set forth in paragraph "117" of the third amended complaint.

118.    Deny the allegations set forth in paragraph "118" of the third amended complaint.

119.    Deny the allegations set forth in paragraph "119" of the third amended complaint.

120.    Deny the allegations set forth in paragraph "120" of the third amended complaint.

121.    Deny the allegations set forth in paragraph "121" of the third amended complaint.

122.    Deny the allegations set forth in paragraph "122" of the third amended complaint.

123.    Deny the allegations set forth in paragraph "123" of the third amended complaint.

124.    Deny the allegations set forth in paragraph "124" of the third amended complaint.

125.    Deny the allegations set forth in paragraph "125" of the third amended complaint.

126.    Deny the allegations set forth in paragraph "126" of the third amended complaint.

127.    Deny the allegations set forth in paragraph "127" of the third amended complaint.

128.    Deny the allegations set forth in paragraph "128" of the third amended complaint.

129.    Deny the allegations set forth in paragraph "129" of the third amended complaint.

130.    Deny the allegations set forth in paragraph "130" of the third amended complaint.

131.    Deny the allegations set forth in paragraph "131" of the third amended complaint.

132.    Deny the allegations set forth in paragraph "132" of the third amended complaint.

133.    Deny the allegations set forth in paragraph "133" of the third amended complaint.

134.    Deny the allegations set forth in paragraph "134" of the third amended complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the third amended complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the third amended complaint, except admit that plaintiff purports to have sent a letter to defendants Mulvey, Agro, Schriro, and/or Simmons on May 18, 2011.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the third amended complaint, except admit that plaintiff purports to have sent a letter containing the quoted language to defendants Mulvey, Agro, Schriro, and/or Simmons on May 18, 2011.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the third amended complaint, except admit that plaintiff purports to have sent a letter to defendants Mulvey, Schriro, and/or Simmons on May 19, 2011.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the third amended complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the third amended complaint, except admit that plaintiff purports to have sent a letter to the GRVC Warden on May 26, 2011.

141.    Deny the allegations set forth in paragraph "141" of the third amended complaint, except admit that the Wilker Email reported that plaintiff complained he had not received ample food.

142.    Deny the allegations set forth in paragraph "142" of the third amended complaint, except admit that a letter dated June 8, 2011 was sent from Maggie Peck, Director of Constituent Services, to plaintiff in response to letters purportedly sent by plaintiff dated May 18, 2011.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the third amended complaint, except admit that plaintiff purports to have sent a letter to defendant Schriro on June 12, 2011.

144.    Deny the allegations set forth in paragraph "144" of the third amended complaint.

145.    Deny the allegations set forth in paragraph "145" of the third amended complaint, except admit that the DOC has implemented Use of Force directive 5006R, and respectfully refer the Court to directive 5006R, attached to the third amended complaint as exhibit A, for a complete and accurate recitation of its contents.

146.    Admit the allegations set forth in paragraph "146" of the third amended complaint, and respectfully refer the Court to directive 5006R for a complete and accurate recitation of its contents.

147.    Admit the allegations set forth in paragraph "147" of the third amended complaint, and respectfully refer the Court to directive 5006R for a complete and accurate recitation of its contents.

148.    Admit that directive 5006R contains the language quoted in paragraph "148" of the third amended complaint, and respectfully refer the Court to directive 5006R for a complete and accurate recitation of its contents.

149.    Admit the allegations set forth in paragraph "149" of the third amended complaint, and respectfully refer the Court to the Board of Correction Health Care Minimum Standards ("HCMS"), attached to the third amended complaint as exhibit B, for a complete and accurate recitation of its contents.

150.    Admit the allegations set forth in paragraph "150" of the third amended complaint, and respectfully refer the Court to the HCMS for a complete and accurate recitation of its contents.

151.    Admit the allegations set forth in paragraph "151" of the third amended complaint, and respectfully refer the Court to the HCMS for a complete and accurate recitation of its contents.

152.    Admit the allegations set forth in paragraph "152" of the third amended complaint, and respectfully refer the Court to the HCMS for a complete and accurate recitation of its contents.

153.    Admit the allegations set forth in paragraph "153" of the third amended complaint, and respectfully refer the Court to the HCMS for a complete and accurate recitation of its contents.

154.    Deny the allegations set forth in paragraph "154" of the third amended complaint, and respectfully refer the Court to the HCMS for a complete and accurate recitation of its contents.

