UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - -  - - - - - - -- - - - - - -x
UMAR ALLI,

Plaintiff,

v.

CAPTAIN LISA STEWARD-BOWDEN (#1225);
CAPTAIN JOHANNA BANKS (#819);
CAPTAIN JOSEPH CAPUTO, CAPTAIN B.
BEHARRI (#1603); OFFICER LYDON VICTOR (#14410);       **CASE NOS.**
OFFICER SANDY ARKHURST (#18507);                      **11-cv-4952, 11-cv-7665**
OFFICER BUNTON; OFFICER TERRANCE DIXON                **(PKC) (KNF)**
(#17963); OFFICER ANDERSON ALCEUS (#18380);
OFFICER VELEZ (#11352);  OFFICER PHILLIPS;
OFFICER ROHR (#18104); MARK A. SCOTT
SHARMA  DUNBAR (#717); WARDENS
ROSE AGRO AND KATHLEEN MULVEY;
CITY OF NEW YORK; DORA SCHRIRO;
LEWIS FINKELMAN; CHARLTON LEMON;
HILDY J. SIMMONS; MICHAEL J. REGAN;
FLORENCE FINKLE; MICHAEL HOURIHANE;
LARRY DAVIS, SR.; RICHARD T. WOLF
CATHY POTLER; KENNITH T. ARMSTEAD
CORRECTIONAL HEALTH SERVICES/
PRISON HEALTH SERVICES and
JOHN DOES 1 THROUGH 6.

Defendants.

- - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - -- - - - - - - -x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF DEFENDANT CITY OF NEW YORK AND FOR COSTS, FEES AND SANCTIONS UNDER FED. R. CIV. P. 37(a) and (d)

### PRELIMINARY STATEMENT

On July 15, 2013, Plaintiff served Defendant City with a Notice of Deposition pursuant to

Federal Rule of Civil Procedure Rule 30(b)(6) (hereinafter "Notice") seeking to depose the City

on August 13, 2013.  On July 27th, Defendant, through its counsel Patrick Beath, acknowledged

receipt of the Notice by email, in which Mr. Beath confirmed availability on August 13th, but stated:

> I've reviewed the notices of deposition that you provided.  We object to your notice to the City under Fed. R. Civ. P. 30(b)(6) ***as it remains our position that you have not stated a plausible claim against the City*** and therefore, a 30(b)(6) witness deposition is in appropriate.

Declaration of Bianca M. Forde in Support of Plaintiff's Motion to Compel 30(b)(6) Testimony of Defendant City of New York and for Costs, Fees and Sanctions Under Fed. R. Civ. P. 37(a) and (d) ("Forde Decl."), Ex. A (emphasis added).

Consistent with Plaintiff's Rule 37(a) duty to confer in good faith prior to compelling disclosure, the undersigned counsel invited Mr. Beath to cite authorities for his refusal to comply with the Notice, stating:

> Patrick:
>
> Are you refusing to designate a 30(b)(6) witness because *you believe* plaintiff has "not stated a plausible claim against the City"?  If so, please provide citations to the authorities on which you are relying, because I am not aware of any.  The municipal liability claim continues to be a part of this case and Judge Fox denied your request for bifurcation.  That said, we intend to proceed with the 30(b)(6) deposition of the City on August 13th.  If you do not designate a witness, we will file the appropriate motions.  Please let me know how you intend to proceed.

Forde Decl. Ex. B (emphasis in original).

Rather than responding to the email above, Defendant City filed a Rule 72(a) objection with District Judge Castel objecting to Your Honor's July 17th Order and seeking a stay of all *Monell* discovery in this case.  [DE 157 at 3]

On August 5, 2013, Plaintiff wrote Your Honor to request a pre-motion conference before moving to compel the City's testimony. [DE 158]  Your Honor declined the application, but directed Plaintiff to proceed pursuant to Fed. R. Civ. P. 37(d), (*id.*), which Plaintiff has now done.

Prior to filing the instant motion, however, the undersigned counsel emailed Mr. Beath to inquire as to whether the City's position had changed given the Court's August 6, 2013 Order. Forde Decl. Ex. C.  Mr. Beath confirmed that the City's position had not changed and that the City, now aided by Plaintiff's reference to Rule 26(c) in its correspondence with the Court, would be moving for an order of protection.  Forde Decl. Ex. D.

