USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-17-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UMAR ALLI,

                        Plaintiff,           11 Civ. 4952 (PKC) (KNF)

                                                  MEMORANDUM
                                                  AND ORDER

      -against-

CAPTAIN STEWARD-BOWDEN (1125), et al.,

                        Defendants.
-----------------------------------------------------------x
CASTEL, District Judge:

        Defendants object to the July 17, 2013 Order of Magistrate Judge Fox denying a motion to reconsider his Order of June 19, 2013, which, in turn, denied an oral application to bifurcate plaintiff's Monell claim. The order is a non-dispositive pretrial order reviewable under Rule 72(a), Fed. R. Civ. P.

        Umar Alli original commenced this action against certain individuals arising out of a May 5, 2011 incident at the George R. Vierno Center at Riker's Island, a correctional facility operated by the City of New York. He alleged that certain defendants assaulted him or supervised those who assaulted him and/or were deliberately indifferent to his resulting medical needs. Alli commenced a second action in which he claimed that disciplinary action was taken against him arising from the assault, which he claims was a deprivation of due process. Alli v. City of New York, 11 Civ. 7665 (PKC) (KNF). Without belaboring the procedural history of the two actions and Magistrate Judge Fox's patient efforts to manage them, plaintiff's application for the assignment of counsel was granted, the two cases were consolidated and a Third Amended Complaint

has now been filed. (Docket # 145.) The present complaint asserts claims against 29 named defendants and 6 John Does.[1]

At a June 19, 2013 telephone conference with the parties, the defendants announced their desire to file a motion to "bifurcate" the claims against individual actors from the Monell claims against the municipal defendant. (Transcript, Docket # 149.) The discussion evolved into an oral application to bifurcate. The Magistrate Judge denied the application, expressing the view that it was not "more efficient to have the trial and then open up discovery anew as has been proposed." (Id. at 9.)

Rule 42(b), Fed. R. Civ. P., authorizes the Court to order a separate trial of one or more claims. An early bifurcation deprives the Court of flexibility to account for developments in discovery and to consider the potential efficiencies and evidentiary difficulties presented by a joint trial. By contrast, if discovery is staged, rather than claims bifurcated, the Court may take account of the likely strength of the underlying claims and then determine whether to allow discovery to proceed on the second-stage Monell claim. Discovery on the underlying claims may give some indication of whether there is likely heft to the Monell claim. With an understanding of the evidence developed in first stage of discovery (often presented through a summary judgment motion), a Court may then decide to allow Monell discovery to proceed with a view toward a single trial, or, at that juncture, grant bifurcation. See, e.g. Amato v. City of Saratoga Springs, 170

---

[1] The Court appreciates and, indeed, depends upon the willingness of members of the bar to represent the unrepresented in civil litigation. It is consistent with the highest aspirations of the legal profession. Rule 6.1, N.Y. Rules of Professional Conduct. But a lawyer representing any client, regardless of the circumstances of retention, has the same responsibility under Rule 11, Fed. R. Civ. P., to ensure that there is a good-faith basis for a claim. Plaintiff's lawyers who sign pleadings, thus, are required to satisfy themselves that there is presently a basis under Rule 11 to assert claims against individual officers, supervisors, wardens and the like. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Parties may not be named as defendants for the purpose of finding out their level of involvement or determining whether they are proper parties to an action. Rule 11 attaches to the signing of the initial pleading. See, e.g., Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 65 (1987). In framing discovery requests, plaintiff's counsel should also be mindful of Local Civil Rules, including Rule 26.3 and 33.3.

F.3d 311, 316 (2d Cir. 1999) (both the possibility that the section 1983 individual liability trial might eliminate the need for the Monell phase, and the likelihood that evidence in the Monell phase would not be admissible in the first phase, provided a sound basis for bifurcation).

A plaintiff, however, may only pursue a Monell claim based upon an actual deprivation of his constitutional rights by persons acting under color of state law, even if the municipality's policy otherwise permits or encourages constitutional violations. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.") (emphasis in the original); accord Lee v. City of Syracuse, 446 Fed. Appx. 319 (2d Cir. 2011).[2]

It is true that a state law claim may proceed on a respondeat superior theory against a municipality, even though the individual employee who acted in a wrongful manner has not been identified. See, e.g., Johnson v. City of New York, 05 Civ. 7519 (PKC) (jury verdict of municipal liability solely upon respondeat superior theory premised upon unidentified officer). But a claim premised upon a respondeat superior theory does not require the extensive discovery of a Monell claim. It does not require proof as to the knowledge and participation of the municipal actor: it simply requires proof that the employee acted within the scope of municipal employment. See Ackerson v. City of White Plains, 702 F.3d 15, 22 (2d Cir. 2012) (finding of liability on

---

[2] The Court acknowledges that there may be limited circumstances where a Monell claim could survive even though a claim against an individual actor may not be proven, "so long as the injuries complained of are not solely attributable to the actions of named individual defendants." Barrett v. Orange Cnty. Human Rights Comm'n, 194 F.3d 341, 350 (2d Cir. 1999). Thus, the Circuit has upheld liability against a governmental body that voted to terminate the plaintiff's employment in deprivation of a constitutionally-protected right. Id.

the part of officers on state law false arrest claim required grant of summary judgment against city on respondeat superior theory).

The Court agrees with the Magistrate Judge that bifurcation should be denied at this juncture. It is premature to consider whether a separate trial on the Monell claim is warranted.

Staging discovery in this case, however, may make sense. Rule 16(c)(2)(F) & (L), Fed. R. Civ. P., provides ample authority to do so. A review of plaintiff's expansive discovery requests reveals that they intend to conduct discovery over a ten-year period covering any Department of Correction facility on four different Monell theories: (1) use of excessive force; (2) conditions of confinement; (3) access to health care at minimum standard; and (4) due process violations. See, e.g., Plaintiff's Rule 30(b)(6) Notice ¶ 17.[3] As framed, plaintiff's requests are sweeping. For example, plaintiff seeks "[a]ll documents concerning allegations of inmate abuse within any DOC facility. . . within the last ten years .. . ." and "[a]ll documents concerning allegations that inmates in DOC facilities were denied due process during disciplinary hearings over the last ten years." Plaintiff's Document Request to the City of New York ¶¶ 21-22.

The Magistrate Judge may also wish to consider whether discovery in this case may be coordinated with Monell discovery in other pending cases against the City relating to alleged assaults by corrections officers. See Stanford v. City of New York, 13 Civ. 1736 (ALC) (MHD), 2013 WL 4829334 (S.D.N.Y. Sept. 16, 2013); Carter v. City of New York, 08 Civ. 5799 (PAC), 2013 WL 553756 (S.D.N.Y. Feb. 8, 2013). The ability to coordinate discovery with other cases may be a factor in favor of denying the stay as to

---

[3] The Third Amended Complaint at ¶ 227 contains a somewhat different recitation of eight Monell claims, including the failure to install cameras in certain areas and the failure to discipline correctional officers.

5

one or more Monell claims and allowing the discovery to proceed in tandem with other cases.

CONCLUSION

On the non-dispositive application for a separate trial on the Monell claim and an ancillary stay, the Magistrate Judge's order was neither clearly erroneous nor contrary to law and the Court declines to modify it. The objection is therefore overruled. (Docket # 155.) The Magistrate Judge retains the authority to consider whether to grant (1) a stay in whole or in part of discovery on the Monell claims; or (2) a protective order limiting discovery as presenting an undue or unwarranted burden.

SO ORDERED.

                                                 P. Kevin Castel
                                        United States District Judge

Dated: New York, New York
       September 17, 2013