UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UMAR ALLI,　　　　　　　　　　　　　　　　:

　　　　　　　　　Plaintiff,　　　　　　　　　　:

　　　　　　　-against-　　　　　　　　　　　　:　　　ORDER

CAPTAIN STEWARD-BOWDEN (#1225);　　　:　　　11 Civ. 4952 (PKC) (KNF)
CAPTAIN JOHANNA BANKS (#819);
CAPTAIN JOSEPH CAPUTO, CAPTAIN B.　　:
BEHARRI (#1603); OFFICER LYDON VICTOR
(#14410); OFFICER SANDY ARKHURST　　　:
(#18507); OFFICER BUNTON; OFFICER
TERRANCE DIXON (#17963); OFFICER　　　:
ANDERSON ALCEUS (#18380); OFFICER
VELEZ (#11352); OFFICER PHILLIPS;　　　　:
OFFICER ROHR (#18104); MARK A. SCOTT;
SHARMA DUNBAR (#717); WARDENS ROSE　:
AGRO AND KATHLEEN MULVEY; CITY OF
NEW YORK; DORA SCHRIRO; LEWIS　　　　:
FINKELMAN; CHARLTON LEMON; HILDY J.
SIMMONS; MICHAEL J. REGAN; FLORENCE　:
FINKLE; MICHAEL HOURIHANE; LARRY
DAVIS, SR.; RICHARD T. WOLF; CATHY　　　:
POTLER; KENNETH T. ARMSTEAD;
CORRECTIONAL HEALTH SERVICES/　　　　:
PRISON HEALTH SERVICES and
JOHN DOES 1 THROUGH 6,　　　　　　　　　:

　　　　　　　　　Defendants.　　　　　　　　:
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

　　　Before the Court is the plaintiff's motion for an order "compelling Defendant City of New York [the "defendant"] to designate one or more corporate representatives to testify on the matters stated in Plaintiff's Notice of Deposition served July 15, 2013, or any revised notice served hereafter" and "granting costs, fees and sanctions," pursuant to Rules 37(a) and 37(d) of the Federal Rules of Civil Procedure. In response to the plaintiff's motion, the defendant filed a motion for "a Protective Order pursuant to Fed. R. Civ. P. 26(c) staying any deposition of the City of New York

1

until after resolution of defendants' pending Fed. R. Civ. P. 72 Objections to the July 17, 2013 denial on its motion to bifurcate and stay Monell[1] discovery in this matter."

*Plaintiff's Contentions*

On July 15, 2013, the plaintiff served the defendant with a notice of deposition, pursuant to Rule 30(b)(6), seeking to depose the defendant on August 13, 2013. On July 27, 2013, the defendant objected to the notice, contending the plaintiff has "not stated a plausible claim against the City and therefore, a 30(b)(6) witness deposition is in appropriate [sic]." On August 6, 2013, the plaintiff advised the defendant that he would make a motion to compel unless the defendant confirmed it would comply with the deposition notice. On the same day, the defendant advised the plaintiff that it intended to move for a protective order, "specifying that any 30(b)(6) deposition of the City of New York take place only after the resolution of defendant City's anticipated 12(c) motion to dismiss the municipal liability claim." The plaintiff contends that the defendant's "outright refusal" to designate a Rule 30(b)(6) witness is baseless and improper. Moreover, it has prejudiced the plaintiff's ability to conduct discovery and threatens to delay all necessary depositions intended to be conducted in the sequence the plaintiff desires before the close of discovery, on November 15, 2013. The plaintiff seeks reasonable attorney's fees and costs associated with his motion.

*Defendant's Contentions*

The defendant contends that, " insofar as plaintiff has failed to state a claim for municipal liability, the requested 30(b)(6) deposition will cause defendant City unnecessary burden and expense, as any discovery into such a claim is inappropriate." According to the defendant, the discovery sought through a Rule 30(b)(6) deposition is "very broad," because it seeks information

---

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

"beyond the facts alleged by plaintiff in the complaint." For example, the defendant asserts, "topic number nine of the deposition notice seeks to inquire about all inmate complaints 'over the last ten years, challenging the use of excessive force by DOC officers, officials, employees, agents and/or staff," which "would likely include thousands of alleged use of force incidents, none of which (aside of plaintiff's own) are germane to plaintiff's complaint." The defendant contends that the documents sought also "implicate both HIPAA privacy provisions and New York's sealing statute, Criminal Procedure Law §§ 160.50 and 160.55." Furthermore, the plaintiff's request for sanctions is premature, because the defendant objected to the plaintiff's deposition notice "on the ground that plaintiff had not stated a plausible claim for relief," and he "did not thereafter amend the 30(b)(6) notice in any way, nor did plaintiff file any amended complaint setting forth a plausible claim against the City of New York." The defendant maintains that, since it objected to the deposition notice, "it is clear that defendant City has not failed to attend that deposition in violation of Fed. R. Civ. P. 30(b)(6)," because it moved for a protective order, "seeking to adjourn any such deposition until after resolution of defendants' Rule 72 motion."

