UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - -- - - - - - - -x
UMAR
ALLI,


                              Plaintiff,


            v.


CAPTAIN LISA STEWARD-BOWDEN (#1225);
CAPTAIN JOHANNA BANKS (#819);
CAPTAIN JOSEPH CAPUTO, CAPTAIN B.
BEHARRI (#1603); OFFICER LYDON VICTOR (#14410);          **CASE NOS.**
OFFICER SANDY ARKHURST (#18507);                         **11-cv-4952, 11-cv-7665**
OFFICER BUNTON; OFFICER TERRANCE DIXON                   **(PKC) (KNF)**
(#17963); OFFICER ANDERSON ALCEUS (#18380);
OFFICER VELEZ (#11352);  OFFICER PHILLIPS;
OFFICER ROHR (#18104); MARK A. SCOTT
SHARMA  DUNBAR (#717); WARDENS
ROSE AGRO AND KATHLEEN MULVEY;
CITY OF NEW YORK; DORA SCHRIRO;
LEWIS FINKELMAN; CHARLTON LEMON;
HILDY J. SIMMONS; MICHAEL J. REGAN;
FLORENCE FINKLE; MICHAEL HOURIHANE;
LARRY DAVIS, SR.; RICHARD T. WOLF
CATHY POTLER; KENNITH T. ARMSTEAD
CORRECTIONAL HEALTH SERVICES/
PRISON HEALTH SERVICES and
JOHN DOES 1 THROUGH 6.


                              Defendants.

        - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - -- - - - - - - -x

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF NEW YORK'S RULE 72(a) OBJECTIONS TO MAGISTRATE JUDGE FOX'S OCTOBER 1, 2013 ORDER

### PRELIMINARY STATEMENT

        Defendants' numerous attempts to avoid discovery into Plaintiff's municipal liability

claims failed, and this motion is the latest attempt to get yet another bite at the apple.  Plaintiff

served a 30(b)(6) deposition notice on Defendant City of New York on July 15, 2013.  When

Defendant City refused to designate a witness in direct violation of Federal Rule of Civil Procedure 37, Magistrate Judge Fox directed Plaintiff to move for sanctions.  After receiving Plaintiff's motion to compel and for sanctions, Defendant City belatedly sought a protective order staying its deposition pending this Court's ruling on its Rule 72(a) objections to Magistrate Judge Fox's order regarding *Monell* discovery.

On October 1, Magistrate Judge Fox found that Plaintiff is entitled to fees incurred in connection to the motion to compel and directed Defendant City to comply with Plaintiff's 30(b)(6) deposition notice.  Without seeking a stay of this order, Defendant City continues to refuse to designate a 30(b)(6) witness and now asks this Court to set aside the portion of Magistrate Judge Fox's order imposing sanctions upon Defendant City.  Defendant City's objection merely recycles arguments the City attempted to make in prior briefing regarding the propriety of discovery on Plaintiff's municipal liability claims.  Magistrate Judge Fox rejected these arguments, this Court overruled Defendant City's objection to his ruling, and Defendant City's tireless recapitulation of these points should not be rewarded.

Magistrate Judge Fox's conclusion that Plaintiff is entitled to monetary sanctions is in accord with applicable law, and Rule 72(a) relief is not warranted, for the following reasons:

*First,* Defendant City provided no support for its position that it is excused from participating in *Monell* discovery merely because it *believes* that Plaintiff's municipal liability claims do not have merit, and therefore Magistrate Judge Fox's ruling was not "contrary to law;"

*Second*, Magistrate Judge Fox's ruling, entitled to substantial deference, was not "clearly erroneous" given Defendant City's failure to properly object to the 30(b)(6) notice; and

*Third,* Defendant City's repeated objections to *Monell* discovery have already been rejected, and its continued unnecessary motion practice is serving only to derail the case schedule and prevent Plaintiff from obtaining necessary discovery prior to the cut-off.

## ARGUMENT

## I.   THE APPLICABLE STANDARD

Rule 72(a) permits a district court to consider objections to, and set aside, a magistrate's ruling on any non-dispositive matter if such ruling is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  In considering Rule 72(a) objections, particularly on matters of discovery, a magistrate's determination is entitled to "substantial deference," and can be overturned "only if found to be an abuse of discretion."  *Gaus v. Conair Corp.*, No. 94 Civ. 5693 KTD, 2000 WL 1277365, at *2 (S.D.N.Y. Sept. 7, 2000);  *Albin v. Cosmetics Plus, N.Y., Ltd.*, No. 97 Civ. 2670 (WK), 1999 WL 111928, at *3 n.4 (S.D.N.Y. Mar. 3, 1999) (describing Rule 72(a) review as "highly deferential" and affording magistrate judges "broad discretion in resolving discovery disputes").  The magistrate judge is considered "best position[ed]" to evaluate discovery disputes.  *Gaus*, 2000 WL 1277365, at *2 (internal citations omitted).  Thus, the party seeking to overturn a discovery ruling "bears a heavy burden," and, absent a "definite and firm conviction" that an error occurred, the magistrate's ruling will stand.  *Travel Sentry, Inc. v. Troop*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).  Despite this high burden, Defendant City has continually sought review of Magistrate Judge Fox's rulings on non-dispositive discovery matters.

## II.   MAGISTRATE JUDGE FOX'S DECISION WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO THE LAW

Defendant City's attempts to bifurcate discovery and trial on Plaintiff's municipal liability claim have been repeatedly denied.  [DE 148, 154, 171] (Magistrate Judge Fox denied the motion on June 19 and denied the motion for reconsideration on July 17, and this Court

denied Defendant's Rule 72(a) objections on September 17).  Indeed, in granting Plaintiff's motion to compel the 30(b)(6) deposition of Defendant City, Magistrate Judge Fox found that Defendant City's "attempt to avoid designating its Rule 30(b)(6) witness(es) based on its [objections to Judge Fox's denial of its request to bifurcate discovery and trial on Plaintiff's municipal liability claims], is futile, because that ground has been rejected."  [DE 172 at 5].

Now Defendant City claims that its refusal to designate a 30(b)(6) witness on the grounds that have been repeatedly rejected was nonetheless reasonable, and Magistrate Judge Fox's ruling was "clearly erroneous," because this Court had not *yet* denied Defendant City's 72(a) objections when Defendant City objected to the 30(b)(6) notice, refused to designate a witness, and (untimely) moved for a protective order.  *See* [DE 176 at 10].

This contention is based on an utter misreading of Magistrate Judge Fox's order.  First, Defendant City provides no authority for its apparent contention that a party is "substantially justified" in refusing to designate a 30(b)(6) witness because it is in the process of challenging a failed discovery motion.  Defendant City regurgitates the same cases it cited in its protective order motion that stand for the inapposite and general proposition that a complaint must plausibly allege a cause of action in order to survive a motion to dismiss and proceed to discovery.  [DE 176 at 6, n.2].  Defendant City apparently fails to recognize that, here, there has been no finding that Plaintiff's complaint is insufficient.  Defendant City does not, and cannot, cite any cases in which a court has allowed a party to refuse to participate in discovery merely because it is *their position* that their opponent's claim do not have merit and that therefore such discovery would be inappropriate.  [DE 172 at 6-7] (Magistrate Judge Fox found no binding authority supporting Defendant City's objection to the 30(b)(6) deposition notice, "making the defendant's failure to designate its Rule 30(b)(6) witness(es) or seek a protective order, based on

4

that ground, baseless").   Therefore, Defendant City has provided no basis for its claim that Judge Fox's finding was contrary to the law.

Second, Defendant City makes much of the fact that in overruling its objections to Magistrate Judge Fox's denial of its motion to bifurcate Plaintiff's claims against the individual defendants from the *Monell* claims against Defendant City, this Court *suggested* that progressing with discovery in stages or coordinating discovery in this case with *Monell* discovery in other pending cases against defendant City "may make sense."  [DE 171 at 4-5].  Defendant City claims that, given this discussion, a "genuine dispute" exists regarding the propriety of *Monell* discovery.  [DE 176 at 7].  Defendant City is conflating the standard for opposing a motion to compel with the standard at issue here – whether Magistrate Judge Fox abused his discretion in finding that Defendant City was not justified in its refusal to designate a 30(b)(6) witness.  The Court's September 17 order expressly stated that Magistrate Judge Fox "retains the authority to consider" whether to stay or limit the discovery at issue.  [DE 171 at 5].  Judge Fox decided not to do either, and Defendant City makes no serious attempt to argue – and in no way fulfills its "heavy burden" to show – that this decision was an abuse of discretion warranting relief under Rule 72(a).

Finally, Defendant City ignores Magistrate Judge Fox's numerous findings that Defendant City failed even *procedurally* to object to Plaintiff's deposition notice and seek protection from complying with the notice.  [DE 172 at 6-7] (finding that Defendant City failed to timely object to the deposition notice on over-breadth grounds, neglected to provide any support for its contention that the requested discovery would include thousands of irrelevant use of force incidents, and filed a motion for protective order only after Plaintiff filed its motion to compel).  This Court has recognized that Magistrate Judge Fox was in the best position to make

these types of discovery determinations, and Defendant City has not shown that Judge Fox made an error in exercising his discretion to determine that Defendant City failed to properly object to the 30(b)(6) notice and failed to "demonstrate any other circumstance that would make an award of reasonable expenses to the plaintiff unjust."  [DE 172 at 7].

## III.    DEFENDANT CITY'S CONTINUED MOTION PRACTICE IS A DELAY TACTIC

Defendant City continues to refuse to designate a witness to testify on the municipal liability topics in flagrant disregard of Magistrate Judge Fox's Order.  [DE 172 at 7].  Instead, Defendant City has filed motion after motion challenging both Magistrate Judge Fox's and this Court's rulings that Plaintiff is entitled to discovery on its *Monell* claims.  The latest such motion is Defendant City's October 21 motion to stage discovery.  [DE 179-181].  Defendant City cites one case for its claim that requesting a stay of the 30(b)(6) deposition pending the resolution of its Rule 72(a) motion was appropriate.  [DE 176 at 9]; *Silberman v. Innovation Luggage, Inc.*, No. 01 CIV. 7109 GELDF, 2002 WL 31175226 (S.D.N.Y. Sept. 30, 2002).

*Silberman* highlights Defendant's procedural missteps.  There, the magistrate judge ordered the Plaintiffs to serve an expert report by a particular date.  2002 WL 31175226, at *1.  Plaintiffs filed Rule 72(a) objections, disregarded this deadline, and failed to seek a stay of the magistrate's order pending the district judge's ruling on the objections.  *Id*.  As Defendant City points out, the court noted that a pending Rule 72(a) motion does not excuse a party from complying with a magistrate judge's order.  *Id*. at *3.  Here, Defendant City has not sought a stay of Magistrate Judge Fox's October 1 order on the 30(b)(6) deposition.  Rather, Defendant City sought a stay of the *deposition* pending the Rule 72(a) motion on its bifurcation motion, and later sought a stay on the sanctions briefing schedule.  [DE 163, 177].  *Silberman* serves to highlight

that not only has Defendant City disregarded the Federal Rules, it is in contempt of Magistrate Judge Fox's Order.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court affirm Magistrate Judge Fox's October 1, 2013 Order and instruct Defendant City to comply with Plaintiff's 30(b)(6) Notice.

Dated:  October 25, 2013

Respectfully submitted,

 /s/ Diana L. Hughes_____

Diana L. Hughes
WINSTON & STRAWN LLP
101 California Street
San Francisco, California 94111-5802
(415) 591-1000
dhughes@winston.com

Bianca M. Forde
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
(212) 294-4600
bforde@winston.com

Counsel for Plaintiff
*Umar Alli*