UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UMAR ALLI,                                          :

                      Plaintiff,         :

              -against-                :       **MEMORANDUM AND ORDER**

CAPTAIN STEWARD-BOWDEN (#1225);    :        11 Civ. 4952 (PKC) (KNF)
CAPTAIN JOHANNA BANKS (#819);
CAPTAIN JOSEPH CAPUTO, CAPTAIN B.   :
BEHARRI (#1603); OFFICER LYDON VICTOR
(#14410); OFFICER SANDY ARKHURST    :
(#18507); OFFICER BUNTON; OFFICER
TERRANCE DIXON (#17963); OFFICER     :
ANDERSON ALCEUS (#18380); OFFICER
VELEZ (#11352); OFFICER PHILLIPS;     :
OFFICER ROHR (#18104); MARK A. SCOTT;
SHARMA DUNBAR (#717); WARDENS ROSE   :
AGRO AND KATHLEEN MULVEY; CITY OF
NEW YORK; DORA SCHRIRO; LEWIS        :
FINKELMAN; CHARLTON LEMON; HILDY J.
SIMMONS; MICHAEL J. REGAN; FLORENCE  :
FINKLE; MICHAEL HOURIHANE; LARRY
DAVIS, SR.; RICHARD T. WOLF; CATHY    :
POTLER; KENNETH T. ARMSTEAD;
CORRECTIONAL HEALTH SERVICES/        :
PRISON HEALTH SERVICES and
JOHN DOES 1 THROUGH 6,               :

                 Defendants.        :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       On October 1, 2013, the Court granted the plaintiff's motion to compel the defendant

City of New York to designate its witness(es), pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, (Docket Entry No. 159) and denied the defendants' motion for a protective

order, (Docket Entry No. 163). The October 1, 2013 order directed the plaintiff to submit

competent evidence in support of his request for reasonable expenses and the defendants to

respond to that request.  Before the Court is a declaration by the plaintiff's attorney, Bianca M. Forde[1] ("Forde"), of the law firm Winston & Strawn LLP, with exhibit A, a copy of time record entries in support of the plaintiff's request for $19,810.50.  The defendants oppose the plaintiff's request, contending that the fees requested are not reasonable.

***Plaintiff's Contentions***

The plaintiff seeks $19,810.50, as reasonable attorneys' fees in connection with his motion to compel and his opposition to the defendant's request for a protective order.  Forde states that the hourly rates for the attorneys who worked on the motion to compel and the opposition to the protective order motion are: (a) $620, for 25.5 hours of work performed by Forde; (b) $570, for 4.65 hours of work performed by Diana L. Hughes ("Hughes"); (c) $420, for 2.75 hours of work performed by Sofia Arguello ("Arguello"); and (d) $390, for 0.5 hours of work performed by Stacey L. Foltz ("Foltz").  According to Forde, "Winston & Strawn LLP incurred $3,720.00, in expenses, attributable to attorney's fees, in connection with preparing Plaintiff's motion to compel the 30(b)(6) deposition testimony of Defendant City of New York," and $16,090.50, in connection with opposing the defendants' motion for a protective order, of which $13,527.50 were expended to conduct legal research and draft the opposition to the defendants' motion, and $2,563.00 were expended to "[p]repare [o]pposition for filing."  Forde contends that the fees charged by the law firm "reflect the customary rate charged to its clients for litigation and are comparable to the rates charged by the attorneys at similarly situated national firms."

---

[1] On November 14, 2013, the assigned district judge granted the plaintiff's law firm's application for Bianca M. Forde to withdraw as the plaintiff's counsel, because she was no longer associated with the law firm.  See Docket Entry No. 210.

2

***Defendants' Contentions***

The defendants contend that the plaintiff's request for $19,810.50 is not reasonable because the attorneys': (a) hourly billing rates are unreasonable and should be reduced; and (b) overall hours should be reduced, due to their failure to maintain clear contemporaneous records. The defendants maintain that the plaintiff's motion did not involve any novel or difficult legal questions or require a great amount of time or labor.  Moreover, none of the attorneys "attest that they were precluded from accepting other employment," and counsel accepted this case on a pro bono basis and has no relationship with the plaintiff, except for the instant action.  The defendants contend that the plaintiff's counsel failed to provide "any information regarding the length of time that they have been practicing law, the areas of law in which they practice, or whether they have ever practiced in the area of federal civil rights or Constitutional torts so as to justify these exorbitant rates."  Based, inter alia, on the information the defendants "found online" about the attorneys for whose work the fees are requested, the defendants believe that the hourly rates requested should be reduced.

The defendants assert that the time records indicate that the plaintiff's counsel aggregated "the work done on both the discovery motions and the Rule 72 Motion," concerning the prior denial of the defendants' motion to bifurcate discovery, "rendering it impossible for defendants and the Court to assess the number of hours actually worked on the motions for which plaintiff's counsel now seek to recover fees."  For example, the time entries for Forde, dated August 12, August 13, 14, 15, and 19, 2013, indicate that they include her work researching, analyzing and drafting opposition to the defendants' motions "challenging Monell discovery."  Similarly, the August 19, 2013 time entry for Arguello includes work she performed related to the defendants' bifurcation motion under Rule 72.  According to the defendants, the plaintiff's counsel "appears

3

to have reduced the final fees calculation for these particular hours by 50% tacitly acknowledging their block-billing"; however, such an arbitrary reduction is improper, since the defendants cannot assess whether counsel spent half the time on the motions at issue here and half the time on other tasks.  The defendants contend that the hours and hourly rates concerning the motions at issue should be: (a) 6 hours, at an hourly rate of $175 for Forde; (b) 4.65 hours, at an hourly rate of $175 for Hughes; (c) 2 hours, at an hourly rate of $125 for Arguello; and (d) 0.7 hours, at an hourly rate of $75 for Foltz, for a total of $2,026.25.

### *Plaintiff's Reply*

The plaintiff contends that reducing the total number of hours expended "by well over half (from 33.4 hours to 13.35 hours)" is arbitrary, and his attorneys' hourly rates are reasonable. He asserts that, regardless of the law firm's pro bono representation in this action, reasonable fees must be evaluated at the rate a paying client would pay, and the rates he requested "are consistent with the [sic] those applied in comparable cases involving attorney fee awards to large New York firms on pro bono matters."  Moreover, the plaintiff's contemporaneous records are clear and do not warrant a reduction "by roughly 60% . . . where plaintiff's counsel has made a reasonable reduction in the hours expended, taking into account work performed on the related and inextricably intertwined Rule 72 motion and other unrelated tasks."  In reply, the plaintiff submitted a declaration by Jennifer M. Stewart, a Winston & Strawn LLP associate, to which a "copy of the Winston & Strawn biography of Bianca M. Forde" is attached.

### *Legal Standard*

When exercising their discretion to determine the reasonableness of an attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  In

4

calculating the presumptively reasonable fee, a district court must consider, among others, the

twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.

1974).  See id.  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the
> level of skill required to perform the legal service properly; (4) the preclusion of
> employment by the attorney due to acceptance of the case; (5) the attorney's
> customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the amount involved in
> the case and the result obtained; (9) the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

> Id. at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records indicating,

for each attorney, the date, the hours expended, and the nature of the work done" should

normally be denied.  New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136,

1154 (2d Cir. 1983).

*Application of Legal Standard*

The plaintiff's motion to compel and his opposition to the defendants' motion for a

protective order were very simple and straightforward, not requiring any significant amount of

time or labor and not involving any novel or difficult issues.  The plaintiff's counsel provided no

evidence showing: (a) whether they were precluded from taking on other work due to their work

on this action; (b) any time limitations imposed by the plaintiff or the circumstances; or (c) the

experience, reputations and respective abilities of the attorneys who provided the legal services

at issue.  The plaintiff's attempt to rectify his attorneys' failure to provide information about

their experience, reputations and respective abilities via footnote No. 2 of his reply memorandum

of law, in which he provides the law school graduation date for each attorney, the year of

5

admission to practice law for each attorney and links to Winston & Strawn LLP's Web site, is

unavailing, since a memorandum of law is not evidence the information provided does not

describe each attorney's experience, reputation and her respective ability.  Furthermore,

including a "copy of [the] Winston & Strawn biography of" Forde in the plaintiff's reply was

improper because: (i) arguments cannot be made for the first time in reply papers; (ii) that

information was not provided in response to any new material issue that the defendants raised in

their response; and (iii) the defendants did not have an opportunity to respond to it.  See Booking

v. Gen. Star Mgmt. Co., 254 F.3d 414, 418 (2d Cir. 2001).  The absence of evidence of the

attorneys' experience, reputations and respective abilities does not aid the Court in its

assessment of the reasonableness of the hourly rates requested by them.

Moreover, the time records aggregate the hours for the work performed to include time

expended on a motion that was not subject to the October 1, 2013 order; as a consequence, they

do not aid the Court in its task of assessing the reasonableness of hours expended on the motions

at issue or the appropriateness of the plaintiff's reduction of the aggregated hours.  The

simplicity and brevity of the plaintiff's motion to compel and his opposition to the defendant's

motion for a protective order did not warrant the involvement of multiple attorneys or the

expenditure of the number of hours claimed.  Moreover, the memorandum of law submitted in

support of the plaintiff's motion to compel is five pages; of those five pages, two and one half

pages contain the plaintiff's three very short arguments.  Similarly, the plaintiff's memorandum

of law in opposition to the defendant's motion for a protective order is six pages, three of which

contained the plaintiff's three very short arguments.  The plaintiff does not explain: (1) the

discrepancy between the time expended preparing his motion to compel (6 hours) and the time

expended preparing his opposition to the defendants' motion for a protective order (22.65 hours),

given the equally simple and short three arguments set forth in each memorandum of law and the brevity of submissions; and (2) what "[p]repare [o]pposition for filing" means, and why it required the expenditure of 4.45 hours in addition to 22.65 hours expended preparing the opposition papers. The time records of the plaintiff's counsel include hours for work that was duplicative and unnecessary. In light of the above-noted deficiencies, the Court finds that a reduction in the hourly rates charged and number of hours expended is warranted.

***Conclusion***

For the foregoing reasons the Court finds that the reasonable number of hours the plaintiff's counsel expended in connection with his motion to compel and the defendants' motion for a protective order is 12, and the reasonable hourly rate for each attorney who worked on the motions is $300. Accordingly, the plaintiff is entitled to $3,600, in reasonable attorney's fees, to be paid by the defendants.

Dated: New York, New York
December 17, 2013

SO ORDERED:

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

7