155.    Deny the allegations set forth in paragraph "155" of the third amended complaint, and respectfully refer the Court to the HCMS for a complete and accurate recitation of its contents.

156.    Admit the allegations set forth in paragraph "156" of the third amended complaint, and respectfully refer the Court to the Board of Correction Correctional Facilities Minimum Standards ("CFMS"), attached to the third amended complaint as exhibit C, for a complete and accurate recitation of its contents.

157.    Admit the allegations set forth in paragraph "157" of the third amended complaint, and respectfully refer the Court to the CFMS for a complete and accurate recitation of its contents.

158.    Deny the allegations set forth in paragraph "158" of the third amended complaint, and respectfully refer the Court to the CFMS for a complete and accurate recitation of its contents.

159.    Admit the allegations set forth in paragraph "159" of the third amended complaint, and respectfully refer the Court to the CFMS for a complete and accurate recitation of its contents.

160.    Admit the allegations set forth in paragraph "160" of the third amended complaint, and respectfully refer the Court to the CFMS for a complete and accurate recitation of its contents.

161.    Deny the allegations set forth in paragraph "161" of the third amended complaint, and respectfully refer the Court to the CFMS for a complete and accurate recitation of its contents.

162.    Admit the allegations set forth in paragraph "162" of the third amended complaint, and respectfully refer the Court to directive 6500R-B, attached to the third amended complaint as exhibit D, for a complete and accurate recitation of its contents.

163.    Deny the allegations set forth in paragraph "163" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

164.    Deny the allegations set forth in paragraph "164" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

165.     Admit the allegations set forth in paragraph "165" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

166.     Admit the allegations set forth in paragraph "166" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

167.     Deny the allegations set forth in paragraph "167" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

168.     Deny the allegations set forth in paragraph "168" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

169.     Admit the allegations set forth in paragraph "169" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

170.     Deny the allegations set forth in paragraph "170" of the third amended complaint, and respectfully refer the Court to directive 6500R-B for a complete and accurate recitation of its contents.

171.     Deny the allegations set forth in paragraph "171" of the third amended complaint.

172.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the third amended complaint, except admit that plaintiff purports to have sent a letter dated May 27, 2011, to the GRVC Grievance Clerk.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the third amended complaint, except admit that plaintiff purports to have sent a letter dated June 1, 2011, to the Central Office Review Committee.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the third amended complaint, except admit that plaintiff purports to have sent a letter dated June 28, 2011 to the GRVC Grievance Supervisor.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the third amended complaint.

176.    Deny the allegations set forth in paragraph "176" of the third amended complaint.

177.    Deny the allegations set forth in paragraph "177" of the third amended complaint.

178.    Deny the allegations set forth in paragraph "178" of the third amended complaint.

179.    Deny the allegations set forth in paragraph "179" of the third amended complaint.

180.    Deny the allegations set forth in paragraph "180" of the third amended complaint.

181.    In response to the allegations set forth in paragraph "181" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

182.    Deny the allegations set forth in paragraph "182" of the third amended complaint.

183.    Deny the allegations set forth in paragraph "183" of the third amended complaint.

184.    Deny the allegations set forth in paragraph "184" of the third amended complaint.

185.    Deny the allegations set forth in paragraph "185" of the third amended complaint.

186.    In response to the allegations set forth in paragraph "186" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

187.    Deny the allegations set forth in paragraph "187" of the third amended complaint.

188.    Deny the allegations set forth in paragraph "188" of the third amended complaint.

189.    Deny the allegations set forth in paragraph "189" of the third amended complaint.

190.    Deny the allegations set forth in paragraph "190" of the third amended complaint.

191.    Deny the allegations set forth in paragraph "191" of the third amended complaint.

192.    Deny the allegations set forth in paragraph "192" of the third amended complaint.

193.    Deny the allegations set forth in paragraph "193" of the third amended complaint.

194.     In response to the allegations set forth in paragraph "194" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

195.     Paragraph "195" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

196.     Paragraph "196" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

197.     Paragraph "197" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

198.     Deny the allegations set forth in paragraph "198" of the third amended complaint, and each of its subparts.

199.     Deny the allegations set forth in paragraph "199" of the third amended complaint, and each of its subparts.

200.     Deny the allegations set forth in paragraph "200" of the third amended complaint.

201.     Deny the allegations set forth in paragraph "201" of the third amended complaint.

202.     Deny the allegations set forth in paragraph "202" of the third amended complaint.

203.     In response to the allegations set forth in paragraph "203" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

204.     Deny the allegations set forth in paragraph "204" of the third amended complaint.

205.    Deny the allegations set forth in paragraph "205" of the third amended complaint.

206.    Deny the allegations set forth in paragraph "206" of the third amended complaint.

207.    Deny the allegations set forth in paragraph "207" of the third amended complaint.

208.    Deny the allegations set forth in paragraph "208" of the third amended complaint.

209.    Deny the allegations set forth in paragraph "209" of the third amended complaint.

210.    Deny the allegations set forth in paragraph "210" of the third amended complaint.

211.    Deny the allegations set forth in paragraph "211" of the third amended complaint.

212.    In response to the allegations set forth in paragraph "211" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

213.    Deny the allegations set forth in paragraph "213" of the third amended complaint.

214.    Deny the allegations set forth in paragraph "214" of the third amended complaint.

215.    Deny the allegations set forth in paragraph "215" of the third amended complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the third amended complaint.

217.    Deny the allegations set forth in paragraph "217" of the third amended complaint.

218.    Deny the allegations set forth in paragraph "218" of the third amended complaint.

219.    Deny the allegations set forth in paragraph "219" of the third amended complaint.

220.    Deny the allegations set forth in paragraph "220" of the third amended complaint.

221.    In response to the allegations set forth in paragraph "221" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

222.    Paragraph "222" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

223.    Deny the allegations set forth in paragraph "223" of the third amended complaint, and each of its subparts.

224.    Deny the allegations set forth in paragraph "224" of the third amended complaint.

225.    Deny the allegations set forth in paragraph "225" of the third amended complaint.

226.    Deny the allegations set forth in paragraph "226" of the third amended complaint.

227. Deny the allegations set forth in paragraph "227" of the third amended complaint, and each of its subparts.

228. Deny the allegations set forth in paragraph "228" of the third amended complaint.

229. Deny the allegations set forth in paragraph "229" of the third amended complaint.

230. Deny the allegations set forth in paragraph "230" of the third amended complaint.

231. In response to the allegations set forth in paragraph "231" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

232. Deny the allegations set forth in paragraph "232" of the third amended complaint.

233. Deny the allegations set forth in paragraph "233" of the third amended complaint.

234. Deny the allegations set forth in paragraph "234" of the third amended complaint.

235. Deny the allegations set forth in paragraph "235" of the third amended complaint.

236. Deny the allegations set forth in paragraph "236" of the third amended complaint.

237. Deny the allegations set forth in paragraph "237" of the third amended complaint.

238. Deny the allegations set forth in paragraph "238" of the third amended complaint.

239. In response to the allegations set forth in paragraph "239" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

240. Paragraph "240" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

241. Deny the allegations set forth in paragraph "241" of the third amended complaint.

242. Deny the allegations set forth in paragraph "242" of the third amended complaint.

243. Deny the allegations set forth in paragraph "243" of the third amended complaint.

244. Deny the allegations set forth in paragraph "244" of the third amended complaint.

245. Deny the allegations set forth in paragraph "245" of the third amended complaint.

246. In response to the allegations set forth in paragraph "246" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

247. Paragraph "247" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

248. Deny the allegations set forth in paragraph "248" of the third amended complaint.

249.    Deny the allegations set forth in paragraph "249" of the third amended complaint.

250.    Deny the allegations set forth in paragraph "250" of the third amended complaint.

251.    Deny the allegations set forth in paragraph "251" of the third amended complaint.

252.    Deny the allegations set forth in paragraph "252" of the third amended complaint.

253.    In response to the allegations set forth in paragraph "253" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

254.    Paragraph "254" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

255.    Deny the allegations set forth in paragraph "255" of the third amended complaint.

256.    Deny the allegations set forth in paragraph "256" of the third amended complaint.

257.    Deny the allegations set forth in paragraph "257" of the third amended complaint.

258.    Deny the allegations set forth in paragraph "258" of the third amended complaint.

259.    Deny the allegations set forth in paragraph "259" of the third amended complaint.

260.    In response to the allegations set forth in paragraph "260" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

261.    Paragraph "261" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

262.    Deny the allegations set forth in paragraph "262" of the third amended complaint.

263.    Deny the allegations set forth in paragraph "263" of the third amended complaint.

264.    Deny the allegations set forth in paragraph "264" of the third amended complaint.

265.    Deny the allegations set forth in paragraph "265" of the third amended complaint.

266.    Deny the allegations set forth in paragraph "266" of the third amended complaint.

267.    In response to the allegations set forth in paragraph "267" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

268.    Paragraph "268" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

269.    Deny the allegations set forth in paragraph "268" of the third amended complaint, and each of its subparts.

270.    Deny the allegations set forth in paragraph "270" of the third amended complaint.

271.    Deny the allegations set forth in paragraph "271" of the third amended complaint.

272.    Deny the allegations set forth in paragraph "272" of the third amended complaint.

273.    In response to the allegations set forth in paragraph "273" of the third amended complaint, defendants reiterate and reallege each of the foregoing paragraphs.

274.    Paragraph "274" of the third amended complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

275.    Deny the allegations set forth in paragraph "275" of the third amended complaint.

276.    Deny the allegations set forth in paragraph "276" of the third amended complaint.

277.    Deny the allegations set forth in paragraph "277" of the third amended complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

278.    The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

279.    Defendants City, Steward-Bowden, Banks, Caputo, Beharri, Victor, Arkhurst, Dixon, Alceus, Velez, Scott, Agro, Mulvey, Schriro, Finkelman, Lemon, Simmons, Regan, Finkle, Hourihane, Davis, Wolf, Potter, and Armstead, have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of Civil Rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

280.   At all times relevant, defendants Steward-Bowden, Banks, Caputo, Beharri, Victor, Arkhurst, Dixon, Alceus, Velez, Scott, Agro, Mulvey, Schriro, Finkelman, Lemon, Simmons, Regan, Finkle, Hourihane, Davis, Wolf, Potter, and Armstead acted reasonably and in the lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

281.   Defendants Steward-Bowden, Banks, Caputo, Beharri, Victor, Arkhurst, Dixon, Alceus, Velez, Scott, Agro, Mulvey, Schriro, Finkelman, Lemon, Simmons, Regan, Finkle, Hourihane, Davis, Wolf, Potter, and Armstead have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

282.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the proximate result of any acts of the defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

283.   Plaintiff provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

284.   Plaintiff has failed to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

285.   Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

286.    Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

287.    Some or all of plaintiff's claims may be barred by his failure to exhaust administrative remedies under the Prison Litigation Reform Act.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

288.    Defendants Beharri, Velez, Scott, Agro, Mulvey, Schriro, Finkelman, Lemon, Simmons, Regan, Finkle, Hourihane, Davis, Wolf, Potter, and Armstead were not personally involved in any of the acts alleged in the complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

289.    At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  As a result, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

290.    Punitive damages may not be assessed against defendant City of New York.

**WHEREFORE,** defendants City, Steward-Bowden, Banks, Caputo, Beharri, Victor, Arkhurst, Dixon, Alceus, Velez, Scott, Agro, Mulvey, Schriro, Finkelman, Lemon, Simmons, Regan, Finkle, Hourihane, Davis, Wolf, Potter, and Armstead request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             May 24, 2013

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants City, Steward-Bowden,*
                          *Banks, Caputo, Beharri, Victor, Arkhurst, Dixon,*
                          *Alceus, Velez, Scott, Agro, Mulvey, Schriro,*
                          *Finkelman, Lemon, Simmons, Regan, Finkle,*
                          *Hourihane, Davis, Wolf, Potter, and Armstead*
                          100 Church Street, Room 3-176
                          New York, New York 10007
                          (212) 356-2656


                          By:    /s/
                                 _____
                                 Patrick Beath
                                 *Assistant Corporation Counsel*



cc:     Bianca M. Forde, Esq. (By ECF)
        Winston & Strawn LLP
        *Attorney for Plaintiff*
        200 Park Avenue
        New York, New York 10017

Index No. 11 Civ. 4952 (PKC)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR ALLI,

                                        Plaintiff,

                    -against-

CAPTAIN LISA STEWARD-BOWDEN, et al.,

                                        Defendants.

## ANSWER TO THE THIRD AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Steward-Bowden,*
*Banks, Caputo, Beharri, Victor, Arkhurst, Dixon,*
*Alceus, Velez, Scott, Agro, Mulvey, Schriro,*
*Finkelman, Lemon, Simmons, Regan, Finkle,*
*Hourihane, Davis, Wolf, Potter, and Armstead*

*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Patrick Beath*
*Tel:  (212) 356-2656*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2012*

*.................................................................. Esq.*

*Attorney for City of New York*