## ARGUMENT

I. **DEFENDANT'S OUTRIGHT REFUSAL TO DESIGNATE A 30(b)(6) DESIGNEE IS BASELESS AND UTTERLY IMPROPER UNDER THE FEDERAL RULES**

Federal Rule of Civil Procedure 30(b)(6) imposes an "affirmative duty" on a corporate entity to produce persons capable of providing "complete, knowledgeable and binding answers on its behalf" upon receipt of a properly served notice of deposition.  *Reilly v. Natwest Mkts. Group, Inc.*, 181 F. 3d 253, 268 (2d Cir. 1999) (internal quotations omitted); *see also Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 1776100, at *3 (S.D.W. Va., Apr. 25, 2013) ("Once a Rule 30(b)(6) deposition notice is served, the corporation bears the burden of demonstrating *to the court* that the notice is objectionable or insufficient.  Otherwise, the corporation must produce an appropriate representative prepared to address the subject matter described in the notice.") (emphasis in original); *Bergman v. District of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998) ("The District's failure to designate an official to testify violated the unequivocal command of [Rule 30(b)(6)]").  These and a plethora of other cases establish that Rule 30(b)(6) leaves no room for the receiving party to "decide on its own to ignore the [30(b)(6)] notice."  *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D 164, 165 (D. Mass. 2007).  Rather, a corporate party who considers a 30(b)(6) notice objectionable on any ground is required to seek protection under Federal Rule of Civil Procedure

26(c).  *Id.; see also Strauss v. Rent-A-Center, Inc.*, No. 6:04-cv-1133-Orl-22KRS, 2007 WL

2010780, at *1 (M. D. Fla., July 6, 2007) ("[I]t is inappropriate for a corporation simply to refuse

to designate a witness for a properly noticed Rule 30(b)(6) deposition . . . . [the Federal Rules]

require the [resisting] party . . .  to bring a motion for a protective order under Rule 26(c).").

     Here, Defendant City declined Plaintiff's Rule 30(b)(6) deposition Notice, citing only its

"position that [Plaintiff has] not stated a plausible claim against the City."  Forde Decl. Ex. A.

To date, Defendant City has provided no legal authority supporting this interpretation of the

federal rules because, quite frankly, there is none.  Federal courts uniformly chastise parties who

outright refuse to comply with 30(b)(6) deposition notices.  *See, e.g.*, *First DataBank, Inc.*, 242

F.R.D. at 166.  For instance, in *First DataBank*, the court held:

> [It] is not proper practice is to refuse to comply with the notice, put the burden on
> the party noticing the deposition to file a motion to compel, and then seek to
> justify non-compliance in opposition to the motion to compel.  Put simply . . . a
> party who for one reason or another does not wish to comply with a notice of
> deposition must seek a protective order.  This counsel for McKesson failed to do.
> Thus, McKesson shall be required to make its 30(b)(6) witness available.

     *Id.*  The reasoning of *First DataBank* applies here.  There is simply no basis for

defendant's noncompliance with Plaintiff's Notice.  Irrespective of Defendant City's legal

position concerning the sufficiency of Plaintiff's *Monell* claim, that claim continues to be a part

of this action and is subject to all discovery devices authorized by the Federal Rules.

## II.  DEFENDANT'S REFUSAL HAS PREJUDICED PLAINTIFF'S ABILITY TO PROSECUTE THIS CASE

     Defendant City's baseless refusal to comply with Plaintiff's Notice has prejudiced

Plaintiff's ability to meaningfully conduct discovery in this case.  Plaintiff's proposed deposition

schedule contemplated that the 30(b)(6) deposition of the City would take place on August 13,

2013, before any deposition of the individual defendants.   Defendant's blanket refusal to comply

with the Notice now threatens to delay discovery in this matter and interfere with Plaintiff's

ability to hold all necessary depositions, in the sequence Plaintiff desires, before the close of

discovery on November 15, 2013.  This Court ought to put an end to Defendant's dilatory and

obstructionist tactics and compel Defendant City to submit to Plaintiff's Notice, or any revised

notice served hereafter, on or before August 28, 2013.

### III.     COSTS, FEES AND SANCTIONS ARE APPROPRIATE UNDER FED. R. CIV. P. 37(a) and (d)

Federal Rule of Civil Procedure 37(a) authorizes an award of "reasonable expenses

incurred" with the making of a motion such as this, including attorney's fees."  Fed. R. Civ. P.

37(a)(5).  In addition, subsection (d) provides that sanctions are appropriate where "a party . . .

after being served with proper notice" fails to submit to a 30(b)(6) deposition.  Fed. R. Civ. P.

37(d)(1)(A)(i).   Relief under these provisions is warranted here.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court

issue an Order (i) compelling Defendant to designate the appropriate representative(s) capable of

testifying on the subjects stated in the Notice or any revised Notice Plaintiff serves between now

and the City's deposition; (ii) instructing that such deposition be held no later than August 28,

2013; and (iii) granting costs, fees and sanctions that this Court deems just and proper.

Respectfully submitted,

Dated: August 6, 2013
      New York New York        /s/ Bianca M. Forde_____
                                           Bianca M. Forde
                                           WINSTON & STRAWN LLP
                                           200 Park Avenue
                                           New York, New York 10166-4193
                                           (212) 294-4600
                                           bforde@winston.com

                                           Diana L. Hughes
                                           WINSTON & STRAWN LLP
                                           101 California Street

San Francisco, California 94111-5802
(415) 591-1000
dhughes@winston.com

Counsel for Plaintiff
*Umar Alli*