### *Plaintiff's Opposition to the Defendant's Motion*

The plaintiff contends that the defendant did not demonstrate good cause sufficient to justify awarding relief under Rule 26(c), because the plaintiff's complaint was not found to be legally insufficient in this action, and no motion to dismiss is pending. Moreover, "this Court has already held that Defendant's arguments concerning the sufficiency of Plaintiff's *Monell* claim should be made at the close of discovery on summary judgment briefs." According to the plaintiff, his discovery requests are not overly broad because they "align with the allegations in the Third Amended Complaint," that the defendant's "gross negligence in hiring, training and supervising DOC employees, officers and staff perpetuated unconstitutional practices resulting in [the plaintiff's] harm." The plaintiff contends that the sanctions are appropriate because the defendants

3

did not intend to submit to a 30(b)(6) deposition or seek a protective order, since it "did not seek such an order until after Plaintiff challenged the City's baseless refusal to designate a 30(b)(6) witness." The defendant's deposition was to be held on August 13, 2013, and the defendant's motion for a protective order, filed after the plaintiff's motion to compel, is untimely, making an award of the plaintiff's reasonable expenses incurred in connection with the plaintiff's motion warranted.

***Defendant's Reply***

The defendants contends that good cause exists to stay discovery on the plaintiff's claim under Monell, because it is broad and "it lacks adequate factual support," and "the flimsiness of plaintiff's Monell pleading is out of all proportion with the burden that Monell discovery will impose upon the City." The defendant maintains that a stay of Monell discovery will not inhibit the plaintiff from seeking discovery concerning his state-law claims, and he is not entitled to Monell discovery "irrespective of the allegations against unnamed individuals."

***Legal Standard***

"In its notice or subpoena, a party may name as the deponent . . . a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a corporation or other entity fails to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(a)(3)(B).

"A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

4

26(c)(1). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). "Rule 37(a)(5) applies to the award of expenses." Fed. R. Civ. P. 26(c)(3). If a motion to compel under Rule 37 is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

***Application of Legal Standard***

After receiving a proper Rule 30(b)(6) deposition notice from the plaintiff, the defendant failed to designate one or more persons who consent to testify on its behalf, as required by Rule 30(b)(6). Although the defendant advised the plaintiff, on August 6, 2013, that it intended to make a motion for a protective order, "specifying that any 30(b)(6) deposition of the City of New York take place only after the resolution of defendant City's anticipated 12(c) motion to dismiss the municipal liability claim," no such a motion was made by the defendant. Moreover, the defendant's motion for a protective order "staying any deposition of the City of New York until after resolution of defendant's pending Fed. R. Civ. P. 72 Objections to the July 17, 2013 denial of its motion to bifurcate and stay Monell discovery," made subsequent to the plaintiff' motion to compel, is moot, because the assigned district judge overruled the defendant's objections (Docket Entry No. 171). Since the Court denied the defendant's request to bifurcate discovery and the trial of this action as it relates to the municipal liability claim (Docket Entry No. 154), and the assigned district judge overruled the defendant's objections to that denial (Docket Entry No. 171), the defendant's attempt to avoid designating its Rule 30(b)(6) witness(es) based on its July 27, 2013 objections, is futile, because that ground has been rejected.

The defendant's contention that the discovery request made in connection with the plaintiff's Rule 30(b)(6) notice is "very broad," because it seeks information "beyond the facts alleged by plaintiff in the complaint" is meritless. First, the defendant failed to make a timely objection that the scope of the discovery request is "very broad," because it neither objected timely to the plaintiff's notice on that ground nor made a timely motion for a protective order, based on that ground, prior to the plaintiff's motion to compel. Second, on the merits, the plaintiff's discovery request, as it concerns the municipal liability claim, is based on the allegations in the complaint, and the defendant's contention, that the requested inmate complaints over the last ten years "would likely include thousands of alleged use of force incidents, none of which (aside from plaintiff's own) are germane to plaintiff's complaint," is unsupported by any evidence. Thus, the defendant failed to show that the discovery request associated with the Rule 30(b)(6) deposition notice would cause it an undue burden or expense.

The Court finds that the defendant failed to comply with Rule 30(b)(6), because it did not designate its Rule 30(b)(6) witness(es), as it was required to do, and it did not make a motion for a protective order prior to the plaintiff's motion to compel. Accordingly, the plaintiff is entitled to an order compelling testimony from the defendant's Rule 30(b)(6) witness(es) and compliance with its Rule 30(b)(6) notice.

The defendant did not show that its failure to designate its Rule 30(b)(6) witness(es) or seek a protective order, prior to the plaintiff's motion to compel, was substantially justified or that other circumstances make an award of reasonable expenses unjust. The defendant's objection to the plaintiff's Rule 30(b)(6) deposition notice was based on the ground that the plaintiff did not state "a plausible claim against the City and therefore, a 30(b)(6) witness deposition is in appropriate [sic]." However, the plaintiff failed to make citation to any binding authority in support of that proposition and the Court finds none, making the defendant's failure to designate its Rule 30(b)(6) witness(es)

6

or seek a protective order, based on that ground, baseless. The defendant did not demonstrate any other circumstance that would make an award of reasonable expenses to the plaintiff unjust. Accordingly, pursuant to Rule 37(a)(5), the plaintiff is entitled to recover the reasonable expenses he incurred in connection with the motion to compel.

*Conclusion*

For the foregoing reasons: (1) the plaintiff's motion to compel, Docket Entry No. 159, is granted; and (2) the defendant's motion for a protective order, Docket entry No. 163, is denied. It is ORDERED that:

(1) on or before October 15, 2013, the defendant comply with the plaintiff's Rule 30(b)(6) deposition notice, and its Rule 30(b)(6) witness(es) be designated and deposed;

(2) on or before October 8, 2013, the plaintiff file his request for reasonable expenses, via affidavit or other competent evidence;

(3) on or before October 15, 2013, the defendant respond to the plaintiff's request; and

(4) on or before October 18, 2013, the plaintiff may file any reply.

Dated: New York, New York  
October 1, 2013

SO ORDERED:

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE